# EXHIBIT A

1   Jeremiah Frei-Pearson (*Pro Hac Vice*)
    jfrei-pearson@fbfglaw.com
2   D. Greg Blankinship (*Pro Hac Vice*)
    gblankinship@fbfglaw.com
3   FINKELSTEIN, BLANKINSHIP,
    FREI-PEARSON & GARBER, LLP
4   1311 Mamaroneck Avenue
    White Plains, New York 10605
5   Telephone: (914) 298-3281
    Facsimile: (914) 824-1561
6
7   Attorneys for Plaintiff CAROLINA HUERTA
    and Proposed Co-Lead Collective and Class Counsel
8
    [Additional lead counsel listed on the following page]

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                   FOR THE COUNTY OF ORANGE

12

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 3.550) | JCCP No. 4725 [Coordination Trial Judge: Hon. William D. Claster, Dept. CX102] |
| **SOUTHERN CALIFORNIA PIZZA WAGE AND HOUR CASES** | **CONSOLIDATED CLASS, COLLECTIVE, AND PAGA ENFORCEMENT ACTION COMPLAINT FOR:** |
| Included actions: | (1) Violation of the Fair Labor Standards Act |
| *Ramirez v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC 470642 | (2) Failure to Reimburse Expenses in Violation of Labor Code § 2802 |
| *Huerta v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC 516989 | (3) Failure to Pay Wages Upon Separation in Violation Labor Code §§ 201 and 202 |
| *Hernandez v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC 544871 | (4) Failure to Provide Meal Periods or Compensation in Lieu Thereof in Violation of Labor Code §§ 226.7 and 512 |
| *Tascic v. Southern California Pizza Company, LLC*, R.C.S.C. Case No. RIC 1406622 | (5) Failure to Provide Rest Periods or Compensation in Lieu Thereof in Violation of Labor Code § 226.7 |
| *Gregory v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC557320 | (6) Failure to Pay Overtime Wages in Violation of Labor Code §§ 510 and 1198 |
| *Banas v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC563801 | (7) Failure to Pay Minimum Wages in Violation of Labor Code §§ 1194, 1194.2, 1197, and 1197.1 |
| | (8) Failure to Provide Compliant Wage Statements in Violation of Labor |

| | | |
|---|---|---|
| 1 | *Najarro v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC634946 | Code § 226(a) |
| 2 | | (9)   Unlawful Deductions in Violation of Labor Code §§ 221 and 224 |
| 3 | *Falero v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC657077 | (10)  Violations of Labor Code Private Attorneys General Act of 2004 ("PAGA"), Labor Code §§ 2698, *et seq.* |
| 4 | | |
| 5 | *Deanda v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC672995 | (11)  Violation of Unfair Competition Law, Business & Professions Code §§ 17200, *et seq.* |
| 6 | | (12)  Conversion |
| 7 | | Jury Trial Demanded |

8

9   Eric A. Grover (SBN 136080)
    eagrover@kellergrover.com
10  KELLER GROVER LLP
    1965 Market Street
11  San Francisco, California 94103
    Telephone: (415) 543-1305
12  Facsimile: (415) 543-7861

13  Attorneys for Plaintiff CAROLINA HUERTA
    and Proposed Co-Lead Collective and Class Counsel
14

15  Melissa Grant (SBN 205633)
    Melissa.Grant@capstonelawyers.com
16  Robert J. Drexler, Jr. (SBN 119119)
    Robert.Drexler@capstonelawyers.com
17  Jonathan Lee (SBN 267146)
    Jonathan.Lee@capstonelawyers.com
18  Ariel Harman-Holmes (SBN 315234)
    Ariel.Harman-Holmes@capstonelawyers.com
19  Capstone Law APC
    1875 Century Park East, Suite 1000
20  Los Angeles, California 90067
    Telephone:    (310) 556-4811
21  Facsimile:    (310) 943-0396

22  Attorneys for Plaintiffs Alejandro Ramirez and Aleksandra Godanis
    and Proposed Co-Lead Collective and Class Counsel
23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11

Plaintiffs Jacob Marc Brodnansky, Carolina Huerta, Loudes Banas, Doug Nguyen, Sarkis Everekyan, Kevin Deanda, Rene Najarro, Morgan Gregory, Elena Cassiano Falero, Uriel Hernandez, Ibrahim Tascic, Alejandro Ramirez, and Aleksandra Godanis (collectively, "Plaintiffs"), on behalf of themselves, all others similarly situated, and all aggrieved employees, complain against Defendant Southern California Pizza Company LLC and Does 1 through 20 (all referred to collectively as "Defendants").  With the exception of the claims to be settled in the matter of *Ramirez v. Southern California Pizza Company, LLC*, No. BC470642 ("*Ramirez* Action"); namely, the Labor Code 226 claim certified by the Court on June 24, 2016 and derivative claim for PAGA penalties, which will remain in the *Ramirez* Action, this consolidated complaint consolidates the claims of all the above-captioned actions. Plaintiffs allege as follows:

12

## **INTRODUCTION**

13

1.      Defendants operate more than 225 Pizza Hut restaurants in California.

14
15

2.      Plaintiffs are former employees of defendants brought a series of actions alleging various wage and hour violations by Defendants.[1]

16
17
18
19
20
21
22
23
24
25
26

3.      The various actions have now been consolidated and Plaintiffs bring this consolidated action on behalf of a proposed class of hourly employees who worked for Defendants  at locations within the State of California to challenge Defendants' (a) policy and practice of failing to pay any wages whatsoever, including the minimum wage, to employees for compensable time, including time spent working off the clock; (b) policy and practice of failing to provide meal periods to employees as mandated by Labor Code, sections 226.7 and 512, and IWC Wage Order 17-2001(9); (c) policy and practice of failing to authorize and permit rest periods as provided by Labor Code § 226.7 and IWC Wage Order 16-2001; (d) policy and practice of failing to provide complete and accurate itemized wage statements as required by Labor Code section 226; (e) policy and practice of failing to reimburse employees for expenses and/or losses incurred in the discharge of their duties on behalf of Defendants in violation of

27
28

[1] *Najarro v. Southern California Pizza Company, LLC*, L.A.S.C. Case No. BC634946 is not a class action.  All other consolidated actions are class actions.

1  Labor Code section 2802; (f) policy and practice of making unlawful deductions or receiving

2  wages previously paid in violation of Labor Code §§ 221 and 224; (g) policy and practice of

3  failing to pay former employees all wages due and owing at the time of discharge or voluntary

4  quit in violation of Labor Code sections 201-203; (h) policy and practice of failing to pay

5  overtime wages to non-exempt employees in violation of Labor Code §§ 510 and 1198.

6  Plaintiffs also seek to recover civil penalties for these violations of the California Labor Code

7  under the Private Attorneys General Act, California Labor Code sections 2698 *et seq.*,

8  ("PAGA"). Plaintiffs also bring claims for restitution and injunctive relief under the Unfair

9  Competition Law, Bus. & Prof. Code sections 17200 *et seq,* ("UCL").

10  4.  Plaintiffs also assert a claim under the Fair Labor Standards Act, 29 U.S.C. §

11  203, *et seq.* ("FLSA").

12  **JURISDICTION AND VENUE**

13  5.  This class action is brought pursuant to California Code of Civil Procedure

14  section 382.  The monetary damages and restitution sought by Plaintiffs will be established

15  according to proof at trial.

16  6.  This Court has jurisdiction over this action pursuant to the California

17  Constitution, Article VI, section 10.  The statutes under which this action is brought do not

18  specify any other basis for jurisdiction.

19  7.  This Court has jurisdiction over all Defendants because, upon information and

20  belief, Defendants are either citizens of California, have sufficient minimum contacts in

21  California, or otherwise intentionally avail themselves of the California market so as to render

22  the exercise of jurisdiction over them by the California courts consistent with traditional notions

23  of fair play and substantial justice.

24  8.  Venue is proper in this Court because Defendants reside, transact business, or

25  have offices in this county, and acts or omissions alleged herein took place in this county.

26  **PARTIES AND BACKGROUND**

27  9.  Plaintiffs were all employed by Defendants in one or more hourly and non-

28  exempt positions at one or more of Defendants' retail locations in California.

10.     Plaintiff Jacob Marc Brodnansky ("Brodnansky") is a California resident.  He was employed by Defendants as a delivery driver from approximately December 2016 through February 2017.

11.     Plaintiff Carolina Huerta ("Huerta") is a California resident. She was employed by Defendants as a delivery driver from approximately January of 2006 through December 2012.

12.     Plaintiff Kevin Deanda ("Deanda") is a California resident.  He was employed by Defendants as a clerk, cook, and delivery driver from approximately June 1, 2015 through July 10, 2016.

13.     Plaintiff Uriel Hernandez ("Uriel Hernandez") is a California resident.  He was employed by Defendants as a delivery driver and as an in-store worker.

14.     Plaintiff Ibrahim Tascic ("Tascic") is a California resident that worked as a non-exempt employee of Defendants.

15.     Plaintiff Lourdes Banas ("Banas") is a California resident.  She was employed by Defendants from approximately October 1992 to 2014.

16.     Plaintiff Dong Nguyen ("Nguyen") is a California resident.  He was employed by Defendants as a delivery driver from approximately 2009 through February 2014.

17.     Plaintiff Sarkis Everekyan ("Everekyan") is a California resident.   He was employed by Defendants as a delivery driver from approximately 2009 through January 2014.

18.     Plaintiff Morgan Gregory ("Gregory") is a California resident that worked as a non-exempt employee of Defendants.

19.     Plaintiff Rene Najarro ("Najarro") is a California resident.   He was first employed by Defendants as a laborer and delivery driver from approximately July 2008 through mid-2011, at which time she was promoted to an hourly shift manager and continued working with Defendants until the end of his employment on or about February 4, 2016.

20.     Plaintiff Elena Cassiano Falero ("Falero") is a California resident who worked as a non-exempt employee of Defendants from approximately October 2004 through May 2015.

21.     Plaintiff Alejandro Ramirez ("Ramirez") is a California resident.   He was

{00291819 }

employed by Defendants as a delivery driver from approximately March 2010 through November 2012.

22.    Plaintiff Aleksandra Godanis ("Godanis") is a California resident.  She was employed by Defendants as a delivery driver from approximately October 2012 through May 2015.

23.    Defendant Southern California Pizza Company, LLC is a Delaware limited liability corporation with a principal place of business in Orange, California doing business throughout California, and is a "person" as defined by Labor Code § 18 and Business and Professions Code § 17201.  In addition, it is an "employer" as that term is used in the Labor Code and in the California Industrial Welfare Commission's (hereinafter referred to as "IWC") Wage Orders regulating wages, hours, and working conditions.

24.    Plaintiffs do not know the true names of Defendants Does 1 through 20, inclusive and, therefore, sues them by those fictitious names.

25.    Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein was performed by, or is attributable to, Southern California Pizza Company, and Does 1 through 20 (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on the other's behalf.  The acts of any and all Defendants were in accordance with, and represent, the official policy of Defendants.

26.    At all relevant times, Defendants, and each of them, ratified each and every act or omission complained of herein.  At all relevant times, Defendants, and each of them, aided and abetted the acts and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

27.    Plaintiffs are informed and believe, and thereon allege, that each of said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions alleged herein.

28.    Defendants acted as agents for one another and/or with legal authority to act on behalf of one another.  All Defendants are alter egos of one another.  All Defendants are joint employers.

///

## FACTUAL ALLEGATIONS

29.    Defendants require delivery drivers to use their personal vehicles and personal cell phones to deliver pizzas and other items on behalf of Defendants. Defendants have failed and continue to fail to fully reimburse Plaintiffs who worked as delivery drivers and other delivery drivers for all expenses and/or losses incurred while under Defendants' direction and control in violation of the FLSA and Labor Code sections 221 and 2802.

30.    Other non-driver hourly employees of Defendants, such as Plaintiffs Banas, Nguyen, and Everekyan, incurred work-related expenses and/or losses incurred in direct consequence of the discharge of their duties to Defendants, including, but not limited to, the purchase and maintenance of employer-required uniform items in violation of the FLSA and Labor Code § 2802.

31.    This was part of Defendants' systematic policy and practice of under-reimbursing Plaintiffs and other delivery drivers and in-store employees for the reasonable and necessary expenses they incurred in the performance of their duties and/or at Defendants' instruction.

32.    Defendants require in-store employees, like Plaintiffs Tascic, Ramirez, and Godanis, to clock out at the end of their shift and continue working off-the-clock without pay until their work is completed.  Alternatively, Defendants would manually adjust the time-keeping system of hourly employees like Plaintiffs Ramirez and Godanis so that hours worked after the end of a scheduled shift were eliminated from the employee's time records.  For some hourly employees, such as Plaintiffs Ramirez and Godanis, the time spent performing work off-the-clock pushed their total hours worked over eight in a day or 40 in a week, thereby entitling these employees to overtime pay.

33.    This was part of Defendants' systematic policy and practice of under paying employees straight-time and overtime wages by forcing them to perform unpaid work off-the-clock.

34. Due to store staffing and labor budget constraints, Defendants forced hourly employees, such as Plaintiffs Banas, Nguyen, Everekyan, Gregory, Deanda, Najarro, Tascic, Falero, Ramirez, Godanis, and Uriel Hernandez, to take late meal periods, work during meal periods, and, on many occasions, deny hourly employees the opportunity to take a meal period at all. Also, the time records of some hourly employees, such as Plaintiff Deanda, were manipulated to show timely meal periods that had not actually been taken. Hourly employees who received late meal periods or no meal period at all were not provided with one hour of additional straight time pay as required by law.

35. This was part of Defendants' systematic policy and practice of failing to provide required meal periods.

36. Defendants did not authorize and permit hourly employees, such as Plaintiffs Banas, Nguyen, Everekyan, Gregory, Deanda, Najarro, Tascic, Falero, Godanis, and Uriel Hernandez, to take their 10-minute rest breaks every four hours of work or major fraction thereof. Plaintiffs' supervisors frequently did not schedule or permit rest periods because Defendants did not sufficiently staff its locations in order for employees to be relieved of duties for rest periods. For example, throughout his employment Plaintiff Deanda asked his manager, David Garcia, for rest periods and Mr. Garcia always replied "No, not right now." Hourly employees who were not authorized or permitted to take their required rest breaks were not provided with one hour of additional straight time pay as required by law.

37. This was part of Defendants' systematic policy and practice of failing to authorize and permit required rest breaks.

38. Defendants had a policy and practice of violating Labor Code § 226 by failing to provide Plaintiffs and other hourly employees complete and accurate itemized wage statements in that the wage statements provided did not, among other things, include the correct gross wages earned and the correct hours worked.

39. Defendants had a policy and practice of violating Labor Code §§ 201, 202, and 203 by failing to pay Plaintiffs and all other former hourly employees all wages due and owing at the time of discharge or voluntarily resigning.

40.     Defendants maintain a policy and practice of violating § 224 by requiring employees to wear black non-slip shoes while working, ordering those shoes from a "Shoes for Crews" catalogue for them, and then unlawfully deducting the cost of those non-slip shoes from their wages.

## STATE CLASS ACTION ALLEGATIONS

41.     Plaintiffs bring this action individually and on behalf of the following class:

All persons who are presently working or who, regardless of job title, have worked as a non-exempt employee for Defendants in the State of California at any time within the maximum limitations period, up to and including the date of class certification ("Employee Class").

42.     Plaintiffs also bring this action individually and on behalf of the following sub-class:

All persons who, regardless of job title, previously worked as a non-exempt employee for Defendants in the State of California and subsequently quit, was terminated, or otherwise ceased to work for Defendants, at any time within the maximum limitations period, up to and including the date of class certification ("Ex-Employee Sub-Class").

43.     Plaintiffs bring this action individually and on behalf of the following class :

All persons who are presently working or who, regardless of job title, have worked as a delivery driver for Defendants in the State of California at any time within the maximum limitations period, up to and including the date of class certification ("Driver Class").

44.     Plaintiffs reserve the right to modify the definition of any class or sub-class after further discovery.  This action is brought and may properly be maintained as a class action pursuant to Cal. Civ. Proc. Code section 382 and the UCL.  This class action satisfies the numerosity, typicality, adequacy, predominance and superiority requirements under California law.

45.      The classes that Plaintiffs seek to represent, as described above, contain numerous members and are clearly ascertainable.  Plaintiffs reserve the right under Rule 3.765 of the California Rules of Court to amend or modify the class descriptions with greater specificity or further division into additional sub-classes or limitation to particular issues.

46.     Defendants, by their practices and policies, have unlawfully violated the rights of employees under the laws and regulations of the State of California.  The questions raised are, therefore, of common or general interest to the class members, who have a well-defined community of interest in the questions of law and fact raised in this action.

47.     Plaintiffs' claims are typical of those of the class, as Plaintiffs now suffer and have suffered in the past from the same violations of the law as other putative class members. Plaintiffs have retained competent counsel to represent themselves and the classes, and Plaintiffs will fairly and adequately represent the interests of the classes.

48.     This action may properly be maintained as a class action under Code of Civil Procedure section 382 because there is a well-defined community of interest in the litigation and the proposed classes are easily ascertainable by means of Defendants' corporate records.

**Numerosity**

49.     The members of the proposed classes are so numerous that joinder of all the members of the classes is impracticable.  While the precise number of class members has not been determined at this time, Plaintiffs believe that, during the relevant time period, Defendants have employed thousands of non-exempt employees in California.  As many as 1,000 or more of those non-exempt employees worked as delivery drivers.

50.     Plaintiffs allege that Defendants' employment records contain relevant information as to the number of putative class members.

**Commonality**

51.     There are questions of law and fact common to the classes that predominate over any questions affecting only individual class members.  Those common questions of law and fact include, without limitation, the following:

(a)     Whether Defendants fully reimbursed pizza delivery drivers for business expenses incurred while using their personal vehicles to deliver pizzas and other items on Defendants' behalf;

(b)     Whether Defendants fully paid all wages due and payable to their employees under California law.

(c)     Whether Plaintiffs and the classes are entitled to relief pursuant to UCL; and

(d)     Whether Plaintiffs and the classes are entitled to the relief provided by California's Labor Code.

**Typicality and Adequacy of Representation**

52.     Plaintiffs' claims are typical of the claims of the proposed classes. Plaintiffs and all members of the proposed classes sustained injuries and economic loss arising out of and caused by Defendants' common course of conduct in violation of laws and regulations alleged herein.

53.     Plaintiffs will fairly and adequately protect the interests of all proposed class members. Plaintiffs have no interests that are antagonistic to those of the proposed classes and are not subject to any unique defenses. Plaintiffs also have retained counsel who are experienced in class actions and in representing the rights of employees.

**Superiority of Class Action**

54.     A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed class members is not practicable, and questions of law and fact common to the classes predominate over any questions affecting only individual members of the classes. Each member of the classes has been damaged and is entitled to recovery by reason of Defendants' illegal policies and/or practices.

55.     Class action treatment will allow those similarly-situated persons to litigate their claims in the manner that is most effective and economical for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

56.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all proposed class members is impractical. Even if every proposed class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts if individual litigation of numerous cases were to be required. Individualized litigation also would present the

potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented, gives rise to fewer management difficulties, conserves the resources of the parties and the court system, and protects the rights of each proposed class member. Further, it prevents the very real harm that would be suffered by numerous putative class members who simply will be unable to enforce individual claims of this size on their own, and by Defendants' competitors who are placed at a competitive disadvantage as their reward for obeying the law. A class action will also deter Defendants and their competitors from continuing to engage in unlawful behavior, and it will most efficiently provide redress to all members of the classes. Plaintiffs do not anticipate difficulties in the management of this action.

57.     Defendants have acted or refused to act in respects generally applicable to the members of each putative class, thereby making final and injunctive relief appropriate with regard to members of the putative classes as a whole, as requested herein. Likewise, Defendants' conduct as described above is unlawful, continuing and capable of repetition and will continue unless restrained and enjoined by the Court.

58.     Plaintiffs request permission to amend this complaint to include additional class representatives if one or more named plaintiffs is deemed not to be an adequate representative of a class.

## REPRESENTATIVE ACTION

59.     Plaintiffs seeks to represent all aggrieved employees within the meaning of Labor Code sections 2698, *et seq.*, against whom Defendants have committed one or more violations of the California Labor Code, including, without limitation, the failure to pay all wages due and payable and the failure to reimburse all expenses incurred in the course of performing their duties on behalf of Defendants, as required under the California Labor Code.

60.     Upon information and belief, Defendants maintain a single, centralized Human Resources department at their corporate headquarters, which is responsible for communicating

1    and implementing Defendants' company-wide policies to employees throughout California.

2    61.    In particular, Plaintiffs and other non-party Aggrieved Employees, on

3    information and belief, received the same standardized documents and/or written policies.

4    Upon information and belief, the usage of standardized documents and/or written policies,

5    including new hire documents, indicate that Defendants dictated policies at the corporate level

6    and implemented them company-wide, regardless of their employees' assigned locations or

7    positions.  Upon information and belief, Defendants set forth uniform policies and procedures in

8    several documents provided at an employee's time of hire.

9    62.    On information and belief, all transactions regarding hiring, terminations,

10    promotions, pay increases, and employee transfers, etc., relating to Defendants' California

11    employees were submitted to and processed by Defendants' HR department.  Additionally, on

12    information and belief, Defendants' corporate records, business records, data, and other

13    information related to Defendants, including, in particular, HR records pertaining to

14    Defendants' California employees, are also maintained at Defendants corporate headquarters.

15    63.    Upon information and belief, Defendants maintain a centralized Payroll

16    department at their corporate headquarters, which processes payroll for all non-exempt, hourly-

17    paid employees working for Defendants at their various locations in California, including

18    Plaintiffs and other non-party Aggrieved Employees.  Upon information and belief, Defendants

19    process payroll for departing employees in the same manner throughout the State of California,

20    regardless of the manner in which each employee's employment ends.

21    64.    Plaintiffs are informed and believe, and thereon allege, that Defendants knew or

22    should have known that Plaintiffs and other non-party Aggrieved Employees were entitled to

23    timely compensation for all hours worked, including overtime hours worked, complete and

24    timely meal and rest periods, accurate wage statements, and reimbursement for necessary

25    business expenses. At all times herein set forth, PAGA provides that any provision of law under

26    the Labor Code and applicable IWC Wage Order that provides for a civil penalty to be assessed

27    and collected by the LWDA for violations of the California Labor Code and applicable IWC

28    Wage Order may, as an alternative, be recovered by aggrieved employees in a civil action

1   brought on behalf of themselves and other current or former employees pursuant to procedures

2   outlined in California Labor Code section 2699.3.

3       65.    PAGA defines an "aggrieved employee" in Labor Code section 2699(c) as "any

4   person who was employed by the alleged violator and against whom one or more of the alleged

5   violations was committed."

6       66.    Plaintiffs and other current and former California employees of Defendants are

7   "aggrieved employees" as defined by Labor Code section 2699(c) in that they are all

8   Defendants' current or former California employees who experienced violations of the

9   applicable Wage Order and/or violations of the Labor Code, including violations of the

10  following sections of the Labor Code: 201, 202, 203, 204, 221, 224, 226, 226.7, 510, 512, 1174,

11  1194, 1197, 1197.1, 1198, 2800, and 2802.

12      67.    Plaintiffs Alejandro Ramirez, Carolina Huerta, Uriel Hernandez, Lourdes Banas,

13  Dong Nguyen, Sarkis Everekyan, Rene Najarro, Ibrahim Tascic, and Kevin Deanda have

14  satisfied the administrative prerequisites under California Labor Code section 2699.3(a) and/or

15  2699.3(c) to recover civil penalties against Defendants.

16      68.    Defendants, at all times relevant to this complaint, were employers or persons

17  acting on behalf of an employer(s) who violated Plaintiffs and other non-party Aggrieved

18  Employees' rights by violating sections of the California Labor Code as set forth above.

19      69.    Pursuant to PAGA, and in particular, California Labor Code sections 2699(a),

20  2699.3(a), 2699.3(c), and 2699.5, Plaintiffs, acting in the public interest as a private attorney

21  general, seek assessment and collection of civil penalties for themselves, all other non-party

22  Aggrieved Employees, and the State of California against Defendants for violations of the

23  applicable Wage Order and violations of the Labor Code, including violations of the following

24  provisions of the Labor Code: 201, 202, 203, 204, 221, 224, 226, 226.7, 510, 512, 1174, 1194,

25  1197, 1197.1, 1198, 2800, and 2802.

26                          **FLSA COLLECTIVE ACTION ALLEGATIONS**

27      70.    Brodnansky brings a collective action pursuant to 29 U.S.C. §216(b) on behalf of

28  a proposed collective defined to include:

All persons who are presently working or who, regardless of job title, have worked as a delivery driver for Defendants in the United States at any time within the maximum limitations period.  ("FLSA Collective")

71.    Brodnansky reserves the right to modify the proposed collective definition at a later stage of litigation.

72.    Brodnansky is a member of the proposed collective he seeks to represent because he worked for Defendant as a delivery driver during the relevant period and suffered the minimum wage violation alleged above.

73.    This action may be properly maintained as a collective action on behalf of the putative FLSA Collective because, during the relevant period:

a.    Brodnansky and the FLSA Collective members had the same employers;

b.    Brodnansky and the FLSA Collective members performed the same type of work;

c.    Brodnansky and the FLSA Collective members were governed by the same compensation policies, practices, and systems;

d.    Brodnansky and the FLSA Collective members were subjected to the same policies relating to the payment of supplemental wages to offset vehicle maintenance costs;

e.    Brodnansky and the FLSA Collective members were governed by the same payroll policies, practices, and systems;

f.    Defendants' labor relations and human resources systems were centrally-organized and controlled, and controlled the policies and practices at issue in this case.

74.    Brodnansky estimates that the collective group, including both current and former employees over the relevant period, will include thousands of members.  The precise number of members should be readily available from Defendants' personnel, scheduling, time and payroll records, and from input received from the FLSA Collective members as part of the notice and "opt-in" process provided by 29 U.S.C. §216(b).  Given the composition and size of

the FLSA Collective, its members may be informed of the pendency of this action directly via U.S. mail, e-mail, and the posting of written notices at Defendants' work sites.

## CAUSES OF ACTION

All causes of action are brought against all Defendants.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (On Behalf Of Brodnansky And The FLSA Collective)

75.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

76.     Defendants are each an "employer," as defined by 29 U.S.C. § 203(d).

77.     Brodnansky and the FLSA Collective members are "employees," as defined by 29 U.S.C. § 203(e)(1) and "tipped employees" as defined by 29 U.S.C. § 203(t).

78.     The wages Defendants paid to Brodnansky and the FLSA Collective members are "wages" as defined by 29 U.S.C. § 203(m).

79.     The direct and supplemental wages Defendants paid to Brodnansky and the FLSA Collective members are "wages" as defined by 29 U.S.C. § 203(m).

80.     Defendants are an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. § 203(s)(1)(A).

81.     Defendants are an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

82.     Brodnansky has or will consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

83.    Brodnansky and the FLSA Collective members are similarly situated individuals within the meaning of 29 U.S.C. §216(b) of the FLSA's requirements, and Brodnansky and the FLSA Collective members were covered employees entitled to the FLSA's protections.

84.    This Count arises from Defendants' violation of the FLSA, 29 U.S.C. § 206(a)(1), for failing to pay Brodnansky and the FLSA Collective members the required minimum wage for each hour they worked.

85.    Brodnansky and FLSA Collective members used their own vehicles to make deliveries.

86.    Brodnansky and FLSA Collective members were paid a flat rate of 80 cents per delivery to cover their expenses.

87.    Throughout the relevant period, the federal minimum wage rate for non-tipped employees was $7.25 per hour and the federal minimum wage rate for tipped employees was $2.13 per hour.

88. Defendants failed to pay Brodnansky and the FLSA Collective members the required minimum wage for their work "on the road."

89.    Defendants paid their delivery drivers hour wages at or near the statutory minimum for their hours worked "on the road."  Based on nationally-accepted minimum reimbursement calculations for business travel, Plaintiffs and the FLSA Collective members wound up having to pay out-of-pocket approximately at least $20 per hour to provide, operate and maintain their vehicles.  Defendants reimbursed delivery drivers substantially less than than the at least $20 per hour for their driving expenses, and thereby pushed delivery drivers' actual hourly wage well below the statutory minimum.  Thus, Defendants' wage system for delivery drivers working "on the road" presents a clear FLSA violation.

90.     Based on nationally-accepted minimum reimbursement calculations for business travel, Brodnansky's average costs per delivery, including gas and wear and tear on his car, were far greater.

91.     Defendants acted willfully and with reckless disregard for clearly applicable FLSA provisions.

92.     Defendants have no good faith justification or defense for failing to pay Brodnansky and the FLSA Collective members all wages mandated by the FLSA.

93.     As a result of Defendants' FLSA violations, Brodnansky and the FLSA Collective members have been harmed.

94.     Brodnansky and the FLSA Collective members are entitled to an award of unpaid wages, including overtime, liquidated damages, and interest due under the FLSA, as well as their reasonable attorneys' fees and costs of suit.

## SECOND CAUSE OF ACTION
### Failure to Reimburse Expenses in Violation of Labor Code § 2802
**(On Behalf of Plaintiffs Banas, Nguyen, Everekyan, Tascic, Falero, Godanis, Huerta, and Brodnansky and the Driver Class)**

95.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

96.     Labor Code § 2802 provides generally that an employer may not fail to reimburse an employee for necessary expenditures and losses incurred by an employee as a direct consequence of the discharge of his or her duties or at the direction of their employer.

97.     The automotive and cellular phone costs Plaintiffs and members of the Driver Class incurred were necessary expenditures that were a direct consequence of the discharge of their duties in delivering Defendants' pizzas and other products.

98.     Defendants have unfairly refused to fully reimburse Plaintiffs and members of the Driver Class for necessary expenditures and losses in violation of Labor Code § 2802, including failing to adequately reimburse Plaintiffs and members of the Driver Class for costs

associated with using their personal vehicles and personal cellular phones to deliver pizza and other items on Defendants' behalf, and contact customers who ordered pizzas and/or other items to be delivered to them.

99.     As a result of Defendants' failure to comply with the provisions of Labor Code § 2802, Plaintiffs and members of the Driver Class have suffered damages.   Plaintiffs and members of the Driver Class are entitled to reimbursement for the expenditures and losses incurred in the discharge of their respective duties on behalf of Defendants, together with interest and attorneys' fees as provided in Labor Code § 2802.

100.     Plaintiffs and members of the Driver Class also request relief as described below.

## THIRD CAUSE OF ACTION
### Failure to Pay Wages Upon Separation in Violation Labor Code §§ 201 and 202
### (On Behalf of all Plaintiffs and the Ex-Employee Sub-Class)

101.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

102.     At all times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

103.     During the relevant time period, Defendants willfully failed to pay Plaintiffs and Ex-Employee Sub-Class members all their earned wages upon termination, including, but not limited to, overtime, minimum wages, meal and rest period premiums, and reporting time pay, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ.

104.     In addition, Defendants have a policy and practice of failing to pay terminated

class members within the required time after they quit or are terminated.

105.    Defendants' failure to pay Plaintiffs and Ex-Employee Sub-Class members all their earned wages at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, constitutes a violation of Labor Code sections 201, 202, and 203.

106.    Labor Code § 203 provides that an employer that willfully fails to pay any wages of an employee who is discharged or who quits is liable to that employee for the wages of the employee at the same rate until those wages are paid, up to 30 days.

107.    Plaintiffs and members of the Ex-Employee Sub-Class were discharged or quit from July 30, 2010, up to and including the date on which this action is resolved.

108.    Defendants willfully failed to pay Plaintiffs and members of the Ex-Employee Sub-Class wages and reimbursement costs owed to them when they were discharged or quit. Under California law those unreimbursed expenses constitute earned and unpaid wages Defendants should have paid Plaintiffs and members of the Ex-Employee Sub-Class.

109.    Defendants are therefore liable to Plaintiffs and members of the Ex-Employee Sub-Class for up to 30 days wages at the same rate owed at the time Plaintiffs and members of the Ex-Employee Sub-Class were discharged or quit.

110.    Plaintiffs and members of the Ex-Employee Sub-Class members also request relief as described below.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Meal Periods or Compensation in Lieu Thereof**
**in Violation of Labor Code §§ 226.7 and 512**
**(On Behalf of Plaintiffs Banas, Nguyen, Everekyan, Gregory, Deanda, Najarro, Tascic,**
**Falero, Ramirez, Godanis and Uriel Hernandez and the Employee Class)**

111.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

112.    Defendants had a policy and practice of failing to provide lawful duty-free meal periods, or proper compensation in lieu thereof.

{00291819 }

113.     By failing to provide meal periods on the days non-exempt employees worked periods in excess of five hours and failing to properly compensate said employees one hour's wages at the regular rate of pay, as alleged above, Defendants willfully violated the provisions of Labor Code sections 226.7 and 512, as well as IWC Wage Orders and Cal. Code Regs.

114.     As a result of the unlawful acts of Defendants, Plaintiffs and members of the Employee Class have been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, and costs, under Labor Code §§ 203, 226.7, and applicable IWC Wage Orders.

**FIFTH CAUSE OF ACTION**
**Failure to Provide Rest Periods or Compensation in Lieu Thereof**
**in Violation of Labor Code § 226.7**
**(On Behalf of the Plaintiffs Banas, Nguyen, Everekyan, Gregory, Deanda, Najarro, Tascic, Falero, Godanis, and Uriel Hernandez and the Employee Class)**

115.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

116.     Defendants had a policy and practice of failing to provide lawful duty-free rest periods due, or proper compensation in lieu thereof.

117.     By its failure to provide rest periods for every four hours or major fraction thereof worked per day by non-exempt employees, and failing to provide one hour's wages at their regular rate of pay for such rest period violations, as alleged above, Defendants willfully violated the provisions of Labor Code section 226.7 and IWC Wage Orders.

118.     As a result of the unlawful acts of Defendants, Plaintiffs and members of the Employee Class have been deprived of compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, and costs under Labor Code §§ 203, 226.7, and applicable IWC Wage Orders.

**SIXTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages in Violation of Labor Code §§ 510 and 1198**
**(On Behalf of the Plaintiffs Banas, Nguyen, Everekyan, Gregory, Deanda, Najarro, Tascic, Falero, Godanis, and Uriel Hernandez and the Employee Class)**

119.     Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing

allegations as if they were fully set forth herein.

120.    California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

121.    Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiffs and class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

122.    The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiffs and class members employed by Defendants, and working more than twelve (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

123.    California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

124.    During the relevant time period, Defendants willfully failed to pay all overtime wages owed to Plaintiffs and class members.  During the relevant time period, Plaintiffs and class members worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.

125.    During the relevant time period, Plaintiffs and class members were not paid for all the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week.  Defendants had a policy and/or practice of understaffing their restaurants and failing to coordinate employee schedules such that Plaintiffs and class members were relieved of all duties and permitted to take compliant meal breaks.  In

addition, Defendants had a practice and/or policy of altering Plaintiffs' and other class members' punch records in order to limit the number of overtime hours incurred. Managers would alter Plaintiffs' time cards to limit hours to eight (8) in a workday, even when they was working up for twelve (12) hours in a workday.  Plaintiffs and class members were also required to work through their meal when Defendants' restaurants were busy because there were not enough delivery drivers scheduled to provide coverage for their breaks.  Plaintiffs and class members were not paid for this off-the-clock work.  Because Plaintiffs and class members sometimes worked shifts of eight (8) hours a day or more and/or forty (40) hours in a week, some of this off-the-clock work qualified for overtime premium pay.

126.     Furthermore, upon information and belief, Defendants did not pay Plaintiffs and class members the correct overtime rate for the recorded overtime hours that they generated. Defendants paid different rates of hourly pay depending on the type of work performed, and/or incentive pay or nondiscretionary bonuses.  However, in violation of the Labor Code, on information and belief, Defendants failed to incorporate all remunerations, including varying hourly rates, incentive pay and/or nondiscretionary bonuses, into the calculation of the regular rate of pay for purposes of calculating the overtime wage rate. Therefore, during times when Plaintiffs and/or class members worked overtime and received varying hourly rates of pay, incentive pay and/or nondiscretionary bonuses, Defendants failed to pay all overtime wages by paying a lower overtime rate than required.

127.     Defendants' failure to pay Plaintiffs and class members the unpaid balance of overtime compensation, as required by California law, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

128.     Pursuant to California Labor Code section 1194, Plaintiffs and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

///

///

///

### SEVENTH CAUSE OF ACTION
### Failure to Pay Minimum Wages in Violation of Labor Code §§ 1194, 1197, and 1197.1
### <u>(On Behalf of all Plaintiffs and the Employee Class)</u>

129.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

130.    At all relevant times, California Labor Code sections 1194, 1197 and 1197.1 provide that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

131.    During the relevant time period, Plaintiffs and Employee Class members were required to work off-the-clock but were not paid for the off-the-clock hours worked.

132.    Managers would alter time records by deleting hours recorded in order to stay within payroll limits.  In addition, Plaintiffs and Employee Class members were required to work through their meal periods when Defendants' restaurants were busy because there were not enough delivery drivers scheduled to handle the workload and provide coverage for their breaks.  To the extent these off-the-clock hours did not qualify for the payment of overtime premium, Plaintiffs and Employee Class members were not paid at least minimum wages for this off-the-clock work.

133.    During the relevant time period, Defendants regularly failed to pay at least minimum wages to Plaintiffs and class members for this off-the-clock work as required, pursuant to California Labor Code sections 1194, 1197 and 1197.1.

134.    During the relevant time period, Defendants also engaged in a practice and/or policy of unlawfully deducting from the wages of Plaintiffs and Employee Class members, including, but not limited to, by making deductions amounting to a rebate or deduction from the standard wage pursuant to wage agreement or statute.  As a result, Defendants deducted amounts that lowered Plaintiffs' and Employee Class members' wages below the minimum wage.

135.    For example, Plaintiffs and class members were not paid at least minimum wages for the pay periods when Defendants made deductions for business-related non-skid shoes from

employees' paychecks through Defendants' mandatory "Shoes for Crews" program.

136.    Defendants' failure to pay Plaintiffs and Employee Class members the minimum wage as required violates California Labor Code sections 1194, 1197 and 1197.1.  Pursuant to those sections, Plaintiffs and Employee Class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees.

137.    Pursuant to California Labor Code section 1194.2, Plaintiffs and Employee Class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### EIGHTH CAUSE OF ACTION
### Failure to Provide Compliant Wage Statements in Violation of Labor Code § 226(a)
### (On Behalf of all Plaintiffs and the Employee Class)

138.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

139.    At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized wage statement in writing, including total hours worked and all applicable hourly rates, among other things.

140.    Since February 22, 2017, Defendants have intentionally and willfully failed to provide employees with complete and accurate wage statements.  The deficiencies include, among other things, failing to accurately list the total hours worked by Plaintiffs and Employee Class members, as a result of failing to record all hours worked and to state all applicable hourly rates in effect during pay periods.

141.    As a result of Defendants' violation of California Labor Code section 226(a), Plaintiffs and Employee Class members have suffered injury and damage to their statutorily protected rights.

142.    Specifically, Plaintiffs and class members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both

their legal right to receive, and their protected interest in receiving, accurate, itemized wage statements under California Labor Code section 226(a).

143.    Plaintiffs and class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000) per employee.

144.    Plaintiffs and Employee Class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h).

### NINTH CAUSE OF ACTION
**Unlawful Deductions in Violation of Labor Code §§ 221 and 224**
**(On Behalf of Plaintiffs Ramirez, Plaintiffs Banas, Nguyen, Everekyan, Gregory, Deanda, Najarro, Tascic, Falero, Godanis, and Uriel Hernandez, the Driver Class and the Employee Class)**

145.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

146.    California Labor Code section 221 provides that it is unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee.

147.    California Labor Code section 224 also provides in pertinent part that it is lawful to withhold a portion of the employee's wages if "a deduction is expressly authorized in writing by the employee."

148.    Defendants maintain a policy and practice of requiring Plaintiffs and members of the Driver Class to use their personal vehicles and personal cell phones to deliver pizzas and other items on behalf of Defendants.  Defendants have failed and continue to fail to fully reimburse Plaintiffs and members of the Driver Class for all such expenses incurred.  Because Plaintiffs and members of the Driver Class pay these overhead costs of the Defendants, Defendants receive a part of their employees' paid wages in violation of section 221.

149.    Defendants also maintain a practice and policy applicable to all store employees and specifically all Employee Class members that they wear black non-slip shoes while working

for Defendants.

150.    Defendants had systematic class-wide policies and practices used to order these black non-slip shoes for Plaintiffs and Employee Class members which resulted in deductions of a portion of wages of Plaintiffs and Employee Class members previously paid to Plaintiffs and Employee Class members.  Defendants used management employees to instruct Plaintiffs and Employee Class members to order shoes from a "Shoes for Crews" catalogue and then Defendants unlawfully deducted the cost of those non-slip shoes from the pay checks of Plaintiffs and Employee Class members.

151.    For example, on Ramirez's wage statement for the pay period ending April 30, 2012, his wages were deducted by $34.23 for "SHOES FOR CREWS."  These deductions were often made around the time Plaintiffs and Employee Class members initially started working for Defendants and when they had to re-order shoes for various reasons.  The specific amounts of such deductions were not expressly authorized in writing by Plaintiffs or Employee Class members.  Defendants have failed to reimburse Plaintiffs and Employee Class members for those unlawfully deducted wages.

152.    Defendants' conduct as alleged herein violates California Labor Code sections 221 and 224.

153.    Plaintiffs and Employee Class members are entitled to recover all unlawfully deducted wages, and such general and special damages as may be appropriate, as well as interest on all due and unpaid wages.

**TENTH CAUSE OF ACTION**
**Violation of Labor Code Private Attorneys General Act of 2004 ("PAGA"),**
**Labor Code § 2698, *et seq*.**
**(On Behalf of Plaintiffs Ramirez, Huerta, Uriel Hernandez, Banas, Nguyen, Everekyan, Najarro, Tascic, and Deanda and the Employee Class)**

154.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

155.    California Labor Code §§ 2698, *et seq*. ("PAGA") permits Plaintiffs Alejandro

Ramirez, Carolina Huerta, Uriel Hernandez, Lourdes Banas, Dong Nguyen, Sarkis Everekyan, Rene Najarro, Ibrahim Tascic, and Kevin Deanda ("PAGA Plaintiffs") to recover civil penalties for the violation(s) of the California Labor Code alleged herein.

156.   Each PAGA Plaintiff is a "person" within the meaning of Labor Code § 2699(b).

157.   Each PAGA Plaintiff and all of Defendants' non-exempt hourly employees whom Defendants employed at any time since September 30, 2010 is an "aggrieved employee" within the meaning of Labor Code § 2699(c).

158.   Each PAGA Plaintiff has satisfied the requirements of Labor Code § 2699.3.

159.   All conduct on the part of Defendants alleged herein constitutes violations of one or more of the following California Labor Code sections: 201, 202, 203, 204, 221, 224, 226, 226.7, 510, 512, 1174, 1194, 1197, 1197.1, 1198, 2800, and 2802.

160.   California Labor Code section 1198 makes it illegal to employ an employee under conditions of labor that are prohibited by the applicable wage order.  California Labor Code section 1198 requires that ". . . the standard conditions of labor fixed by the commission shall be the . . . standard conditions of labor for employees.  The employment of any employee . . . under conditions of labor prohibited by the order is unlawful."  In violating the above cited sections, Defendants have also violated the applicable wage order and thus Labor Code section 1198.

161.   California Labor Code section 210 provides: "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204b, 204.1, 204.2, 205, 205.5, and 1197.5, shall be subject to a civil penalty as follows: (1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee. (2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld."

162.   Labor Code section 558(a) provides "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission

shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (2) For each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. (3) Wages recovered pursuant to this section shall be paid to the affected employee."

163.    Labor code section 558(c) provides "[t]he civil penalties provided for in this section are in addition to any other civil or criminal penalty provided by law."

164.    Pursuant to PAGA, Plaintiffs, acting in the public interest as private attorneys general, seeks assessment and collection of civil penalties for Plaintiffs, all aggrieved employees, and the State of California against Defendants, in addition to other remedies, for violations of California Labor Code set forth above.

**ELEVENTH CAUSE OF ACTION**
**Violation of Unfair Competition Law, Business & Professions Code §§ 17200, *et seq*.**
**(On Behalf of all Plaintiffs and the Employee Class)**

165.    Plaintiffs repeat, reallege, and incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

166.    Defendants have committed numerous violations of the Labor Code.

167.    Defendants' acts constitute both unlawful and unfair business practices prohibited by the Business & Professions Code §§ 17200, *et seq*. and justify the issuance of an injunction, the restoration of money acquired by means of the unfair competition, and other equitable relief pursuant to Bus. & Prof. Code § 17203.

168.    Through the wrongful and illegal conduct alleged herein, Defendants have acted contrary to the public policy of this State.

169.    Through their violations of the UCL, Defendants unjustly enriched themselves at the expense of Plaintiff, the members of putative classes, and the general public.

170.    To prevent that unjust enrichment, Defendants should be required to disgorge their illegal gains and should be required to make restitution to Plaintiffs and all class members,

1    of all wages owed and all sums that should have been reimbursed.

2        171.    Plaintiffs and the members of the classes also request that this Court enter such

3 orders or judgment as may be necessary to restore to any person in interest any money which

4 may have been acquired by means of those unlawful and unfair practices, as provided in Bus. &

5 Prof. Code § 17203, and for such other relief as is set forth herein.

6        172.    Each Plaintiff qualifies as a "person" within the meaning of Bus. & Prof. Code

7 § 17203 and has standing to bring this claim for injunctive and equitable relief.

8        173.    Injunctive relief is necessary to prevent Defendants from continuing to engage in

9 the unlawful and unfair business practices as alleged herein.  Defendants and persons acting in

10 concert with them have done, or are now doing, and will continue to do or cause to be done, the

11 illegal acts described herein unless restrained or enjoined by this Court.

12        174.    The conduct of Defendants, as alleged herein, has been and continues to be

13 deleterious to Plaintiffs, the class members, and the general public.  By this action, Plaintiffs

14 seek to enforce important rights affecting the public interest within the meaning of Civ. Proc.

15 Code § 1021.5.  Plaintiffs and the class therefore are entitled to an award of attorneys' fees and

16 costs.

17        175.    Pursuant to Bus. & Prof. Code § 17203, Plaintiffs, on behalf of themselves and

18 all class members, requests injunctive relief, restoration, restitution and/or disgorgement of all

19 sums obtained by Defendants in violation of Bus. & Prof. Code §§ 17200, *et seq*.

20        176.    Plaintiffs and class members also request relief as described below.

21

22                 **TWELFTH CAUSE OF ACTION**
                        **Conversion**

23      **(On Behalf of Plaintiffs Banas, Nguyen, Everekyan, and Najarro)**

24        177.    Plaintiffs Banas, Nguyen, Everekyan, and Najarro repeat, reallege, and

25 incorporate by reference each of the foregoing allegations as if they were fully set forth herein.

26        178.    Through the conduct alleged herein, Defendants have converted monies that

27 rightfully belong to Plaintiffs.

28        179.    Those monies were required to be paid to Plaintiffs as wages and reimbursements

1   of expenses.

2        180.    Plaintiffs have a right to possession of those monies.

3        181.    Plaintiffs have been damaged in the amount of such monies, together with

4   interest thereon.

5        182.    Pursuant to Cal. Civ. Code § 3336, Plaintiffs are also entitled to a fair

6   compensation for the time and money properly expended in pursuit of the property, including

7   their attorney's fees and costs of suit.

8        183.    In converting property that rightfully belongs to Plaintiffs, Defendants have acted

9   with "malice," "oppression," and "fraud," as those terms are defined in Cal. Civ. Code § 3294.

10       184.    For this reason, pursuant to Cal. Civ. Code § 3294(a), Plaintiffs are also entitled

11  to damages for the sake of example and by way of punishing the Defendants.

12       185.    Upon information and belief, with respect to Southern California Pizza

13  Company, LLC, advanced knowledge and conscious disregard, authorization, ratification or act

14  of oppression, fraud, or malice occurred by or through an officer, director, or managing agent of

15  the company.

16       186.    Plaintiffs, as individuals, also suffered and will continue to suffer general and

17  special damages, including severe and profound pain and emotional distress, anxiety,

18  depression, headaches, tension, and other physical ailments, as well as medical expenses,

19  expenses for psychological counseling and treatment, and past and future lost wages and

20  benefits.

21       187.    Plaintiffs are entitled to past and future lost wages, bonuses, commissions, and

22  benefits; general damages for emotional and mental distress and aggravation; and punitive

23  damages.

24       **PRAYER FOR RELIEF**

25       **Class and Collective Certification**

26       188.    That this action be certified as a collective action and as a class action;

27       189.    That Plaintiffs be appointed as collective or class representations; and

28       190.    That Plaintiffs' counsel be appointed as collective and class counsel.

**As to the First Cause of Action**

191.    That the Court declare, adjudge, and decree that Defendants willfully violated the FLSA by failing to pay all wages due to Plaintiffs and class members;

192.    An order that notice be sent to all class members employed by Defendants in a retail or outlet store location within three (3) years of the filing of the original complaint giving them notice of the opportunity to join this case pursuant to 29 U.S.C. § 216(b);

193.    Certification of the FLSA Collective as a collective action;

194.    An award of unpaid wages, including overtime, liquidated damages, and interest due under the FLSA to Plaintiffs and class members;

195.    An award of reasonable attorneys' fees and for costs of suit incurred herein pursuant to 29 U.S.C. § 216(b); and

196.    Such other and further relief as the Court may deem equitable and appropriate.

**As to the Second Cause of Action**

197.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to pay all business-related expenses owed to Plaintiffs and class members;

198.    An award in the amount of all unpaid wages;

199.    An award of such general and special damages as may be appropriate;

200.    All award of all available statutory damages;

201.    An award of pre-judgment interest on any unpaid wages from the date such amounts were due;

202.    An award in the amount of all actual, consequential and incidental losses and damages, according to proof; and

203.    Such other and further relief as the Court may deem equitable and appropriate.

**As to the Third Cause of Action**

204.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202 and 203 by willfully failing to pay Plaintiffs and class members their earned wages, including overtime, minimum wages, and missed meal and rest period

premiums, either at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ;

205.    An award in the amount of all actual, consequential and incidental losses and damages, according to proof;

206.    All award of all available statutory damages;

207.    An award of waiting time penalties according to proof pursuant to California Labor Code section 203 for all class members who have left Defendants' employ;

208.    An award of pre-judgment interest on any unpaid wages from the date such amounts were due; and

209.    Such other and further relief as the Court may deem equitable and appropriate.

**As to the Fourth Cause of Action**

210.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512, and applicable IWC Wage Orders, by willfully failing to provide mail periods or compensating Plaintiffs and class members for meal periods that were not provided.

211.    An award in the amount of all unpaid wages;

212.    An award in the amount of all actual, consequential and incidental losses and damages, according to proof;

213.    All award of all available statutory damages;

214.    An award of pre-judgment interest on any unpaid wages from the date such amounts were due; and

215.    Such other and further relief as the Court may deem equitable and appropriate.

**As to the Fifth Cause of Action**

216.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 226.7, and applicable IWC Wage Orders, by willfully failing to provide rest periods or compensating Plaintiffs and class members for rest periods that were not provided.

217.    An award in the amount of all unpaid wages;

218.    An award in the amount of all actual, consequential and incidental losses and damages, according to proof;

219.    All award of all available statutory damages;

220.    An award of pre-judgment interest on any unpaid wages from the date such amounts were due; and

221.    Such other and further relief as the Court may deem equitable and appropriate.

**As to the Sixth Cause of Action**

222.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiffs and class members;

223.    An award in the amount of all general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

224.    An award of pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

225.    An award of reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a); and

226.    Such other and further relief as the Court may deem equitable and appropriate.

**As to the Seventh Cause of Action**

227.    That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 1194, 1197 and 1197.1 by willfully failing to pay minimum wages to Plaintiffs and class members;

228.    An award in the amount of all general unpaid wages and such general and special damages as may be appropriate;

229.    All award of all available statutory damages;

230.    An award of pre-judgment interest on any unpaid compensation from the date such amounts were due;

231.    An award of reasonable attorneys' fees and for costs of suit incurred herein pursuant to California Labor Code section 1194(a);

232.    An award of liquidated damages pursuant to California Labor Code section 1194.2; and

233.    Such other and further relief as the Court may deem equitable and appropriate.

### As to the Eighth Cause of Action

234.    That the Court declare, adjudge and decree that Defendants violated the recordkeeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiffs and class members, and willfully failed to provide accurate itemized wage statements thereto;

235.    An award in the amount of all actual, consequential and incidental losses and damages, according to proof;

236.    All available statutory penalties pursuant to California Labor Code section 226(e);

237.    Injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(h); and

238.    Such other and further relief as the Court may deem equitable and appropriate.

### As to the Ninth Cause of Action

239.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 221 by unlawfully requiring Plaintiffs and the Driver Class to pay a portion of Defendants' overhead costs and therefore unlawfully receiving wages paid to Plaintiffs and members of the Driver Class.

240.    That the Court declare, adjudge and decree that Defendants violated California Labor Code section 224 by unlawfully deducting the cost of non-slip shoes from the wages of Plaintiffs and members of the Employee Class without their express written authorization for such deductions;

241.    An award in the amount of all general unpaid wages and such general and special damages as may be appropriate;

242.    All award of all available statutory damages;

243.    An award of pre-judgment interest on any unpaid compensation commencing

1  from the date such amounts were due; and

2  244.    Such other and further relief as the Court may deem equitable and appropriate.

3  **As to the Tenth Cause of Action**

4  245.    That the Court declare, adjudge and decree that Defendants violated the

5  applicable Wage Order and the following provisions of the California Labor Code with respect

6  to Plaintiffs Alejandro Ramirez, Carolina Huerta, Uriel Hernandez, Lourdes Banas, Dong

7  Nguyen, Sarkis Everekyan, Rene Najarro, Ibrahim Tascic, and Kevin Deanda and other

8  aggrieved employees: 201, 202, 203, 204, 221, 224, 226, 226.7, 510, 512, 1194, 1197, 1197.1,

9  1198, 2800, and 2802;

10  246.    For civil penalties and unpaid wages pursuant to California Labor Code sections

11  2699(a) and/or 2699(f) and (g) and 558, plus costs and attorneys' fees, for violations of the

12  applicable Wage Order and the following provisions of the Labor Code: 201, 202, 203, 204,

13  221, 224, 226, 226.7, 510, 512, 1174, 1194, 1197, 1197.1, 1198, 2800, and 2802;

14  247.    An award of pre-judgment interest on any unpaid wages from the date such

15  amounts were due, or as otherwise provided by law; and

16  248.    Such other and further relief as the Court may deem equitable and appropriate.

17  **As to the Eleventh Cause of Action**

18  249.    That the Court declare, adjudge and decree that Defendants violated California

19  Business and Professions Code sections 17200, *et seq.* by committing each of the Labor Code

20  violations alleged herein;

21  250.    An award of restitution of unpaid wages and unreimbursed expenses to Plaintiffs

22  and class members;

23  251.    An award of prejudgment interest from the day such amounts were due and

24  payable;

25  252.    The appointment of a receiver to receive, manage and distribute any and all funds

26  disgorged from Defendants and determined to have been wrongfully acquired by Defendants as

27  a result of violations of California Business & Professions Code sections 17200 *et seq.*;

28  253.    An award of punitive damages;

254.   An award of reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

255.   Injunctive relief to ensure compliance with this section, pursuant to California Business & Professions Code sections 17200, *et seq.*; and

256.   Such other and further relief as the Court may deem equitable and appropriate.

### As to the Twelfth Cause of Action

257.   That the Court declare, adjudge and decree that Defendants have converted property in the form of monies owed to Plaintiffs Banas, Nguyen, Everekyan, and Najarro;

258.   An award in the amount of all converted monies;

259.   An award, pursuant to Cal. Civ. Code § 3336, of compensation for the time and money properly expended in pursuit of the property, including attorney's fees and costs;

260.   An award, pursuant to Cal. Civ. Code § 3294(a), of damages for the sake of example and by way of punishing the Defendants;

261.   An award of pre-judgment interest;

262.   An award of all damages sought by Banas, Nguyen, Everekyan, and Najarro, individually, as a result of injuries he suffered as a result of the conduct of Defendants; and

263.   Such other and further relief as the Court may deem equitable and appropriate.

### As to all Causes of Action

264.   An Order certifying the proposed collective, classes, and sub-classes;

265.   An Order appointing Plaintiffs as representatives of the collective, classes, and sub-classes;

266.   An Order appointing Plaintiffs' counsel as counsel to the collective, classes, and sub-classes;

267.   An award in the amount of all compensatory damages according to proof;

268.   An award of all available statutory damages;

269.   An award of punitive damages where available;

270.   An award of pre- and post-judgment interest;

271.   An Order granting all sought injunctive and equitable relief;

272.

An award of attorney's fees and costs of bringing the suit where permitted by law; and

273.    Such other and further relief as the Court may deem equitable and appropriate.

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiffs request a trial by jury for all alleged causes of action for which they are entitled.

Dated: May 8, 2018

__/s/ Jeremiah Frei-Pearson_____
Jeremiah Frei-Pearson (*pro hac vice*)
FINKELSTEIN, BLANKINSHIP
FREI-PEARSON & GARBER, LLP
445 Hamilton Avenue, Suite 605
White Plains, NY 10601
Telephone: (914) 298-3281
Facsimile: (914) 908-6709
jfrei-pearson@fbfglaw.com

*Attorneys for Plaintiffs Carolina Huerta and Jacob Marc Brodnansky*
*and Proposed Co-Lead Collective and Class Counsel*

_____
Melissa Grant
Robert Drexler, Jr.
Jonathan Lee
CAPSTONE LAW APC
1875 Century Park East, Suite 1000
Los Angeles, California 90067
Tel: 310-556-4811
Fax: 310-943-0396
robert.drexler@capstonelawyers.com
melissa.grant@capstonelawyers.com
jonathan.lee@capstonelawyers.com

*Attorneys for Plaintiffs Alejandro Ramirez, Aleksandra Godanis, Jacob Marc Brodnansky, and*
*Proposed Co-Lead Collective and Class Counsel*

1

2

3

_____

Eric A. Grover

KELLER GROVER LLP

1965 Market Street

San Francisco, California 94103

Tel: 415-543-1305

Fax: 415-543-7861

eagrover@kellergrover.com

*Attorneys for Plaintiffs Carolina Huerta and Jacob Marc Brodnansky and Proposed Co-Lead Collective and Class Counsel*

_____

Armando M. Galvan

LAW OFFICE OF SAN FERNANDO

405 N. Maclay Avenue, Suite 203

San Fernando, California 91340

Tel: 818-399-0689

Fax: 818-698-6451

loamgalvan@gmail.com

*Attorneys for Plaintiff Uriel Hernandez*

_____

Dennis P. Wilson

THE LAW OFFICES OF DENNIS P. WILSON

3322 West Victory Boulevard

Burbank, California 91505

Tel: 818-843-1788

*Attorneys for Plaintiffs Loudes Banas, Doug Nguyen, Sarkis Everekyan*

///

///

NOTICE OF AGREEMENT RE CONSOLIDATED COMPLAINT

\_\_\_\_/s/ Matthew W. Gordon_____

Matthew J. Matern
Matthew W. Gordon
MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
Tel: 310-53 1-1 900
Fax: 310-53 1-1901

*Attorneys for Plaintiff Elena Cassiano Falero*

_____

Patricio T.D. Barrera
Ashley A. Davenpoll
BARRERA & ASSOCIATES
2298 E. Maple Avenue
El Segundo, CA 90245
Tel: 310-802-1 500
Fax: 310-802-0500

*Attorneys for Plaintiff Morgan Gregory*

_____

Ramin R. Younessi, Esq.
Carlos Perez, Esq.
LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
Tel: 213 -480-6200
Fax: 213 -480-6201

*Attorneys for Plaintiff Rene Najarro*

///

///

NOTICE OF AGREEMENT RE CONSOLIDATED COMPLAINT

_____
Ophir J. Bitton
Emma D. Enriquez
BITTON & ASSOCIATES
7220 Melrose A venue, 2nd Floor
Los Angeles, CA 90046
Tel: 310-356-1006

*Attorneys for Plaintiff Kevin Deanda*

    /s/ Jessica L. Campbell_____
Kashif Haque
Samuel A. Wong
Jessica L. Campbell
AEGIS LAW FIRM, PC
9811 Irvine Center Drive, Suite 100
Irvine, California 92618
Tel: 949-379-6250

*Attorneys for Plaintiff Ibrahim Tascic*

1

2

3

4  Eric A. Grover

5  KELLER GROVER LLP
   1965 Market Street
6  San Francisco, California 94103
   Tel: 415-543-1305
7  Fax: 415-543-7861
   eagrover@kellergrover.com
8

9  *Attorneys for Plaintiffs Carolina Huerta and Jacob Marc Brodnansky*
   *and Proposed Co-Lead Collective and Class Counsel*

10

11

12

13  Armando M. Galvan

14  LAW OFFICE OF SAN FERNANDO
    405 N. Maclay Avenue, Suite 203
15  San Fernando, California 91340
    Tel: 818-399-0689
16  Fax: 818-698-6451
    loamgalvan@gmail.com
17

18  *Attorneys for Plaintiff Uriel Hernandez*

19

20

21

22  Dennis P. Wilson
    THE LAW OFFICES OF DENNIS P. WILSON
23  3322 West Victory Boulevard
    Burbank, California 91505
24  Tel: 818-843-1788

25  *Attorneys for Plaintiffs Loudes Banas, Doug Nguyen, Sarkis Everekyan*

26

27  ///

28

CONSOLIDATED CLASS AND COLLECTIVE ACTION COMPLAINT AND PAGA ENFORCEMENT ACTION



1

2

3

4  Matthew J. Matern
   Matthew W. Gordon
5  MATERN LAW GROUP, PC
   1230 Rosecrans Avenue, Suite 200
6  Manhattan Beach, California 90266
   Tel: 310-53 1-1 900
7  Fax: 310-53 1-1901

8
   *Attorneys for Plaintiff Elena Cassiano Falero*
9

10

11

12  Patricio T.D. Barrera
    Ashley A. Davenpoll
13  BARRERA & ASSOCIATES
    1500 Rosecrans A venue, Suite 500
14  Manhattan Beach, CA 90266
    Tel: 310-802-1 500
15  Fax: 310-802-0500

16
    *Attorneys for Plaintiff Morgan Gregory*
17

18

19
                              5. 7 · 18
20  Ramin R. Younessi, Esq.
    Carlos Perez, Esq.
21  LAW OFFICES OF RAMIN R. YOUNESSI
    A PROFESSIONAL LAW CORPORATION
22  3435 Wilshire Boulevard, Suite 2200
    Los Angeles, California 90010
23  Tel: 213 -480-6200
    Fax: 213 -480-6201
24

25  *Attorneys for Plaintiff Rene Najarro*

26

27  ///

28  ///

CONSOLIDATED CLASS AND COLLECTIVE ACTION COMPLAINT AND PAGA ENFORCEMENT ACTION



1

2

3

4  _____
Matthew J. Matern
Matthew W. Gordon
5  MATERN LAW GROUP, PC
1230 Rosecrans Avenue, Suite 200
6  Manhattan Beach, California 90266
Tel: 310-53 1-1 900
7  Fax: 310-53 1-1901

8
*Attorneys for Plaintiff Elena Cassiano Falero*
9

10

11

_____
12  Patricio T.D. Barrera
Ashley A. Davenport
13  BARRERA & ASSOCIATES
2298 E. Maple Avenue
14  El Segundo, CA 90245
Tel: 310-802-1 500
15  Fax: 310-802-0500

16
*Attorneys for Plaintiff Morgan Gregory*
17

18

19

_____
20  Ramin R. Younessi, Esq.
Carlos Perez, Esq.
21  LAW OFFICES OF RAMIN R. YOUNESSI
A PROFESSIONAL LAW CORPORATION
22  3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
23  Tel: 213 -480-6200
Fax: 213 -480-6201
24

25  *Attorneys for Plaintiff Rene Najarro*

26

27  ///

28  ///

CONSOLIDATED CLASS AND COLLECTIVE ACTION COMPLAINT AND PAGA ENFORCEMENT ACTION

1

## **PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067.

5

6

On May 8, 2018, I served the within document(s) described below as:

7

**CONSOLIDATED CLASS,  COLLECTIVE, AND PAGA ENFORCEMENT ACTION COMPLAINT**

8

9

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

10

11

12

13

Jon D. Meer
Sheryl L. Skibbe
Leo Q. Li
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

Eric A. Grover
Keller Grover LLP
1965 Market Street
San Francisco, California 94103
*Counsel for Plaintiff Huerta*

14

15

16

17

18

Jeremiah Frei-Pearson
D. Greg Blankinship
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
*Counsel for Plaintiff Huerta*

Armando M. Galvan
Law Office of San Fernando
405 N. Maclay Avenue, Suite 203
San Fernando, California 91340
*Counsel for Plaintiff Uriel Hernandez*

19

20

21

Dennis P. Wilson
Law Offices of Dennis P. Wilson
3322 West Victory Boulevard
Burbank, California 91515
*Counsel for Plaintiff Lourdes Banas, et al.*

Ramin R. Younessi
Carlos Perez
Law Offices of Ramin R. Younessi
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
*Counsel for Plaintiff Rene Najarro*

22

23

24

25

26

Richard E. Quintilone II
Alvin B. Lindsay
George A. Aloupas
Quintilone & Associates
22974 El Toro Road, Suite 100
Lake Forrest, California 92630
*Counsel for Plaintiff Ramphis Martinez*

Matthew Matern
Matthew Gordon
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
*Counsel for Plaintiff Elena Cassiano Falero*

27

28

Ophir Bitton
Emma Enriquez
Bitton & Associates
7220 Melrose Avenue, 2nd Floor
Los Angeles, California 90046
*Counsel for Plaintiff Kevin Deanda*

Kasif Haque
Samuel A. Wong
Jessica L. Campbell
Aegis Law Firm, PC
9811 Irvine Center Drive, Suite 100
Irvine, CA 92618
*Counsel for Plaintiff Ibrahim Tascic*

Patricio T.D. Barrera
Ashley Davenport
Barrera & Associates
2298 E. Maple Avenue
El Segundo, CA 90245
*Counsel for Plaintiff Morgan Gregory*

**(X)**    **ELECTRONIC SERVICE**: I caused the document(s) to be transmitted electronically via One Legal eService to the individuals listed above, as they exist on that database.  This will constitute service of the document(s).

**( )**    **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

**( )**    **ELECTRONIC SERVICE:**  I caused the above-referenced document(s) to be transmitted to the above-named individual(s) at the e-mail address listed above.

**( )**    **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid to the address(es) listed above.

**(X)**    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on May 8, 2018, at Los Angeles, California.

_____
Sandy S. Acevedo