1    Raul Perez (SBN 174687)
     Raul.Perez@capstonelawyers.com
2    Melissa Grant (SBN 205633)
     Melissa.Grant@capstonelawyers.com
3    Robert J. Drexler, Jr. (SBN 119119)
     Robert.Drexler@capstonelawyers.com
4    Capstone Law APC
     1875 Century Park East, Suite 1000
5    Los Angeles, California 90067
     Telephone:    (310) 556-4811
6    Facsimile:    (310) 943-0396

7    Attorneys for Plaintiffs Alejandro Ramirez,
     Fernando Hernandez, and Aleksandra Godanis and the
8    Certified Wage Statement Class

9    [*additional counsel on next page*]

10                  UNITED STATES DISTRICT COURT

11                 CENTRAL DISTRICT OF CALIFORNIA

12

13   JACOB MARC BRODNANSKY, *et al*,          Case No. 8:18-cv-01003-DOC-KES

           Plaintiff(s),                      **JOINT STIPULATION RE
14                                            SETTLEMENT OF THE CERTIFIED
              vs.                             WAGE STATEMENT CLAIM**
15

16   SOUTHERN CALIFORNIA PIZZA
     COMPANY, LLC, et al.,                    (Orange County Superior Court, Case No.
17                                            JCCP 4725)
           Defendant(s).
18                                            Complaint Filed: May 8, 2018

19

20

21

22

23

24

25

26

27

28

1   SEYFARTH SHAW LLP
    Jon D. Meer (SBN 144389)
2   jmeer@seyfarth.com
    Leo Q. Li (SBN 293539)
3   lli@seyfarth.com
    Michael Afar (SBN 298990)
4   mafar@seyfarth.com
    2029 Century Park East, Suite 3500
5   Los Angeles, California 90067-3021
    Telephone:   (310) 277-7200
6   Facsimile:    (310) 201-5219

7   Attorneys for Defendant
    SOUTHERN CALIFORNIA PIZZA COMPANY, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT STIPULATION RE SETTLEMENT OF THE CERTIFIED WAGE STATEMENT CLAIM

1    This joint stipulation is made and entered into by and between:  (1) Plaintiffs
2    Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis (collectively,
3    "*Ramirez* Plaintiffs"), by and through their counsel of record; and (2) Defendant
4    Southern California Pizza Company, LLC, by and through their counsel of record
5    ("Defendant" or "SCPC") (collectively with the *Ramirez* Plaintiffs, the "Parties").[1]

## I.      SUMMARY OF THE REASONS FOR THIS STIPULATION

7    This joint stipulation has been entered into by the Parties in order to effectuate a
8    pre-existing settlement agreement for one of the state law causes of action contained in
9    the Consolidated Complaint.  Prior to the filing of the Consolidated Complaint and
10   removal to this Court, the Parties entered into a settlement of the claim for violation of
11   California Labor Code § 226 regarding allegedly inaccurate wage statements and related
12   penalties under the California Private Attorneys General Act ("PAGA").

13   The settlement received preliminary approval by the California Superior Court,
14   but the California Superior Court then declined to move forward with final approval,
15   having lost its jurisdiction upon removal of the Consolidated Complaint.  The Parties
16   now seek to carve out the existing settlement, so that it may proceed to final approval,
17   either through this Court, or through remand of the claim for violation of California
18   Labor Code § 226 and related PAGA penalties.   The facts supporting this stipulation are
19   set forth below.

## II.     FACTS SUPPORTING THIS STIPULATION

21   **WHEREAS**, on June 6, 2018, Defendant removed this action to the United
22   States District Court, Central District of California.

23   **WHEREAS**, this action consists of nine class and representative actions
24   previously filed in the California Superior Court against Defendant, all alleging related
25   claims for violations of the California Labor Code.[2]

---

[1] This stipulation is filed concurrently with the Stipulation for Leave to Amend
Consolidated Complaint, which sets forth additional details.
[2] *Alejandro Ramirez v. Southern California Pizza Company, LLC*, Los Angeles

1    **WHEREAS**, except the *Ramirez* Action, all of the other related actions were

2    stayed pending the resolution of the *Ramire* Action.

3    **WHEREAS**, on March 14, 2016, Plaintiff Ramirez moved the Orange County

4    Superior Court ("Superior Court") to certify (1) a class of all non-exempt or hourly paid

5    employees of Defendant who worked in California and were provided by Defendant a

6    wage statement from September 30, 2010 to the date of certification (the "Wage

7    Statement Class"), (2) a class of all non-exempt or hourly employees of Defendant who

8    worked in California as pizza delivery drivers from September 30, 2007 to the date of

9    certification (the "Business Expenses Class"), and (3) a class of all non-exempt or hourly

10   paid employees of Defendant who worked in California from September 30, 2007 to the

11   date of certification (the "UCL Class").

12   **WHEREAS**, on June 24, 2016, the Superior Court certified the Wage Statement

13   Class only, and denied Plaintiff Ramirez's Motion for Class Certification as to the

14   Business Expenses Class and the UCL Class.

15   **WHEREAS**, on December 7, 2016, Plaintiff Ramirez filed a Third Amended

16   Class Action Complaint to add Fernando Hernandez and Aleksandra Godanis to the

17   *Ramirez* Action.

18   **WHEREAS**, on October 5, 2017, the *Ramirez* Plaintiffs and Defendant

19   participated in full-day mediation with David Rotman, an experienced mediator of wage

20   and hour class actions.  With Mr. Rotman's guidance, the Parties negotiated a settlement

21

22   Superior Court, Case No. 13C470642 ("*Ramirez* Action"); *Carolina Huerta v. Southern

23   California Pizza Company, LLC*, Los Angeles Superior Court, Case No. BC516989;
     *Uriel Hernandez v. Southern California Pizza Company, LLC*, Los Angeles Superior

24   Court, Case No. BC544871; *Ibrahim Tascic v. Southern California Pizza Company,
     LLC*, Riverside County Superior Court, Case No. RIC1406622; *Morgan Gregory v.

25   Southern California Pizza Company, LLC*, Los Angeles Superior Court, Case No.
     BC557320; *Lourdes Banas, et al. v. Southern California Pizza Company, LLC*, Los

26   Angeles Superior Court, Case No. BC563801; *Rene Najarro v. Southern California
     Pizza Company, LLC*, Los Angeles Superior Court, Case No. BC634946; *Elena

27   Cassiano Falero v. Southern California Pizza Company, LLC*, Los Angeles Superior
     Court, Case No. BC657077; *Kevin Deanda v. Southern California Pizza Company,

28   LLC*, Los Angeles Superior Court, Case Ro. BC672995.

1   ("Settlement") of the certified wage statement claim ("Certified Wage Statement

2   Claim") and derivative claim for PAGA penalties based on the predicate Certified Wage

3   Statement Claim ("Derivative PAGA Penalty Claim").

4        **WHEREAS**, the basic terms of the Settlement provide for the following:

5       • The creation of a **non-reversionary** settlement fund of $1,999,999.  The

6         settlement fund includes:

7           ○ A net settlement fund of $1,108,832 (the settlement fund minus the

8             requested attorneys' fees and costs, settlement administration costs,

9             the payment to the Labor and Workforce Development Agency,

10            and the class representative incentive awards), which will be

11            allocated to all Class Members on a pro-rata basis according to the

12            number of weeks each Class Member worked during the Class

13            Period.  **The entire net settlement fund will be paid to all Class**

14            **Members who do not opt out of the Settlement Class, and**

15            **without the need to submit claims for payment.**

16          ○ Attorneys' fees in the amount of one-third of the Class Settlement

17            Amount (or $666,667), which is presumptively reasonable in

18            California (where the case was pending when it settled), and

19            litigation costs and expenses not to exceed $136,000.

20          ○ Settlement Administration Costs estimated at $60,000, to be paid to

21            the jointly selected Settlement Administrator, Simpluris, Inc.

22          ○ A $15,000 payment to the California Labor and Workforce

23            Development Agency ("LWDA") pursuant to the Labor Code

24            Private Attorneys General Act of 2004 ("PAGA").

25          ○ Class representative incentive awards of $7,500 to Alejandro

26            Ramirez, $5,000 to Fernando Hernandez, and $3,000 to Aleksandra

27            Godanis for their services on behalf of the Settlement Class.

28       **WHEREAS**, on December 20, 2017, the *Ramirez* Plaintiffs moved the Superior

Court to preliminarily approve the Settlement. True and correct copies of the moving papers are attached collectively as Exhibit A.

**WHEREAS**, On February 27, 2018, Defendant moved the Superior Court to consolidate all of the nine coordinated actions. On May 11, 2018, the Superior Court consolidated all nine actions ("Consolidated Action").

**WHEREAS**, on June 6, 2018, the Superior Court preliminarily approved the Settlement and set the Final Approval Hearing for November 2, 2018.[3] A true and correct copy of the Superior Court's order approving the Settlement ("Preliminary Approval Order") is attached as Exhibit B.

**WHEREAS**, on June 6, 2018, Defendant removed the Consolidated Action to this Court based on federal question jurisdiction, 28 U.S.C. § 1331, covering claims under Fair Labor Standards Act, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).  (ECF No. 1, ¶ 13.)

**WHEREAS**, upon receipt of Defendant's Notice of Removal, and within days of when the settlement class notice was about to the mailed, the Superior Court vacated the Final Approval Hearing:

> The Court, having been notified by counsel for Defendant Southern California Pizza Company LLC that this case has been removed to Federal Court, hereby orders this case suspended, pursuant to California Rules of Court, rule 3.650. All reporting requirements are vacated. The parties are ordered to comply with rule 3.650 by notifying the Court when the stay is vacated or no longer in effect. Failure to comply with this rule may subject counsel to sanctions, pursuant to rule 3.650. Notices regarding disposition of case or relief from stay are to be filed with this Court. All future hearings currently set in this department are hereby vacated. The Final Fairness Hearing set for 11/02/2018 at 09:00 AM in Department CX102 is vacated. Clerk to give notice to Defendant Southern California Pizza Company LLC. Defendant Southern California Pizza Company LLC to give notice to all other parties and the Judicial Council.

**WHEREAS**, the *Ramirez* Plaintiffs endeavored to reinstate the settlement

---

[3] The Superior Court postponed its ruling on the Motion for Preliminary Approval until after the actions had been consolidated, and after the Parties had amended the settlement to satisfy one of the exceptions to California's final judgment rule so that the Superior Court could enter a final judgment approving the settlement whilst the Parties litigated the remaining consolidated claims to judgment.

1   proceedings in the Superior Court, but the Superior Court declined, finding that the

2   removal divested it of jurisdiction over the *Ramirez* Action.

3        **WHEREAS**, for purposes of effectuating the Settlement and in the interest of

4   resuming the settlement proceedings as expeditiously as possible, the Parties respectfully

5   ask this Court to either:

6        (1) Adopt the findings contained in the Superior Court's Preliminary Approval

7   Order and enter its own order preliminarily approving the Settlement; or in the

8   alternative,

9        (2) Remand the Certified Wage Statement Claim and Derivative PAGA Penalty

10   Claim to the Superior Court. The Certified Wage Statement Claim is not connected to

11   the FLSA claim and is a stand-alone state claim.  The Court retains broad discretion to

12   remand the to state court "matters in which State law predominates," and may do so

13   through a partial remand of only the claim that has already been subject to a settlement

14   agreement in state court—the Certified Wage Statement Claim and Derivative PAGA

15   Penalty Claim. 28 U.S.C. § 1441 (c); *see also Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997,

16   1007 n. 8 (9th Cir. 2001). Where, as here, federal and state law claims are joined, the

17   federal court has the power to retain the federal claims and to remand certain of the state

18   law claims to state court, in effect severing the action. *Emrich v. Touche Ross & Co.*, 846

19   F.2d 1190, 1196 (9th Cir. 1988). The district court should consider issues of judicial

20   economy, fairness to the litigants, and important federalism concerns when determining

21   whether to partially remand the state law claims. *Boggs v. Lewis*, 863 F.2d 662, 665 (9th

22   Cir. 1988).

**III.   REQUEST TO EFFECTUATE THE PRIOR SETTLEMENT OF THE**
23
**CERTIFIED WAGE STATEMENT CLAIM AND DERIVATIVE PAGA**
24
**PENALTY CLAIM**
25

26        **NOW THEREFORE**, the Parties respectfully request that the Court either:

27   (1) preliminarily approve the Settlement without the need for formal motion practice, or

28   in the alternative, (2) remand only the Certified Wage Statement Claim and Derivative

1  PAGA Penalty Claim to the Superior Court, so that this claim may proceed to final

2  approval of the class action settlement.

3       **IT IS SO STIPULATED.**

4                                 **CAPSTONE LAW APC**

5

6  Dated:  August 30, 2018            By: _Robert J Drexler Jr_

7                                 Robert J. Drexler, Jr.
                                   Attorneys for Plaintiffs Alejandro Ramirez,
8                                 Fernando Hernandez, and Aleksandra
                                   Godanis
9

10                                **SEYFARTH SHAW LLP**

11

12 Dated:  August 30, 2018            By:  __/s/ Leo Q. Li__

13                                Jon D. Meer
                                   Leo Q. Li
14                                Attorneys for Defendant Southern California
                                   Pizza Company, LLC
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/20/2017** at 03:10:00 PM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

1   Raul Perez (SBN 174687)
    Raul.Perez@capstonelawyers.com
2   Melissa Grant (SBN 205633)
    Melissa.Grant@capstonelawyers.com
3   Robert J. Drexler, Jr. (SBN 119119)
    Robert.Drexler@capstonelawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone:    (310) 556-4811
6   Facsimile:    (310) 943-0396

7   Attorneys for Plaintiffs Alejandro Ramirez,
    Fernando Hernandez, and Aleksandra Godanis and the Class
8

9               SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                      FOR THE COUNTY OF ORANGE

11  Coordination Proceeding Special Title          JCCP No. 4725
    (Rule 3.550)                                   [Coordination Trial Judge:
12                                                 Hon. William D. Claster, Dept. CX102]
    **SOUTHERN CALIFORNIA PIZZA**
13  **WAGE AND HOUR CASES**                        **NOTICE OF MOTION AND MOTION FOR**
                                                   **PRELIMINARY APPROVAL OF AMENDED**
14          Included actions:                      **CLASS ACTION SETTLEMENT;**
                                                   **MEMORANDUM OF POINTS AND**
15                                                 **AUTHORITIES IN SUPPORT**
    Hernandez v. Southern California Pizza
16  Company, LLC, et al.                           Date:      February 2, 2018
                                                   Time:      9:00 a.m.
17  Ramirez v. Southern California Pizza           Place:     Department CX102
    Company, LLC
18
                                                   **RESERVATION ID: 72720914**
19  Levonian v. Southern California Pizza
    Company, LLC
20

21  Huerta v. Southern California Pizza Company,
    LLC
22

23

24

25

26

27

28

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 2, 2018 at 9:00 a.m., or as soon thereafter as counsel may be heard, in Department CX102 of the above-captioned court, located at 751 West Santa Ana Blvd, Santa Ana, California 92701, the Honorable William D. Claster presiding, Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis will, and hereby do, move this Court to:

        1.      Preliminarily approve the settlement set forth in the Joint Stipulation of Class Action Settlement and Release of All Claims Based on the Alleged Failure to Provide Accurate and Itemized Wage Statements, attached as Exhibit 1 to the Declaration of Robert J. Drexler, Jr.;

        2.      Approve distribution of the proposed Notice of Class Action Settlement to the Class;

        3.      Appoint Simpluris, Inc. as the Settlement Administrator; and

        4.      Set a hearing date for final approval of the settlement.

This Motion is based upon: (1) this Notice of Motion and Motion; (2) the Memorandum of Points and Authorities in Support of Motion for Preliminary Approval of Class Action Settlement; (3) the Declaration of Robert J. Drexler, Jr.; (4) the Joint Stipulation of Class Action Settlement and Release of All Claims Based on the Alleged Failure to Provide Accurate and Itemized Wage Statements; (5) the Notice of Class Action Settlement and Request for Exclusion Form; (6) the [Proposed] Order Granting Preliminary Approval of Class Action Settlement; (7) the records, pleadings, and papers filed in this action; and (8) upon such other documentary and oral evidence or argument as may be presented to the Court at or prior to the hearing of this Motion. As this Motion is unopposed, the Parties respectfully request relief from the page limit requirement set by California Rules of Court, Rule 3.1113(d).

Dated: December 20, 2017

                                Respectfully submitted,

                                Capstone Law APC

                By: _____

                                Raul Perez
                                Melissa Grant
                                Robert J. Drexler, Jr.

                                Attorneys for Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis

1
2

# TABLE OF CONTENTS

3  I.  INTRODUCTION .................................................................................................... 6

4  II.  FACTS AND PROCEDURE ................................................................................... 7

5      A.  Brief Overview of the Litigation ................................................................ 7

6      B.  The Parties Settled After Mediation ......................................................... 10

7      C.  The Proposed Settlement Fully Resolves Plaintiffs' Claims .................... 10

8          1.  Composition of the Settlement Class ............................................. 10

9          2.  Settlement Consideration ............................................................... 10

10          3.  Formula for Calculating Payments from the Net Settlement Amount ......................... 11

11          4.  Release by the Settlement Class .................................................... 12

12  III.  ARGUMENT ......................................................................................................... 12

13      A.  The Court Should Preliminarily Approve the Proposed Class Action Settlement ................ 12

14          1.  Courts Review Class Action Settlements to Ensure that the Terms Are Fair,

15              Adequate, and Reasonable ............................................................. 12

16          2.  Class Counsel Conducted a Thorough Investigation of the Factual and Legal

17              Issues and Were Thus Able to Objectively Assess the Settlement's

18              Reasonableness ............................................................................... 13

19          3.  The Settlement Was Reached Through Arm's-Length Bargaining in Which

20              All Parties Were Represented by Experienced Counsel ................ 14

21          4.  The Amount Offered In The Settlement Is Reasonable Given the Strengths of

22              Plaintiffs' Claims and the Risks and Expense of Continued Litigation ...................... 15

23      B.  The Proposed Notice Properly Informs Class Members about the Case and the

24          Settlement ................................................................................................... 17

25      C.  The Court Should Preliminarily Approve the Proposed PAGA Settlement ........................ 19

26      D.  The Court Should Preliminarily Approve the Negotiated Enhancement Payments .............. 19

27      E.  The Court Should Preliminarily Approve the Negotiated Attorneys' Fees and Costs .......... 21

28  IV.  CONCLUSION ...................................................................................................... 22

1

**TABLE OF AUTHORITIES**

2

3  S<small>TATE</small> C<small>ASES</small>

4  *7-Eleven Owners for Fair Franchising v. Southland Corp.*, 85 Cal. App. 4th 1135 (2000) ...................... 13

5  *Cartt v. Super. Ct.*, 50 Cal. App. 3d 960 (1975) ........................................................................... 18

6  *Cellphone Termination Fee Cases*, 180 Cal. App. 4th 1110 (2010) ...................................... 12, 13

7  *Cellphone Termination Fee Cases*, 186 Cal. App. 4th 1380 (2010) .......................................... 19

8  *Chance v. Super. Ct.*, 58 Cal. 2d 275 (1962) ............................................................................. 18

9  *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43 (2008)................................................................. 21

10  *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794 (1996)............................................................ 13

11  *Kass v. Young*, 67 Cal. App. 3d 100 (1977)............................................................................. 17, 18

12  *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116 (2008)............................................. 15

13  *Nordstrom Com. Cases*, 186 Cal. App. 4th 576 (2010) ............................................................ 19

14  *North County Contractor's Assn., Inc. v. Touchstone Ins. Services*, 27 Cal. App. 4th 1085

15     (1994) ................................................................................................................................... 13

16  *Skulnick v. Roberts Express, Inc.*, 2 Cal. App. 4th 884 (1992) ................................................ 13

17  *Stambaugh v. Super. Ct.*, 62 Cal. App. 3d 231 (1976)............................................................ 13

18  *State v. Levi Strauss & Co.*, 41 Cal. 3d 460 (1986)............................................................. 14, 18

19  *Trotsky v. Los Angeles Fed. Savings & Loan Assn.*, 48 Cal. App. 3d 143 (1975)...................... 18

20

21  F<small>EDERAL</small> F<small>EDERAL</small> C<small>ASES</small>

22  *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001) ..................................................... 14

23  *Fontana v. Elrod*, 826 F.2d 729 (7th Cir. 1987)....................................................................... 18

24  *Hopson v. Hanesbrands Inc.*, Case No. 08-00844, 2009 U.S. Dist. LEXIS 33900 (N.D.

25     Cal. Apr. 3, 2009)................................................................................................................. 19

26  *In re Apple Computer, Inc. Derivative Litig.*, No. C 06-4128 JF (HRL), 2008 U.S. Dist.

27     LEXIS 108195 (N.D. Cal. Nov. 5, 2008)............................................................................... 14

28  *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436 (S.D.N.Y. 2004) ...................... 15

1    *In re IKON Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166 (E.D. Pa. 2000) ........................... 15

2    *Nat'l Rural Telecomm. Coop. v. Directv, Inc.*, 221 F.R.D. 523 (C.D. Cal. 2004) ....................... 15

3    *Newman v. Stein*, 464 F. 2d 6893 (2d Cir.) ................................................................................. 15

4    *Officers for Justice v. Civil Serv. Comm.*, 688 F. 2d 615 (C.A. Cal. 1982) ................................. 15

5    *Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ............................................ 19

6    *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................. 15

7

8    **STATE STATUTES**

9    Cal. R. Ct. 3.769 .................................................................................................................. 12, 13

10    Cal. R. Ct. 3.769(b) ................................................................................................................... 13

11    Cal. R. Ct. 3.769(c) ................................................................................................................... 13

12    Cal. R. Ct. 3.769(d) ................................................................................................................... 12

13    Cal. R. Ct. 3.769(e) ................................................................................................................... 12

14    Cal. R. Ct. 3.769(f) .............................................................................................................. 12, 13

15    Cal. R. Ct. 3.769(g) ............................................................................................................. 12, 13

16

17    **SECONDARY AUTHORITIES**

18    Conte & Newberg, *Newberg on Class Actions* (4th ed. 2002) .............................................. 13, 14

19    Wright, A. Miller & M. Kane, *Federal Practice and Procedure* (2d ed. 1986) .......................... 18

20

21

22

23

24

25

26

27

28

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.      INTRODUCTION**

3

The parties have negotiated an amended class action settlement that limits the scope of the

4

release to Plaintiffs' certified wage statement claim (and derivative claims for civil penalties). Plaintiffs

5

accordingly seek preliminary approval of the Joint Stipulation of Class Action Settlement and Release of

6

All Claims Based on the Alleged Failure to Provide Accurate and Itemized Wage Statements,[1] which if

7

approved, would provide considerable monetary relief for up to 21,000 current and former employees of

8

Defendant Southern California Pizza Company, LLC ("Defendant" or "SCPC") (collectively with

9

Plaintiffs, the "Parties") for a limited release of the wage statement claim. The basic terms of the

10

Settlement provide for the following:

11

(1)      A Settlement Class defined as all non-exempt employees who worked at any of

12

Defendant's California locations and received one or more wage statements from

13

Defendant during the period from September 30, 2010 to February 21, 2017, excluding

14

all individuals who excluded themselves from the Wage Statement Class previously

15

certified by the Court.

16

(2)      A **non-reversionary** Class Settlement Amount of $1,999,999. The Class Settlement

17

Amount includes:

18

(a)      A Net Settlement Amount of $1,108,832 (the Class Settlement Amount minus

19

the requested Attorneys' Fees and Costs, Settlement Administration Costs, the

20

Labor and Workforce Development Agency Payment, and the Class

21

Representative Enhancement Payments), which will be allocated to all Class

22

Members on a pro-rata basis according to the number of weeks each Class

23

Member worked during the Class Period. **The Entire Net Settlement Amount**

24

**will be paid to all Class Members who do not opt out of the Settlement**

25

**Class, and without the need to submit claims for payment.**

26

(b)      Attorneys' fees in the amount of one-third of the Class Settlement Amount (or

27

28

---

[1] Hereinafter "Settlement Agreement" or "Settlement." Unless indicated otherwise, capitalized terms used herein have the same meaning as those defined by the Settlement Agreement.

1                                $666,667), and litigation costs and expenses not to exceed $136,000, to

2                                Capstone Law APC ("Class Counsel").

3                (d)     Settlement Administration Costs estimated at $60,000, to be paid to the jointly

4                                selected Settlement Administrator, Simpluris Inc.

5                (e)     A $15,000 payment to the California Labor and Workforce Development

6                                Agency ("LWDA") pursuant to the Labor Code Private Attorneys General Act

7                                of 2004 ("PAGA").

8                (g)     Class Representative Enhancement Payments of $7,500 to Alejandro Ramirez

9                                and $3,000 to Fernando Hernandez and Aleksandra Godanis for their services

10                                on behalf of the Settlement Class.

11         An objective evaluation of the Settlement confirms that the relief negotiated on the Settlement

12 Class' behalf is fair, reasonable, and valuable.  The Settlement was negotiated by the Parties at arm's

13 length with helpful guidance from David A. Rotman, an experienced and well-respected class action

14 mediator, and the Settlement confers substantial benefits to Class Members for the limited release of the

15 wage statement claim.  The relief offered by the Settlement is particularly impressive when viewed

16 against the difficulties encountered by plaintiffs pursuing wage statement claims (*see infra*).

17 Furthermore, by settling now rather than proceeding to trial, Class Members will not have to wait

18 (possibly years) for relief, nor will they have to bear the risk of class certification being denied or of

19 Defendant prevailing at trial.

20         As discussed below, the proposed Settlement satisfies all criteria for preliminary settlement

21 approval under California law and falls within the range of reasonableness.  Accordingly, Plaintiffs

22 respectfully request that this Court grant preliminary approval of the Settlement Agreement.

23 **II.**       **FACTS AND PROCEDURE**

24         **A.**      **Brief Overview of the Litigation**

25         On September 30, 2011, Demetrio Hernandez filed suit in the Superior Court of California for

26 the County of Los Angeles against both Southern California Pizza Company, LLC and two corporate

27 Pizza Hut entities, alleging putative class claims under the California Labor Code for:  (1) unpaid

28 overtime; (2) unpaid minimum wages; (3) non-compliant wage statements; (4) unpaid business

1   expenses; (5) wages not timely paid upon termination; (6) unlawful deductions; (7) non-compliant meal

2   periods; and (8) non-compliant rest periods.  (Declaration of Robert J. Drexler, Jr. ["Drexler Decl."] ¶ 2.)

3          Because Pizza Hut was a franchisor and uninvolved in the labor practices of SCPC, the Parties

4   stipulated to dismiss the Pizza Hut entities, which was entered on March 26, 2012.  SCPC remains the

5   sole defendant.  (Drexler Decl. ¶ 3.)

6          On September 13, 2012, following a long coordination proceeding, this matter was coordinated

7   with two other cases brought against SCPC by plaintiffs Moises Ramirez and Eric Levonian,

8   respectively.  The coordinated matter was assigned to the Orange County Superior Court Civil Complex

9   Center.  Moises Ramirez and Eric Levonian and their actions have since been dismissed.  Two additional

10  actions brought by plaintiffs Uriel Hernandez and Carolina Huerta were added into the coordination

11  proceeding and, per motion of SCPC, both were stayed.  (Drexler Decl. ¶ 4.)  On September 15, 2017,

12  the Court lifted the stay on plaintiff Carolina Huerta's action.  (*Id*.)

13         When Plaintiff Hernandez decided not to serve as a class representative, Alejandro Ramirez was

14  substituted in as a named plaintiff and putative class representative, through a Second Amended

15  Complaint filed January 16, 2014.  The Second Amended Complaint also added a cause of action for

16  penalties under PAGA, and allegations that the PAGA claims related back to the filing of the original

17  complaint.  (Drexler Decl. ¶ 5.)

18         Throughout the course of the litigation, Defendant responded to formal discovery including

19  Requests for Admission, Form Interrogatories, Special Interrogatories, and several sets of Requests for

20  Production of Documents.  Defendant has produced over 1,000 pages of documents, including policy

21  documents, exemplar wage statements, and dates of employment for all class members, which Plaintiffs

22  have analyzed.  Plaintiffs have also analyzed voluminous electronic time and wage records, and delivery

23  and reimbursement records produced by Defendant.  (Drexler Decl. ¶ 6.)

24         On June 19, 2015, the Court denied Defendant's motion for summary adjudication with respect

25  to all claims except the first cause of action for unpaid overtime (the cause of action for unpaid minimum

26  wages survived) and the cause of action for failure to authorize or permit rest periods.  (Drexler Decl. ¶

27  7.)

28         Defendant deposed Plaintiff Ramirez on June 26, 2014.  Defendant deposed several class

1   member declarants in July of 2016.  Plaintiffs deposed Defendant's company designee on August 1,

2   2014.  (Drexler Decl. ¶ 8.)

3       Plaintiff Ramirez employed an expert witness to analyze and opine on the mileage

4   reimbursement claim for the purposes of class certification.  Defendant deposed that expert on May 4,

5   2016.  (Drexler Decl. ¶ 9.)

6       On June 24, 2016, the Court granted Plaintiff Ramirez's motion for class certification as to

7   Plaintiff Ramirez's wage statement claim only and denied class certification as to Plaintiff Ramirez's

8   claim under Labor Code section 2802.  Class notice was mailed and only 165 class members opted out

9   of the Class.  (Drexler Decl. ¶ 10.)

10      On July 29, 2016, the Court conducted a hearing on the threshold pre-trial issues of:  (1) whether

11  Defendant waived its right to a jury trial by failing to timely pay jury fees; and (2) whether the 2013

12  amendment to Labor Code section 226 should apply to the entire claims period (running back to

13  September 30, 2010) as far as presuming injury for wage statement defects.  The Court ruled that the

14  2013 amendment was a change to the law and did not apply to the period prior to 2013.  Further, the

15  Court ruled that, because it believed individual issues would predominate where injury was not

16  presumed, the class period should be shortened to the period beginning January 1, 2013 and ending, as

17  before, at June 24, 2016, the date of certification.  Plaintiff Ramirez filed a petition for writ of mandate

18  challenging this ruling on August 10, 2016, which was denied October 27, 2016.  (Drexler Decl. ¶ 11.)

19      Plaintiff Ramirez additionally filed a petition for writ of mandate on August 23, 2016

20  challenging the denial of class certification for the section 2802 claim.  That writ was also denied on

21  October 27, 2016.  (Drexler Decl. ¶ 12.)

22      The Court granted leave and Plaintiffs filed a Third Amended Complaint on December 7, 2016

23  to add Plaintiffs Fernando Hernandez and Aleksandra Godanis to serve as class representatives, as they

24  were employed during the shortened class period.  (Drexler Decl. ¶ 13.)

25      Plaintiffs then alerted the Court to the Court of Appeal decision in *Lubin v. Wackenhut Corp.*, 5

26  Cal.App.5th 926 (Nov. 21, 2016) and its ruling that the amendment to Labor Code § 226 (a) clarified

27  existing law and is therefore "retroactive," and did not constitute a prospective change in the law.

28  Accordingly, the Court invited a motion for reconsideration to reinstate the full class period on the basis

1   of *Lubin* and indicated that should *Lubin* be good law at the time of the hearing that it will be bound by

2   the decision. Plaintiffs filed the motion for reconsideration on December 14, 2016. The Court set the

3   motion for hearing on February 1, 2017. It was later continued to February 2, 2017, February 3, 2017,

4   and, lastly, April 28, 2017, before the hearing was vacated.   (Drexler Decl. ¶ 14.)

5          On December 14, 2016, the Parties filed Cross-Motions for Summary Adjudication with respect

6   to the issue of whether the name on Defendant's wage statements to non-exempt employees violates

7   California Labor Code §226(a)(8). On February 3, 2017, the Court granted Plaintiffs' Motion for

8   Summary Adjudication (denying Defendant's Motion for Summary Adjudication).   (Drexler Decl. ¶

9   15.)

10         **B.        The Parties Settled After Mediation**

11         On October 5, 2017, the Parties participated in full-day mediation with David Rotman, an

12  experienced mediator of wage and hour class actions. Mr. Rotman helped to manage the Parties'

13  expectations and provided a useful, neutral analysis of the issues and risks to both sides. With Mr.

14  Rotman's guidance, the Parties were able to negotiate an amended settlement of Plaintiffs' certified wage

15  statement claim. The terms of the settlement are set forth in complete and final form in the Joint

16  Stipulation of Class Action Settlement and Release of All Claims Based on the Alleged Failure to

17  Provide Accurate and Itemized Wage Statements. (Drexler Decl. ¶ 18.)

18         **C.        The Proposed Settlement Fully Resolves Plaintiffs' Claims**

19                **1.        Composition of the Settlement Class**

20         The proposed Settlement Class consists of all non-exempt employees who worked at any of

21  Defendant's California locations and received one or more wage statements from Defendant during the

22  period from September 30, 2010 to February 21, 2017 ("Class Period"), excluding all individuals who

23  excluded themselves from the Wage Statement Class previously certified by the Court ("Class

24  Members"). The Settlement Class shall not exceed 21,000 members. (Settlement Agreement ¶¶ 5, 63.)

25                **2.        Settlement Consideration**

26         Plaintiffs and Defendant have agreed to settle the underlying class claims in exchange for the

27  Class Settlement Amount of $1,999,999. The Class Settlement Amount includes:  (1) automatic

28  payments to all Participating Class Members—meaning, all Class Members except those who  submit

timely and valid Requests for Exclusion—from the Net Settlement Amount; (2) $666,667 in attorneys' fees (i.e., one-third of the common fund) and up to $136,000 in litigation costs to Class Counsel; (3) Settlement Administration Costs of approximately $60,000; (4) a $15,000 payment to the LWDA; and (5) Class Representative Enhancement Payments of $7,500 to Alejandro Ramirez and $3,000, each, to Fernando Hernandez and Aleksandra Godanis for their services on behalf of the Settlement Class/LWDA.  (Settlement Agreement ¶¶ 2, 7, 8, 13, 25.)

Subject to the Court approving Attorneys' Fees and Costs, Settlement Administration Costs, the payment to the LWDA, and the Class Representative Enhancement Payments, the Net Settlement Amount will be distributed to Participating Class Members in full.  (Settlement Agreement ¶ 14, 51-52.)

### 3.   Formula for Calculating Payments from the Net Settlement Amount

Each Class Member's share of the Net Settlement Amount will be proportional to the number of weeks he or she worked during the Class Period.  The entire Net Settlement Amount will be disbursed to all Class Members who do not opt out of the Settlement Class.  (Settlement Agreement ¶¶ 51-52.)  The Settlement Administrator will calculate payments from the Net Settlement Amount according to the following formula:

- Defendant will calculate the total number of Workweeks worked by each Class Member during the Class Period and the aggregate total number of Workweeks worked by all Class Members during the Class Period.

- To determine each Class Member's estimated "Individual Settlement Payment," the Settlement Administrator will use the following formula:  The Net Settlement Amount will be divided by the aggregate total number of Workweeks of Participating Class Members, resulting in the "Workweek Value."  Each Participating Class Member's "Individual Settlement Payment" will be calculated by multiplying each individual Participating Class Member's total number of Workweeks by the Workweek Value.

- The entire Net Settlement Amount will be disbursed to all Participating Class Members. If there are any valid and timely Requests for Exclusion, the Settlement Administrator shall proportionately increase the Individual Settlement Payment for each Participating Class Member according to the number of Workweeks worked, so that the amount

1        actually distributed to the Settlement Class equals 100% of the Net Settlement Amount.

2            Given that there are up to 21,000 Class Members, the average net recovery is approximately

3  $50, and solely for the release of the wage statement claim. This average net recovery is commensurate

4  with many wage and hour class action settlements approved by California state and federal courts for

5  much broader releases.

6                 **4.**      **Release by the Settlement Class**

7            In exchange for the Class Settlement Amount, Plaintiff and Participating Class Members will

8  agree to release the Released Claims, which are limited to the certified wage statement claim and

9  derivate claims:

> 10      All claims, rights, demands, liabilities, and causes of action, whether known or
> unknown, arising from, or related to, the alleged failure to provide accurate and
> 11      itemized wage statements, including, but not limited to, claims under California
> Labor Code §§ 226 and 226.3. The Released Claims shall also include all claims
> 12      derived from the wage statement claim alleged or that could have been asserted
> based on the alleged failure to provide accurate and itemized wage statements in
> 13      the operative complaint, including claims under the California Private Attorneys
> General Act of 2004, California Labor Code §§ 2698-2699.5; and claims under
> 14      the California Unfair Competition Law, California Business & Professions Code
> §§ 17200, *et seq.*
> 15

16  (Settlement Agreement ¶¶ 6, 21.) The Released Claims are those that accrued during the Class Period.

17  (*Id.* at ¶ 6.)

18  **III.**    **ARGUMENT**

19         **A.**     **The Court Should Preliminarily Approve the Proposed Class Action Settlement**

20                 **1.**      **Courts Review Class Action Settlements to Ensure that the Terms Are**

21                          **Fair, Adequate, and Reasonable**

22            California Rule of Court ("Rule"), Rule 3.769 requires litigants to obtain court approval of class

23  action settlements. Approval occurs in two steps: (1) an early "preliminary" review by the trial court;

24  and (2) a subsequent "final" review after notice of the settlement has been distributed to class members

25  for their comments and objections. Rules 3.769(c)-(g); *Cellphone Termination Fee Cases*, 180 Cal.

26  App. 4th 1110, 1118 (2010) (the court first "preliminarily approves the settlement" and later "conducts a

27  final approval hearing to inquire into the fairness of the proposed settlement"). The motion for

28  preliminary approval must be accompanied by (1) the settlement agreement, (2) proposed notice to the

1    class, and (3) the proposed order.  Rule 3.769(c).  The motion must also identify any agreement

2    concerning the payment of attorneys' fees.  Rule 3.769(b).

3        If the trial court grants preliminary approval of a settlement, Rule 3.769(f) requires the court to

4    (1) schedule a final approval hearing and (2) approve the method by which the parties are to provide

5    notice to the class of the hearing and "an explanation of the proposed settlement."  The court must also

6    approve a procedure for class members to file objections to the settlement.  Rule 3.769(f).  At the final

7    approval hearing, the court must conduct an inquiry into the fairness of the proposed settlement.  Rule

8    3.769(g).

9        Although Rule 3.769 does not provide detail as to the scope of review of the proposed

10   settlement, preliminary approval is warranted if the settlement falls within a "reasonable range."  *See*

11   *North County Contractor's Assn., Inc. v. Touchstone Ins. Services*, 27 Cal. App. 4th 1085, 1089-90

12   (1994); Conte & Newberg, *Newberg on Class Actions*, §§ 11.26 (4th ed. 2002) ("Newberg").

13       Reasonableness and fairness are presumed where, as here: (1) the settlement is reached through

14   "arms-length bargaining;" (2) investigation and discovery are "sufficient to allow counsel and the court

15   to act intelligently;" (3) counsel is "experienced in similar litigation;" and (4) the percentage of objectors

16   "is small" (collectively, *Dunk* Factors").  *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1802 (1996).[2]

17            **2.    Class Counsel Conducted a Thorough Investigation of the Factual and**

18                   **Legal Issues and Were Thus Able to Objectively Assess the Settlement's**

19                   **Reasonableness**

20       Class Counsel's evaluation of the settlement's terms was informed by several factors, including

---

21   [2] The presumption of fairness is consistent with California's public policy goal of favoring
22   settlements.  *Stambaugh v. Super. Ct.*, 62 Cal. App. 3d 231, 236 (1976) ("the law wisely favors
     settlements"); *Cellphone Termination Fee Cases*, 180 Cal. App. 4th at 1118 ("public policy generally
23   favors the compromise of complex class action litigation"); *7-Eleven Owners for Fair Franchising v.
     Southland Corp.*, 85 Cal. App. 4th 1135, 1151 (2000) ("voluntary conciliation and settlement are the
24   preferred means of dispute resolution . . . [t]his is especially true in complex class action litigation");
     *Skulnick v. Roberts Express, Inc.*, 2 Cal. App. 4th 884, 891 (1992) ("public policy strongly discourages
25   litigation and encourages settlement [because settlements] can produce peace and goodwill in the
     community while reducing the expense and persistency of litigation").  Additionally, in reviewing the
26   fairness of a class action settlement, due regard should be given to what is "otherwise a private
     consensual agreement between the parties."  *Cellphone Termination Fee Cases*, 186 Cal. App. 4th at
27   1389.  The inquiry "must be limited to the extent necessary to reach a reasoned judgment that the
     agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties,
28   and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Id.*

1    its analysis of the considerable discovery that had been conducted.  The extensive document and data

2    exchanges enabled Class Counsel to fully assess the nature and magnitude of the claims being settled, as

3    well as the impediments to recovery, such as to make an independent assessment of the reasonableness

4    of the Settlement's terms.  For example, SCPC produced over 1000 pages of documents, including

5    policy documents, exemplar wage statements and dates of employment for all class members, which

6    Class Counsel carefully analyzed.  (Drexler Decl. ¶ 16.)

7         In summary, by engaging in such a thorough investigation and evaluation of Plaintiffs' claims,

8    Class Counsel believe that the Settlement, for the consideration and on the terms set forth in the

9    Settlement Agreement, is fair, reasonable, an adequate, and is in the best interests of Class Members in

10   light of all known facts and circumstances, including the risk of significant delay and uncertainty

11   associated with litigation, various defenses asserted by Defendant.  (Drexler Decl. ¶ 17.)

12                    **3.     The Settlement Was Reached Through Arm's-Length Bargaining in**

13                         **Which All Parties Were Represented by Experienced Counsel**

14        "[W]hat transpires in settlement negotiations is highly relevant to the assessment of a proposed

15   settlement's fairness."  *State v. Levi Strauss & Co.*, 41 Cal. 3d 460, 482 (1986).  Courts presume the

16   absence of fraud or collusion in the negotiation of a settlement, unless evidence to the contrary is offered;

17   thus, there is a presumption that settlement negotiations are conducted in good faith.  Newberg, § 11.51.

18        The Parties participated in two separate mediations before David A. Rotman, an experienced

19   mediator of wage and hour class actions, who helped manage the Parties' expectations and provided a

20   useful, neutral analysis of the issues and risks to both sides.  *See In re Apple Computer, Inc. Derivative*

21   *Litig.*, No. C 06-4128 JF (HRL), 2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008) (mediator's

22   participation weighs considerably against any inference of a collusive settlement), *D'Amato v. Deutsche*

23   *Bank*, 236 F.3d 78, 85 (2d Cir. 2001) (a "mediator's involvement in pre-certification settlement

24   negotiations helps to ensure that the proceedings were free of collusion and undue pressure.").  At all

25   times, the Parties' negotiations were adversarial and non-collusive.

26        The Parties were represented by experienced class action counsel throughout the negotiations

27   resulting in this Settlement.  Plaintiffs are represented by Capstone Law APC.  Capstone Law APC

28   employs seasoned class action attorneys who regularly litigate wage and hour claims through

certification and on the merits, and have considerable experience settling wage and hour class actions. (Drexler Decl. ¶¶ 28-32, Ex. 3.)  Defendant is represented by Seyfarth Shaw LLP, a renowned national defense firm.

### 4. The Amount Offered In The Settlement Is Reasonable Given the Strengths of Plaintiffs' Claims and the Risks and Expense of Continued Litigation

In seeking approval, a settling party must provide sufficient information to "enable the court to make an independent assessment of the adequacy of the settlement terms." *Kullar v. Foot Locker Retail, Inc.*, 168 Cal. App. 4th 116, 131-32 (2008).  However, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair." *See Officers for Justice v. Civil Serv. Comm'n of City & Cty. of San Francisco*, 688 F.2d 615, 628 (9th Cir. 1982). "The proposed settlement is not to be judged against a hypothetical or speculative measure of what might have been achieved by the negotiators." *Id.* at 625. "Estimates of a fair settlement figure are tempered by factors such as the risk of losing at trial, the expense of litigating the case, and the expected delay in recovery (often measured in years)." *In re Toys R Us-Delaware, Inc.-- Fair & Accurate Credit Transactions Act (FACTA) Litig.*, 295 F.R.D. 438, 453 (C.D. Cal. 2014).  In other words, in valuing the claims within a realistic *range* of outcomes, the settling plaintiff should discount the value of the settled claims for risks such as changes in the law, the probability of success, and other factors.[3]

Labor Code section 226 requires employers to furnish employees, either as a detachable part of

---

[3] Federal district courts also recognize that there is an inherent "range of reasonableness" in determining whether to approve a settlement "which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Id.* at 188, *quoting Newman v. Stein*, 464 F. 2d 689, 693 (2d Cir.).  *See In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008); *see also Nat'l Rural Telecomm. Coop. v. Directv, Inc.*, 221 F.R.D. 523, 527 (C.D. Cal. 2004) ("well settled law that a proposed settlement may be acceptable even though it amounts to only a fraction of the potential recovery"); *In re Global Crossing Sec. and ERISA Litig.*, 225 F.R.D. 436, 460 (S.D.N.Y. 2004) ("settlement amount's ratio to the maximum potential recovery need not be the sole, or even dominant, consideration when assessing settlement's fairness"); *In re IKON Office Solutions, Inc. Sec. Litig.*, 194 F.R.D. 166, 184 (E.D. Pa. 2000) ("the fact that a proposed settlement constitutes a relatively small percentage of the most optimistic estimate does not, in itself, weigh against the settlement; rather the percentage should be considered in light of strength of the claims"); *Officers for Justice v. Civil Serv. Comm.*, 688 F. 2d 615, 628 (C.A. Cal. 1982) (it is "the complete package, taken as a whole rather than the individual component parts, that must be examined for overall fairness").

their paychecks or in a separate writing when wages are paid, an accurate itemized statement showing, *inter alia*, the employer's full name and address. *See* Labor Code § 226(a)(8). Plaintiffs allege that Defendant violated Labor Code section 226(a)(8) by failing to list its full registered name (i.e., "Southern California Pizza" instead of "Southern California Pizza Company, LLC") and address on employee wage statements. (Drexler Decl. ¶ 20.)

Under Labor Code section 226(e), an employee "suffering injury" from a "knowing and intentional failure" by an employer to comply with Labor Code section 226 is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000. (Drexler Decl. ¶ 21.)

An employee "is deemed to suffer injury . . . if the employer fails to provide accurate and complete information as required by . . . subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone" the information required to be provided pursuant to section 226(a). *Id.* § 226(e)(2)(B). Promptly and easily "means a reasonable person would be able to readily ascertain the information without reference to other documents or information." *Id.* § 226(e)(2)(C). (Drexler Decl. ¶ 22.)

Here, Plaintiffs allege that Class Members could not "readily ascertain" Defendant's registered name and address "without reference to other documents or information," and were therefore injured by Defendant's failure "to provide accurate and complete information as required by . . . subdivision (a)." It could be argued, however, that once Class Members referred to "other documents or information" to ascertain Defendant's correct registered name and address, they would no longer have been injured by Defendant's failure to comply with section 226(a)(8), and as such, would be entitled to only a $50 penalty. If the Court accepted such an argument, Defendant's maximum potential exposure would therefore be the product of: (1) the total number of Class Members who received a wage statement that failed to list Defendant's registered name (approximately 19,580) and $50; and (2) the total number of Class Members (during the statute of limitations period) who received a wage statement that failed to list Defendant's registered address (approximately 9,520) and $50. Defendant's maximum potential exposure for wage statement penalties would therefore be approximately $1.455 million. (Drexler Decl.

¶ 23.)

Plaintiffs subsequently determined an appropriate range of recovery for settlement purposes by offsetting Defendant's maximum theoretical exposure by the strengths of its affirmative defenses and the Discount Factors.  For example, with respect to the failure to print its full name on employee wage statements, Defendant argued that Labor Code section 226(a)(8) does not specifically require employers to list their complete, registered name on wage statements.  (Drexler Decl. ¶ 24.)

Moreover, to award statutory penalties under section 226(e), Defendant maintained that Plaintiff would have had to prove that Defendant's violation of 226(a) was "knowing and intentional."  Defendant contended that Plaintiffs had not proffered any evidence that the violation was "knowing and intentional," and cited the Court's comment that for the purposes of the motion for summary adjudication, there was no specific evidence showing that the violation was "knowing and intentional." (Drexler Decl. ¶ 25.)

Regarding the failure to print its business address on the wage statements, Defendant claimed that Labor Code section 226(e)(2)(B)(iii) provides for penalties only if wage statements do not include— *conjunctively*—the "name and address of the employer."  Defendant also argued that it would be unjust to penalize it for mere technical violations of the statute as its wage statements substantially complied with section 226's statutory requirements.  *See Hernandez v. BCI Coca-Cola Bottling Co.*, 2012 WL 12272348, at *8 (C.D. Cal. Apr. 12, 2012), *aff'd*, 554 F. App'x 661 (9th Cir. 2014) (granting summary judgment for defendant; "to the extent that Defendant's wage statements arguably are not in technical compliance with section 226(a) ... the Court concludes they are in 'substantial compliance").  (Drexler Decl. ¶ 26.)

Given the facts here, and the challenges faced by Plaintiffs in sustaining aggregate litigation through trial, the $1,999,999 fund secured for the Class is well within the range of reasonableness and should be preliminarily approved.  (Drexler Decl. ¶ 27.)

## B. The Proposed Notice Properly Informs Class Members about the Case and the Settlement

Class members are entitled to the best practical notice under the circumstances. *Kass v. Young*, 67 Cal. App. 3d 100, 106 (1977).  The purpose of the notice is to give class members sufficient

1   information to decide whether they should accept the benefits offered, opt out and pursue their own

2   remedies, or object to the settlement.  *Trotsky v. Los Angeles Fed. Savings & Loan Assn.*, 48 Cal. App.

3   3d 143, 151-52 (1975).  The notice must advise class members "that they may be excluded from the

4   class if they so request and that they will be bound by the judgment, whether favorable or not, if they do

5   not request exclusion."  *Kass*, 67 Cal. App. 3d at 106.  In a case such as this involving a significant

6   number of class members, California authorities generally require service of the class notice by mail or

7   similar reliable means.  *Chance v. Super. Ct.*, 58 Cal. 2d 275, 290 (1962); *Cartt v. Super. Ct.*, 50 Cal.

8   App. 3d 960, 972 (1975).[4]

9        The Parties have jointly drafted the Notice of Class Action Settlement and Request for Exclusion

10   Form ("Notice Packet") which fairly and neutrally inform Class Members of their rights and remedies in

11   this action.  The proposed Notice Packet will be mailed to all Class Members by First Class mail and will

12   include information regarding the nature of the lawsuit, a summary of the substance of the Settlement's

13   terms, the class definition, the procedure and time period within which to submit Requests for Exclusion

14   Forms or objects to the Settlement, the date for the final approval hearing, the formula used to calculate

15   settlement payments, and the terms and scope of the Released Claims.  (Settlement Agreement, Exhibits

16   A and B.)  The Class Notice also apprises Class Members of other putative class actions alleging similar

17   or overlapping claims against Defendant.  *See Trotsky*, 48 Cal. App. 3d at 151-52.

18        Before mailing the Notice Packets, the Settlement Administrator will verify the addresses

19   produced by Defendant for each Class Member using the National Change of Address Database.

20   (Settlement Agreement ¶ 57.)  In the event Class Notices are returned as undeliverable, the Settlement

21   Administrator will attempt to locate a current address using, among other resources, a class action locator

22   service.  (*Id.*)

23        Accordingly, both the method of disseminating the Class Notice and content of the Class Notice

24   satisfy due process and the requirements of California law.  *See* C.R.C. 3.776(e)-(f); *State of Cal. v. Levi*

25

26   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     [4] Due process does not require that each class member actually receive a notice, but rather a
     procedure reasonably certain to reach class members.  Wright, A. Miller & M. Kane, *Federal Practice*
27   *and Procedure* § 1789, at 253 (2d ed. 1986).  If appropriate notice is given, class members will be bound
     by the judgment even if they never actually receive the notice.  *Fontana v. Elrod*, 826 F.2d 729, 732 (7th
28   Cir. 1987).

1   *Strauss*, 41 Cal. 3d 460, 485 (1986) (the class notice must "fairly apprise the class members of the terms

2   of the proposed compromise and of the options open to dissenting class members.")

3           **C.     The Court Should Preliminarily Approve the Proposed PAGA Settlement**

4           Pursuant to the Settlement Agreement, $20,000 from the Class Settlement Amount shall be

5   allocated to the resolution of the PAGA claim, of which 75% ($15,000) will be paid directly to the

6   LWDA, and the remaining 25% will be paid to Participating Class Members.  (Settlement Agreement ¶¶

7   13, 50.)  This result was reached after good-faith negotiation between the parties with input from the

8   mediator.  Where PAGA penalties are negotiated in good faith and "there is no indication that [the]

9   amount was the result of self-interest at the expense of other Class Members," such amounts are

10  generally considered reasonable.  *Hopson v. Hanesbrands Inc.*, Case No. 08-00844, 2009 U.S. Dist.

11  LEXIS 33900, at *24 (N.D. Cal. Apr. 3, 2009); *see, e.g.*, *Nordstrom Com. Cases*, 186 Cal. App. 4th 576,

12  579 (2010) ("[T]rial court did not abuse its discretion in approving a settlement which does not allocate

13  any damages to the PAGA claims.").

14          A copy of the Settlement Agreement was electronically filed with the LWDA on December 20,

15  2017. *See* Drexler Decl., Ex. 2.  Although Plaintiff electronically filed the original Settlement

16  Agreement with the LWDA on May 9, 2017, Plaintiffs are unaware of any objections or oppositions

17  from the LWDA that challenge the reasonableness or fairness of the proposed settlement.  This also is

18  evidence that the proposed settlement is fair and reasonable that warrants preliminary approval by the

19  Court.

20          **D.     The Court Should Preliminarily Approve the Negotiated Enhancement Payments**

21          Enhancement payments "are fairly typical in class action cases." *Cellphone Termination Fee*

22  *Cases*, 186 Cal. App. 4th 1380, 1393 (2010) (affirming incentive awards of $10,000); *Rodriguez v. West*

23  *Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2009), citing 4 Newberg on Class Actions (4th ed. 2002) §

24  11:38, and Eisenberg & Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53

25  UCLA L. Rev. 1303 (2006).  Enhancement payments "are intended to compensate class representatives

26  for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing

27  the action, and, sometimes, to recognize their willingness to act as a private attorney general."

28  *Rodriguez*, 563 F.3d at 958–59.  "[T]he rationale for making enhancement or incentive awards to named

1   plaintiffs is that they should be compensated for the expense or risk they have incurred in conferring a

2   benefit on other members of the class." *Clark v. American Residential Services LLC*, 175 Cal. App. 4th

3   785 (2009).

4     Up to 21,000 current and former SCPC employees will share a $1,999,999 settlement fund due

5   entirely to the effort and commitment of Alejandro Ramirez, Fernando Hernandez, and Aleksandra

6   Godanis.   Subject to Court approval, therefore, the Settlement provides for Service Payments of $7,500

7   to Mr. Ramirez and $3,000, each, to Mr. Hernandez, and Ms. Godanis.[5]   The Enhancement Payments

8

---

9   [5] Such amounts are reasonable by reference to the amounts that California courts (both federal
and state) have repeatedly found to be reasonable for wage and hour class action settlements:  *See Carter
v. GMRI Inc.*, No. RIC 1506085 (Riverside County Super. Ct. Jan. 10, 2017) (awarding $10,000
enhancement payments to the named plaintiffs); *Crook v. Barton Healthcare System*, No. SC20150146
(El Dorado County Super. Ct. Dec. 9, 2016) (awarding $10,000 enhancement payment to the named
plaintiff); *Singh v. American Building Supply, Inc.*, No. 34-2015-00179889-CU-OE-GDS (Sacramento
County Super. Ct. Oct. 3, 2016) (awarding $10,000 enhancement payment to the named plaintiff);
*Alvarez v. MAC Cosmetics Inc.*, No. CIVDS1513177 (San Bernardino County Super. Ct. July 29, 2016)
(awarding $10,000 enhancement payments to the named plaintiffs); *Coffey v. Beverages & More, Inc.*,
No. BC477269 (L.A. County Super. Ct. July 26, 2016) (awarding $10,000 enhancement payment to the
named plaintiff); *Restoration Hardware Wage and Hour Cases*, No. JCCP4794 (L.A. County Super. Ct.
April 28, 2016) (awarding $10,000 enhancement payments to the named plaintiffs); *Cook v. United
Insurance Co. of Amer.*, No. CIVMSC10-00425 (Contra Costs County Super. Ct. April 15, 2016)
(awarding $10,000 enhancement payments to the named plaintiffs); *Quintana v. Claire's Boutiques, Inc.*,
No. 5:13-cv-00368-PSG (N.D. Cal. Dec. 1, 2015) (awarding $10,000 enhancement payments to the
named plaintiffs); *Paredes v. American Family Care, Inc.*, No. 34-2014-00167060-CU-OE-GDS
(Sacramento County Super. Ct. Nov. 17, 2015) (awarding $10,000 enhancement payment to the named
plaintiff); *Hoagland v. Brooks Brothers Group, Inc.*, No. BC511534 (L.A. County Super. Ct. July 16,
2015) (awarding $10,000 enhancement payment to the named plaintiff); *Baker v. L.A. Fitness Int'l, LLC*,
No. BC438654 (L.A. County Super. Ct. Dec. 12, 2012) (awarding $10,000 enhancement payments to
three of the named plaintiffs); *Blue v. Coldwell Banker Residential Brokerage Co.*, No. BC417335 (L.A.
County Super. Ct. Mar. 21, 2011) (awarding $10,000 enhancement payment); *Buckmire v. Jo-Ann
Stores, Inc.*, No. BC394795 (L.A. County Super. Ct. June 11, 2010) (awarding $10,000 enhancement
payments to the named plaintiffs); *Coleman v. Estes Express Lines, Inc.*, No. BC429042 (L.A. County
Super. Ct. Oct. 3, 2013) (awarding $10,000 enhancement payment); *Ethridge v. Universal Health
Services, Inc.*, No. BC391958 (L.A. County Super. Ct. May 27, 2011) (awarding $10,000 enhancement
payment); *Hickson v. South Coast Auto Insurance Marketing, Inc.*, No. BC390395 (L.A. County Super.
Ct. Mar. 27, 2012) (awarding $10,000 enhancement payment*); Hill v. Sunglass Hut Int'l, Inc.*, No.
BC422934 (L.A. County Super. Ct. July 2, 2012) (awarding $10,000 enhancement payments to the
named plaintiffs); *Kabamba v. Victoria's Secret Stores, LLC*, No. BC368528 (L.A. County Super. Ct.
Aug. 19, 2011) (awarding enhancement payments of $10,000 to the named plaintiffs); *Magee v.
American Residential Services, LLC*, No. BC423798 (L.A. County Super. Ct. Apr. 21, 2011) (awarding
$15,000 enhancement payment); *Mares v. BFS Retail & Commercial Operations, LLC*, No. BC375967
(L.A. County Super. Ct. June 24, 2010) (awarding $15,000 enhancement payments to the named
plaintiffs); *Nevarez v. Trader Joe's Co.*, No. BC373910 (L.A. County Super. Ct. Jan. 29, 2010)
(awarding $10,000 enhancement payment); *Ordaz v. Rose Hills Mortuary, L.P.*, No. BC386500 (L.A.
County Super. Ct. Mar. 19, 2010) (awarding $10,000 enhancement payments to the named plaintiffs);
*Sheldon v. AHMC Monterey Park Hospital LP*, No. BC440282 (L.A. County Super. Ct. Feb. 22, 2013)
(awarding $10,000 enhancement payment); *Silva v. Catholic Mortuary Services, Inc.*, No. BC408054

1   are fair and reasonable compensation for Plaintiffs' efforts in pursuing the action, serving as private

2   attorneys general under PAGA, assisting counsel with the litigation and settlement, being deposed (in the

3   case of Alejandro Ramirez), regularly conferring with counsel on the status of their case and the

4   strategies for prosecuting the claims, and reviewing the proposed settlement to ensure that its terms are

5   fair and provide adequate relief for the Settlement Class.

6         Plaintiffs will file a formal motion for the negotiated Enhancement Payments once preliminary

7   approval of the Settlement is granted.  Plaintiffs respectfully submit that the above showing is sufficient

8   for preliminary approval of the negotiated Enhancement Payment.

9         **E.      The Court Should Preliminarily Approve the Negotiated Attorneys' Fees and**

10            **Costs**

11         The purpose of an attorneys' fee award in class action litigation is to reward counsel who took

12   the risk of non-payment and invested in a case that achieved a substantial positive result for the class.

13   California courts routinely award attorneys' fees equalling one-third or more of the potential value of the

14   common fund.  *See Laffitte v. Robert Half, Inc.*, 1 Cal. 5th 480 (2016) (affirming a fee award

15   representing one-third of the common fund); *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 n.11

16   (2008) ("Empirical studies show that, regardless whether the percentage method or the lodestar method

17   is used, fee awards in class actions average around one-third of the recovery.").  At final approval,

18

19   (L.A. County Super. Ct. Feb. 8, 2011) (awarding $10,000 enhancement payments to the named
20   plaintiffs); *Weisbarth v. Banc West Investment Services, Inc.*, No. BC422202 (L.A. County Super. Ct.
     May 24, 2013) (awarding $10,000 enhancement payment); *Zamora v. Balboa Life & Casualty, LLC*,
21   No. BC360026 (L.A. County Super. Ct. Mar. 7, 2013) (awarding $25,000 enhancement payments to the
     named plaintiffs); *Acheson v. Express, LLC*, No. 109CV135335 (Santa Clara County Super. Ct. Sep. 13,
22   2011) (awarding $10,000 enhancement payment); *Aguiar v. Cingular Wireless, LLC*, No. CV 06-8197
     DDP (AJWx) (C.D. Cal. Mar. 17, 2011) (awarding $14,767 enhancement payment); *Bejarano v.*
23   *Amerisave Mortgage Corp.*, No. EDCV 08-00599 SGL (Opx) (C.D. Cal. June 22, 2010) (awarding
     $10,000 enhancement payment); *Carbajal v. Sally Beauty Supply LLC*, No. CIVVS 1004307 (San
24   Bernardino Super. Ct. Aug. 6, 2012) (awarding $10,000 enhancement payments to the named Plaintiffs);
     *Contreras v. Serco Inc.*, No. 10-cv-04526-CAS-JEMx (C.D. Cal. Sep. 10, 2012) (awarding $10,000
25   enhancement payment); *Guerrero v. R.R. Donnelley & Sons Co.*, No. RIC 10005196 (Riverside Super.
     Ct. July 16, 2013) (awarding $10,000 enhancement payment); *Kisliuk v. ADT Security Services, Inc.*,
26   No. CV08-03241 DSF (RZx) (C.D. Cal. Jan. 10, 2011) (awarding $10,000 enhancement payment);
     *Morales v. BCBG Maxazria Int'l Holdings, Inc.*, No. JCCP 4582 (Orange County Super. Ct. Jan. 24,
27   2013) (awarding $10,000 enhancement payment); and *Barrett v. Doyon Security Services, LLC*, Nos.
     BS900199, BS900517 (San Bernardino County Super. Ct. Apr. 23, 2010) (awarding $10,000
28   enhancement payment).

1    Plaintiffs will seek Court-approval of attorneys' fees and costs of $666,667 (one-third of the Class

2    Settlement Amount) and $136,000, respectively.

3    **IV.     CONCLUSION**

4          The Parties have negotiated a fair and reasonable settlement of claims.  Having appropriately

5    presented the materials and information necessary for preliminarily approval, the Parties request that the

6    Court preliminarily approve the settlement.

7

8

9    Dated:  December 20, 2017                    Respectfully submitted,

10                                                Capstone Law APC

11                                           By: _____

12                                                Raul Perez
                                                  Melissa Grant
13                                                Robert J. Drexler, Jr.

14                                                Attorneys for Plaintiffs Alejandro Ramirez, Fernando
                                                  Hernandez, and Aleksandra Godanis
15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067.

On December 20, 2017, I served the within document(s) described below as:

**NOTICE OF MOTION AND MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

Jon D. Meer
Sheryl L. Skibbe
Leo Q. Li
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

Eric A. Grover
Keller Grover LLP
1965 Market Street
San Francisco, California 94103
*Counsel for Plaintiff Huerta*

Jeremiah Frei-Pearson
D. Greg Blankinship
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
*Counsel for Plaintiff Huerta*

Armando M. Galvan
Law Office of San Fernando
405 N. Maclay Avenue, Suite 203
San Fernando, California 91340
*Counsel for Plaintiff Uriel Hernandez*

**(X)**   **ELECTRONIC SERVICE**: I caused the document(s) to be transmitted electronically via One Legal eService to the individuals listed above, as they exist on that database.  This will constitute service of the document(s).

**( )**   **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

**( )**   **ELECTRONIC SERVICE:**  I caused the above-referenced document(s) to be transmitted to the above-named individual(s) at the e-mail address listed above.

**( )**   **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid to the address(es) listed above.

**(X)**   **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on December 20, 2017, at Los Angeles, California.

_____
Sandy S. Acevedo

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**12/20/2017** at 03:10:00 PM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

1  Raul Perez (SBN 174687)
   Raul.Perez@capstonelawyers.com
2  Melissa Grant (SBN 205633)
   Melissa.Grant@capstonelawyers.com
3  Robert J. Drexler, Jr. (SBN 119119)
   Robert.Drexler@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:      (310) 556-4811
6  Facsimile:      (310) 943-0396

7  Attorneys for Plaintiffs Alejandro Ramirez,
   Fernando Hernandez, and Aleksandra Godanis and the Class

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                    FOR THE COUNTY OF ORANGE

11 | Coordination Proceeding Special Title | JCCP No. 4725
   | (Rule 3.550)                          | [Coordination Trial Judge:
12 |                                       | Hon. William D. Claster, Dept. CX102]
   | **SOUTHERN CALIFORNIA PIZZA**
13 | **WAGE AND HOUR CASES**               | **DECLARATION OF ROBERT J. DREXLER,**
   |                                       | **JR. IN SUPPORT OF MOTION FOR**
14 |        Included actions:              | **PRELIMINARY APPROVAL OF AMENDED**
   |                                       | **CLASS ACTION SETTLEMENT**
15 |
   | Hernandez v. Southern California Pizza | Date:      February 2, 2018
16 | Company, LLC, et al.                  | Time:      9:00 a.m.
   |                                       | Place:     Department CX102
17 | Ramirez v. Southern California Pizza
   | Company, LLC                          |
18 |                                       | **RESERVATION ID: 72720914**
19 | Levonian v. Southern California Pizza
   | Company, LLC
20 |
   | Huerta v. Southern California Pizza Company,
21 | LLC
22
23
24
25
26
27
28

1          **DECLARATION OF ROBERT J. DREXLER, JR.**

2          I, Robert J. Drexler, Jr., declare as follows:

3          1.      I am an attorney licensed to practice before all courts of the State of California.  I am

4    Senior Counsel at Capstone Law APC ("Capstone" or "Class Counsel"), counsel of record for Plaintiffs

5    Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis in the above-captioned action.  My

6    knowledge of the information provided herein is based on a combination of personal knowledge and my

7    review of the case file and conversations with counsel.  I make this declaration in support of the Motion

8    for Preliminary Approval of Amended Class Action Settlement.

9                    BRIEF OVERVIEW OF THE LITIGATION

10         2.      On September 30, 2011, Demetrio Hernandez filed suit in the Superior Court of

11   California for the County of Los Angeles against both Southern California Pizza Company, LLC and

12   two corporate Pizza Hut entities, alleging putative class claims under the California Labor Code for:  (1)

13   unpaid overtime; (2) unpaid minimum wages; (3) non-compliant wage statements; (4) unpaid business

14   expenses; (5) wages not timely paid upon termination; (6) unlawful deductions; (7) non-compliant meal

15   periods; and (8) non-compliant rest periods.

16         3.      Because Pizza Hut was a franchisor and uninvolved in the labor practices of SCPC, the

17   Parties stipulated to dismiss the Pizza Hut entities, which was entered on March 26, 2012.  SCPC

18   remains the sole defendant.

19         4.      On September 13, 2012, following a long coordination proceeding, this matter was

20   coordinated with two other cases brought against SCPC by plaintiffs Moises Ramirez and Eric

21   Levonian, respectively.  The coordinated matter was assigned to the Orange County Superior Court Civil

22   Complex Center.  Moises Ramirez and Eric Levonian and their actions have since been dismissed.  Two

23   additional actions brought by plaintiffs Uriel Hernandez and Carolina Huerta were added into the

24   coordination proceeding and, per motion of SCPC, both were stayed.  On September 15, 2017, the Court

25   lifted the stay on plaintiff Carolina Huerta's action.

26         5.      When Plaintiff Hernandez decided not to serve as a class representative, Alejandro

27   Ramirez was substituted in as a named plaintiff and putative class representative, through a Second

28   Amended Complaint filed January 16, 2014.  The Second Amended Complaint also added a cause of

1    action for penalties under PAGA, and allegations that the PAGA claims related back to the filing of the

2    original complaint.

3         6.       Throughout the course of the litigation, Defendant responded to formal discovery

4    including Requests for Admission, Form Interrogatories, Special Interrogatories, and several sets of

5    Requests for Production of Documents.  Defendant has produced over 1,000 pages of documents,

6    including policy documents, exemplar wage statements, and dates of employment for all class members,

7    which Plaintiffs have analyzed.  Plaintiffs have also analyzed voluminous electronic time and wage

8    records, and delivery and reimbursement records produced by Defendant.

9         7.       On June 19, 2015, the Court denied Defendant's motion for summary adjudication with

10   respect to all claims except the first cause of action for unpaid overtime (the cause of action for unpaid

11   minimum wages survived) and the cause of action for failure to authorize or permit rest periods.

12        8.       Defendant deposed Plaintiff Ramirez on June 26, 2014.  Defendant deposed several

13   class member declarants in July of 2016.  Plaintiffs deposed Defendant's company designee on August

14   1, 2014.

15        9.       Plaintiff Ramirez employed an expert witness to analyze and opine on the mileage

16   reimbursement claim for the purposes of class certification.  Defendant deposed that expert on May 4,

17   2016.

18        10.      On June 24, 2016, the Court granted Plaintiff Ramirez's motion for class certification as

19   to Plaintiff Ramirez's wage statement claim only and denied class certification as to Plaintiff Ramirez's

20   claim under Labor Code section 2802.  Class notice was mailed and only 165 class members opted out

21   of the Class.

22        11.      On July 29, 2016, the Court conducted a hearing on the threshold pre-trial issues of:  (1)

23   whether Defendant waived its right to a jury trial by failing to timely pay jury fees; and (2) whether the

24   2013 amendment to Labor Code section 226 should apply to the entire claims period (running back to

25   September 30, 2010) as far as presuming injury for wage statement defects.  The Court ruled that the

26   2013 amendment was a change to the law and did not apply to the period prior to 2013.  Further, the

27   Court ruled that, because it believed individual issues would predominate where injury was not

28   presumed, the class period should be shortened to the period beginning January 1, 2013 and ending, as

1  before, at June 24, 2016, the date of certification.  Plaintiff Ramirez filed a petition for writ of mandate

2  challenging this ruling on August 10, 2016, which was denied October 27, 2016.

3      12.    Plaintiff Ramirez additionally filed a petition for writ of mandate on August 23, 2016

4  challenging the denial of class certification for the section 2802 claim.  That writ was also denied on

5  October 27, 2016.

6      13.    The Court granted leave and Plaintiffs filed a Third Amended Complaint on December

7  7, 2016 to add Plaintiffs Fernando Hernandez and Aleksandra Godanis to serve as class representatives,

8  as they were employed during the shortened class period.

9      14.    Plaintiffs then alerted the Court to the Court of Appeal decision in *Lubin v. Wackenhut

10  Corp.*, 5 Cal.App.5th 926 (Nov. 21, 2016) and its ruling that the amendment to Labor Code § 226 (a)

11  clarified existing law and is therefore "retroactive," and did not constitute a prospective change in the

12  law. Accordingly, the Court invited a motion for reconsideration to reinstate the full class period on the

13  basis of *Lubin* and indicated that should *Lubin* be good law at the time of the hearing that it will be bound

14  by the decision. Plaintiffs filed the motion for reconsideration on December 14, 2016.  The Court set the

15  motion for hearing on February 1, 2017.  It was later continued to February 2, 2017, February 3, 2017,

16  and, lastly, April 28, 2017, before the hearing was vacated.

17      15.    On December 14, 2016, the Parties filed Cross-Motions for Summary Adjudication with

18  respect to the issue of whether the name on Defendant's wage statements to non-exempt employees

19  violates California Labor Code §226(a)(8).  On February 3, 2017, the Court granted Plaintiffs' Motion

20  for Summary Adjudication (denying Defendant's Motion for Summary Adjudication).

21  **CLASS COUNSEL CONDUCTED A THOROUGH INVESTIGATION OF THE FACTUAL AND LEGAL ISSUES**

22  **AND WERE THUS ABLE TO OBJECTIVELY ASSESS THE SETTLEMENT'S REASONABLENESS**

23      16.    Class Counsel's evaluation of the settlement's terms was informed by several factors,

24  including its analysis of the considerable discovery that had been conducted.  The extensive document

25  and data exchanges enabled Class Counsel to fully assess the nature and magnitude of the claims being

26  settled, as well as the impediments to recovery, such as to make an independent assessment of the

27  reasonableness of the Settlement's terms.  For example, SCPC produced over 1000 pages of documents,

28  including policy documents, exemplar wage statements and dates of employment for all class members,

1    which Class Counsel carefully analyzed.

2          17.     In summary, by engaging in such a thorough investigation and evaluation of Plaintiffs'

3    claims, Class Counsel believe that the Settlement, for the consideration and on the terms set forth in the

4    Settlement Agreement, is fair, reasonable, an adequate, and is in the best interests of Class Members in

5    light of all known facts and circumstances, including the risk of significant delay and uncertainty

6    associated with litigation, various defenses asserted by Defendant.

7                      **THE PARTIES SETTLED AFTER MEDIATION**

8          18.     On October 5, 2017, the Parties participated in full-day mediation with David Rotman,

9    an experienced mediator of wage and hour class actions.  Mr. Rotman helped to manage the Parties'

10   expectations and provided a useful, neutral analysis of the issues and risks to both sides.  With Mr.

11   Rotman's guidance, the Parties were able to negotiate an amended settlement of Plaintiffs' certified wage

12   statement claim.  The terms of the settlement are set forth in complete and final form in the Joint

13   Stipulation of Class Action Settlement and Release of All Claims Based on the Alleged Failure to

14   Provide Accurate and Itemized Wage Statements, attached as Exhibit 1.

15         19.     A copy of the Settlement Agreement was electronically filed with the LWDA on

16   December 20, 2017.  *See* Exhibit 2 (LWDA confirmation of receipt).  Although Plaintiff electronically

17   filed the original Settlement Agreement with the LWDA on May 9, 2017, Plaintiffs are unaware of any

18   objections or oppositions from the LWDA that challenge the reasonableness or fairness of the proposed

19   settlement.  This also is evidence that the proposed settlement is fair and reasonable that warrants

20   preliminary approval by the Court.

21       **THE AMOUNT OFFERED IN THE SETTLEMENT IS REASONABLE GIVEN THE STRENGTHS OF**

22       **PLAINTIFFS' CLAIMS AND THE RISKS AND EXPENSE OF CONTINUED LITIGATION**

23         20.     Labor Code section 226 requires employers to furnish employees, either as a detachable

24   part of their paychecks or in a separate writing when wages are paid, an accurate itemized statement

25   showing, *inter alia*, the employer's full name and address.  *See* Labor Code § 226(a)(8).  Plaintiffs allege

26   that Defendant violated Labor Code section 226(a)(8) by failing to list its full registered name (i.e.,

27   "Southern California Pizza" instead of "Southern California Pizza Company, LLC") and address on

28   employee wage statements.

21.     Under Labor Code section 226(e), an employee "suffering injury" from a "knowing and intentional failure" by an employer to comply with Labor Code section 226 is entitled to recover the greater of all actual damages or $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of $4,000.

22.     An employee "is deemed to suffer injury . . . if the employer fails to provide accurate and complete information as required by . . . subdivision (a) and the employee cannot promptly and easily determine from the wage statement alone" the information required to be provided pursuant to section 226(a). *Id.* § 226(e)(2)(B).  Promptly and easily "means a reasonable person would be able to readily ascertain the information without reference to other documents or information." *Id.* § 226(e)(2)(C).

23.     Here, Plaintiffs allege that Class Members could not "readily ascertain" Defendant's registered name and address "without reference to other documents or information," and were therefore injured by Defendant's failure "to provide accurate and complete information as required by . . . subdivision (a)."  It could be argued, however, that once Class Members referred to "other documents or information" to ascertain Defendant's correct registered name and address, they would no longer have been injured by Defendant's failure to comply with section 226(a)(8), and as such, would be entitled to only a $50 penalty.  If the Court accepted such an argument, Defendant's maximum potential exposure would therefore be the product of: (1) the total number of Class Members who received a wage statement that failed to list Defendant's registered name (approximately 19,580) and $50; and (2) the total number of Class Members (during the statute of limitations period) who received a wage statement that failed to list Defendant's registered address (approximately 9,520) and $50.  Defendant's maximum potential exposure for wage statement penalties would therefore be approximately $1.455 million.

24.     Plaintiffs subsequently determined an appropriate range of recovery for settlement purposes by offsetting Defendant's maximum theoretical exposure by the strengths of its affirmative defenses and the Discount Factors.  For example, with respect to the failure to print its full name on employee wage statements, Defendant argued that Labor Code section 226(a)(8) does not specifically require employers to list their complete, registered name on wage statements.

25.     Moreover, to award statutory penalties under section 226(e), Defendant maintained that

1   Plaintiff would have had to prove that Defendant's violation of 226(a) was "knowing and intentional."

2   Defendant contended that Plaintiffs had not proffered any evidence that the violation was "knowing and

3   intentional," and cited the Court's comment that for the purposes of the motion for summary

4   adjudication, there was no specific evidence showing that the violation was "knowing and intentional."

5           26.     Regarding the failure to print its business address on the wage statements, Defendant

6   claimed that Labor Code section 226(e)(2)(B)(iii) provides for penalties only if wage statements do not

7   include—*conjunctively*—the "name and address of the employer." Defendant also argued that it would

8   be unjust to penalize it for mere technical violations of the statute as its wage statements substantially

9   complied with section 226's statutory requirements. *See Hernandez v. BCI Coca-Cola Bottling Co.*,

10   2012 WL 12272348, at *8 (C.D. Cal. Apr. 12, 2012), *aff'd*, 554 F. App'x 661 (9th Cir. 2014) (granting

11   summary judgment for defendant; "to the extent that Defendant's wage statements arguably are not in

12   technical compliance with section 226(a) ... the Court concludes they are in 'substantial compliance'").

13           27.     Given the facts here, and the challenges faced by Plaintiffs in sustaining aggregate

14   litigation through trial, the $1,999,999 fund secured for the Class is well within the range of

15   reasonableness and should be preliminarily approved.

16   **QUALIFICATIONS TO SERVE AS CLASS COUNSEL**

17           28.     As Senior Counsel with Capstone, I lead one of the firm's litigation teams prosecuting

18   wage and hour class actions. I have more than 25 years of experience as a litigator, and I have

19   represented clients in wage and hour and consumer rights class actions and other complex litigation in

20   state and federal courts. I have successfully certified numerous employee classes for claims such as

21   misclassification, meal and rest breaks and off-the-clock work, ultimately resulting in multi-million

22   dollar settlements. I have also arbitrated and tried wage and hour and complex insurance cases. My

23   class action experience includes:

24           a.     *Hashimoto v Abercrombie & Fitch*, Case No: 354479 (Los Angeles Super. Ct.)

25                  (certified class action alleging defendant misclassified its store managers at its

26                  Hollister and Abercrombie (kids) stores in California);

27           b.     *Kimbell v Abercrombie & Fitch*, Case No: BC 277359 (Los Angeles County

28                  Super. Ct.) (class settlement approved of previously-certified action alleging

Case 8:18-cv-01003-DOC-KES  Document 17  Filed 08/30/18  Page 40 of 114  Page ID #:328


defendant misclassified its store managers at Abercrombie & Fitch stores in California);

c.  *Daum v Claim Jumper,* Case No 02CC10201 (Orange County Super. Ct.) ($6,500,000 class action settlement of previously- certified class action alleging defendant misclassified 76 of its California kitchen workers as exempt);

d.  *Cross v. Maric College,* Case No. BC325115 (Los Angeles County Super. Ct.) (class settlement on behalf of certified class of students alleging misrepresentation about school's credentials and accreditation);

e.  *Bush v. Fresh Grill, LLC,* Case No. 30-2008-00180031 (Orange County Super. Ct.) (class settlement in case alleging failure to provide meal and rest breaks to non-exempt employees);

f.  *Allen v. New Motion*, Case No. BC 3886596 (Los Angeles County Super. Ct.) (class settlement on behalf of a certified class of 6,000,000 consumers alleging unfair and deceptive business practices for initiating subscriptions to and charging unknowing consumers);

g.  *Kelley, et al. v. Ashdon Development, Inc., et al.*, Case No. BC 440117 (Los Angeles County Super. Ct.) (final approval granted in case alleging defendants failed to provide employees meal and rest breaks);

h.  *Fern v Garda CL West, Inc.*, Case No. BC 389169 (Los Angeles County Super. Ct.) (final approval granted in previously-certified class action involving alleging defendant failed to provide armored truck drivers lawful meal and rest breaks); and

i.  *Alexander, et al. v. L'Oreal USA, Inc.,* Case No. BC 431491 (Los Angeles County Super. Ct.) (class certification granted and final approval of class settlement granted in consumer false advertising action alleging defendant falsely advertised cosmetic product).

29.     I graduated from Case Western Reserve University School of Law where I served as Managing Editor of the *Case Western Reserve Law Review* and authored Defective Prosthetic Devices:

DECLARATION OF ROBERT J. DREXLER, JR. IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT

1    Strict Tort Liability for the Hospital? 32 Case Western Reserve Law Review 929 (1982).

2           30.     I am admitted to practice law in California and Ohio and before the United States

3    District Court for the Northern, Eastern, Central, and Southern Districts of California and the United

4    States Court of Appeals for the Ninth Circuit.  I have been a featured speaker at class action and

5    employment litigation seminars and have published articles in CAOC's Forum Magazine and *The Daily*

6    *Journal* and have been selected as one of Southern California's Class Action "Super Lawyers" for 2009,

7    2011-2017.

8           31.     Since its founding in 2012, Capstone has emerged as a major force in aggregate

9    litigation, making law on cutting-edge issues and obtaining tens of millions of dollars in recovery for

10   employees and consumers. The firm's accomplishments include:

11          a.     In February, 2015, three Capstone attorneys, Glenn A. Danas, Raul Perez, and

12                 Ryan H. Wu, were honored with the prestigious California Lawyer of the Year

13                 (CLAY) award in labor and employment for their work in the landmark case

14                 *Iskanian v. CLS Transportation Los Angeles*, 59 Cal. 4th 348 (2014), which

15                 preserved the right of California workers to bring representative actions under

16                 the Labor Code Private Attorneys General Act ("PAGA") notwithstanding a

17                 representative action waiver in an arbitration agreement.

18          b.     Recognized as a leading firm in the prosecution of PAGA enforcement actions,

19                 Capstone is responsible for some of the most important decisions in this area. In

20                 *Williams v. Superior Court (Marshalls of Calif.)*, 2017 WL 2980258, Capstone

21                 attorneys achieved a landmark decision before the California Supreme Court as

22                 to the broad scope of discovery in PAGA actions. In *Baumann v. Chase Inv.*

23                 *Servs. Corp*, 747 F.3d 1117 (9th Cir. 2014), a case of first impression, Capstone

24                 attorneys successfully argued that PAGA actions are state enforcement actions

25                 not covered by the Class Action Fairness Act.

26          c.     In April 2017, Capstone obtained another important decision, *McGill v. Citibank*

27                 *N.A.*, 2 Cal. 5th 945 (2017). In *McGill*, the California Supreme Court held that

28                 the right to seek public injunctive relief under the state's consumer protection

DECLARATION OF ROBERT J. DREXLER, JR. IN SUPPORT OF
MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT

laws cannot be waived by agreement and that consumers need not satisfy class certification requirements to enjoin unfair business practices on behalf of the public.

    d.    Capstone serves as class counsel in a number of significant wage and hour settlements, including $12 million on behalf of a nationwide class of nonexempt tellers and personal bankers in *Hightower v. JPMorgan Chase Bank*, Case No. 11-01802 (C.D. Cal.), over $10 million on behalf of non-exempt hourly workers in *Zamora v. Balboa Life & Casualty LLC*, Case No. BC360026 (L.A. Super. Ct.); and $6 million on behalf of non-exempt hourly workers in *Sheldon v. AHMC Monterey Park Hospital LP*, Case No. BC440282 (L.A. Super. Ct.).

    **e.**    Capstone is class counsel in a number of significant consumer actions, including *Aarons v. BMW of North America*, Case No. 11-7667 (C.D. Cal.), *Asghari v. Volkswagen Group of America*, No. 13-02529 (C.D. Cal.), *Klee v. Nissan North America*, Case No. 12-08238 (C.D. Cal.), *MacDonald v. Ford Motor Co.,* 142 F. Supp. 3d 884 (N.D. Cal. 2015) (finding action was catalyst for nationwide recall), *Aceves v. AutoZone, Inc.*, No. 14-2032 (C.D. Cal.), *Fernandez v. Home Depot U.S.A.,* No. 13-648 (C.D. Cal.), and *Ford v. CEC Entertainment*, No. 14-677 (S.D. Cal.), that have conferred benefits to class members valued in the tens of millions. These benefits include cash payments for statutory violations, complementary automotive repairs, costs reimbursement, parts replacement and extension of express warranties.

32.    Attached as Exhibit 3 is a true and correct copy of Capstone's firm resume.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 20th day of December, 2017, at Los Angeles, California.

Robert J. Drexler, JR.

# Exhibit 1

1   Robert Drexler, Jr. (SBN 119119)
    Robert.Drexler@capstonelawyers.com
2   Jonathan Lee (SBN 267146)
    Jonathan.Lee@capstonelawyers.com
3   Natalie Torbati (SBN 301663)
    Natalie.Torbati@capstonelawyers.com
4   Capstone Law APC
    1875 Century Park East, Suite 1000
5   Los Angeles, California 90067
    Telephone:   (310) 556-4811
6   Facsimile:   (310) 943-0396

7   Attorneys for Plaintiffs ALEJANDRO RAMIREZ
    FERNANDO HERNANDEZ, AND
8   ALEKSANDRA GODANIS

9   [*additional counsel on next page*]

10          SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          COUNTY OF ORANGE, CIVIL COMPLEX CENTER

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 3.550) | JCCP No. 4725 |
| **SOUTHERN CALIFORNIA PIZZA WAGE AND HOUR CASES** | [Coordination Trial Judge: Hon. William D. Claster, Dept. CX102] |
| Included actions: | **JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF ALL CLAIMS BASED ON THE ALLEGED FAILURE TO PROVIDE ACCURATE AND ITEMIZED WAGE STATEMENTS** |
| Hernandez v. Southern California Pizza Company, LLC, et al. | |
| Ramirez v. Southern California Pizza Company, LLC | |
| Levonian v. Southern California Pizza Company, LLC | |
| Huerta v. Southern California Pizza Company, LLC | |

1  SEYFARTH SHAW LLP
   Jon D. Meer (SBN 144389)
2  jmeer@seyfarth.com
   Sheryl L. Skibbe (SBN 199441)
3  sskibbe@seyfarth.com
   Leo Q. Li (SBN 293539)
4  lli@seyfarth.com
   Michael Afar (SBN 298990)
5  mafar@seyfarth.com
   2029 Century Park East, Suite 3500
6  Los Angeles, California 90067-3021
   Telephone:     (310) 277-7200
7  Facsimile:     (310) 201-5219

8
   Attorneys for Defendant
9  SOUTHERN CALIFORNIA PIZZA COMPANY, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE**

This Joint Stipulation of Class Action Settlement and Release of All Claims Based on the Alleged Failure To Provide Accurate and Itemized Wage Statements ("Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis ("Plaintiffs" or "Class Representatives"), as individuals and on behalf of the Class, and Defendant Southern California Pizza Company, LLC ("Defendant") (collectively with Plaintiffs, the "Parties").

**DEFINITIONS**

The following definitions are applicable to this Settlement Agreement.  Definitions contained elsewhere in this Settlement Agreement will also be effective:

1.      "Action" means *Alejandro Ramirez, et al. v. Southern California Pizza Company, LLC,* one of the coordinated actions in *Southern California Pizza Wage and Hour Cases,* Coordinated Case No. JCCP 4725, pending in Orange County Superior Court.

2.      "Attorneys' Fees and Costs" means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and resolution of the Action, and all costs incurred and to be incurred by Class Counsel in the Action, including but not limited to, costs associated with documenting the Settlement, providing any notices required as part of the Settlement or Court order, securing the Court's approval of the Settlement, administering the Settlement and expenses for any experts.  Class Counsel will request attorneys' fees not in excess of one-third (1/3) of the Class Settlement Amount, or Six Hundred Sixty Six Thousand Six Hundred and Sixty Seven Dollars ($666,667).  The Attorneys' Fees and Costs will also mean and include the additional reimbursement of any costs and expenses associated with Class Counsel's litigation and settlement of the Action, up to One Hundred Thirty-Six Thousand Dollars ($136,000), subject to the Court's approval.  Defendant has agreed not to oppose Class Counsel's request for fees and reimbursement of costs as set forth above, provided that Class Counsel will submit all documentation or information as required by the Court.

3.      "Class Counsel" means Capstone Law APC.

4.      "Class List" means a complete list of all Class Members that Defendant will diligently and in good faith compile from its records and provide to the Settlement Administrator and to Class

1  Counsel within thirty (30) calendar days after Preliminary Approval of this Settlement.  The Class List

2  will be formatted in Microsoft Office Excel and will include each Class Member's full name; most

3  recent mailing address and telephone number (if a telephone number is available); Social Security

4  number; dates of employment; the respective number of Workweeks that each Class Member worked

5  during the Class Period; and any other relevant information needed to calculate settlement payments.

6       5.    "Class Member(s)" or "Settlement Class" means all non-exempt employees who

7  worked at any of Defendant's California locations and received one or more wage statements from

8  Defendant during the period from September 30, 2010 to February 21, 2017, excluding all individuals

9  who excluded themselves from the Wage Statement Class previously certified by the Court on June 24,

10  2016 ("Excluded Individuals").

11       6.    "Class Period" means the period from September 30, 2010 to February 21, 2017.

12       7.    "Class Representative Enhancement Payments" means the amounts to be paid to

13  Plaintiffs in recognition of their effort and work in prosecuting the Action on behalf of Class Members.

14  Subject to the Court granting final approval of this Settlement Agreement and subject to the exhaustion

15  of any and all appeals, Plaintiffs will request Court approval of Class Representative Enhancement

16  Payments of Seven Thousand Five Hundred Dollars ($7,500) to Alejandro Ramirez and Three Thousand

17  Dollars ($3,000), each, to Fernando Hernandez and Aleksandra Godanis.

18       8.    "Class Settlement Amount" means the Class Settlement Amount of One Million Nine

19  Hundred and Ninety-Nine Thousand Nine Hundred and Ninety-Nine Dollars ($1,999,999), to be paid by

20  Defendant in full satisfaction of all Released Claims arising from the Action, which includes all

21  Individual Settlement Payments to Participating Class Members, Attorneys' Fees and Costs to Class

22  Counsel, the Class Representative Enhancement Payments to Plaintiffs, the Labor and Workforce

23  Development Agency Payment, and Settlement Administration Costs to the Settlement Administrator.

24  This Class Settlement Amount has been agreed to by Plaintiffs and Defendant based on the aggregation

25  of the agreed-upon settlement value of individual claims.  In no event will Defendant be liable for more

26  than the Class Settlement Amount.

27       9.    "Court" means the Orange County Superior Court or any other court taking jurisdiction

28  of the Settlement.

1     10.     "Defendant" means Defendant Southern California Pizza Company, LLC.

2     11.     "Effective Date" means the later of:  (i) the date upon which the Court grants final

3  approval of the Settlement if no Class Members file objections to the Settlement; or (ii) if a Class

4  Member files an objection to the Settlement, the Effective Date shall be the date sixty (60) days after the

5  date upon which the Court grants final approval of the Settlement if no appeal is initiated by an objector;

6  or (iii) if a timely appeal is initiated by an objector or by Class Counsel to an order which reduces their

7  requested attorneys' fees and costs, the Effective Date shall be the date of final resolution of that appeal

8  (including any requests for rehearing and/or petitions for certiorari), resulting in final judicial approval of

9  the Settlement.

10     12.     "Individual Settlement Payment" means each Participating Class Member's respective

11  share of the Net Settlement Amount.

12     13.     "Labor and Workforce Development Agency Payment" means the amount that the

13  Parties have agreed to pay to the Labor and Workforce Development Agency ("LWDA") in connection

14  with the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, *et seq.*, "PAGA").

15  The Parties have agreed that Twenty Thousand Dollars ($20,000) of the Class Settlement Amount will be

16  allocated to the resolution of Class Members' claims arising under PAGA for all alleged wage

17  statement violations.  Pursuant to PAGA, Seventy-Five Percent (75%), or Fifteen Thousand Dollars

18  ($15,000), of the PAGA Settlement Amount will be paid to the LWDA, and Twenty-Five Percent

19  (25%), or Five Thousand Dollars ($5,000), of the PAGA Settlement Amount will be included in the Net

20  Settlement Amount.

21     14.     "Net Settlement Amount" means the portion of the Class Settlement Amount remaining

22  after deducting the Attorneys' Fees and Costs, the Class Representative Enhancement Payments, the

23  Labor and Workforce Development Agency Payment, and Settlement Administration Costs.  The Net

24  Settlement Amount will be distributed to Participating Class Members.  There will be no reversion of the

25  Net Settlement Amount to Defendant.

26     15.     "Notice of Class Action Settlement" or "Notice Packet" means the document

27  substantially in the form attached as **Exhibit A**, which will be distributed to all Class Members along

28  with a Request for Exclusion Form, except for the Excluded Individuals.  The Notice Packet will include

1  a Notice explaining the terms of the settlement and the options of being included or excluded, or

2  submitting an objection.  The Notice of Class Action Settlement shall be in English, but shall include

3  instructions in Spanish to allow individuals to request a fully copy of the Notice of Class Action

4  Settlement to be sent in Spanish.

5     16. "Notice of Objection" means a Class Member's valid and timely written objection to the

6  Settlement Agreement.  For the Notice of Objection to be valid, it must include:  (i) the objector's full

7  name, signature, address, telephone number, and last four digits of the Social Security Number of the

8  Class Member submitting the Notice of Objection; (ii) a written statement of all grounds for the

9  objection accompanied by any legal support for such objection; (iii) copies of any papers, briefs, or other

10  documents upon which the objection is based; and (iv) a statement whether the objector intends to appear

11  at the Fairness Hearing.  Any Class Member who does not submit a timely written objection to the

12  Settlement, or who fails to otherwise comply with the specific and technical requirements of this section,

13  will be foreclosed from objecting to the Settlement and seeking any adjudication or review of the

14  Settlement, by appeal or otherwise.

15     17. "Parties" means Plaintiffs and Defendant collectively.

16     18. "Participating Class Members" means all Class Members who do not submit timely and

17  valid Requests for Exclusion.

18     19. "Plaintiffs" means Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra

19  Godanis.

20     20. "Preliminary Approval" means the Court order granting preliminary approval of the

21  Settlement Agreement.

22     21. "Released Claims" means all claims, rights, demands, liabilities, and causes of action,

23  whether known or unknown, arising from, or related to, the alleged failure to provide accurate and

24  itemized wage statements, including, but not limited to, claims under California Labor Code §§ 226 and

25  226.3.  The Released Claims shall also include all claims derived from the wage statement claim alleged

26  or that could have been asserted based on the alleged failure to provide accurate and itemized wage

27  statements in the operative complaint, including claims under the California Private Attorneys General

28  Act of 2004, California Labor Code §§ 2698-2699.5; and claims under the California Unfair Competition

1    Law, California Business & Professions Code §§ 17200, *et seq.*  The Released Claims as described

2    herein shall include any remedies for any of the claims described herein, including, damages, penalties,

3    restitution, declaratory relief, equitable or injunctive relief, interest, attorneys' fees and costs.

4         22.    "Released Parties" means Defendant and its current or former parents, successors and

5    predecessors in interest, subsidiaries, affiliates or related entities, or fictitious business name entities or

6    doing business as ("dba") entities, including American West Restaurant Group Holdings LLC (parent

7    and holding company of Defendant); Sterling Investment Partners, L.P. (private equity fund that owns

8    American West Restaurant Group Holdings LLC); Southern California Pizza Company, LLC; Southern

9    California Pizza Company; Southern California Pizza Co.; Southern California Pizza; SoCal Pizza

10   Company; SoCal Pizza Co; SoCal Pizza; SCPC, LLC; SCPC; SoCal Southern OC; SoCal South OC

11   LLC; Southern California Pizza Orange County Company; and SoCal Pizza Orange County.  The

12   Released Parties also include the past or present officers, directors, members, shareholders, managers,

13   human resources representatives, employees, agents, principals, heirs, representatives, accountants,

14   auditors, consultants, insurers and reinsurers, and attorneys of the entities listed in this paragraph.

15        23.    "Request for Exclusion Form" means the document substantially in the form attached as

16   **Exhibit B**.  The Request for Exclusion Form will be included in the Notice Packet to the Class

17   Members.

18        24.    "Response Deadline" means the deadline by which Class Members must postmark or

19   fax to the Settlement Administrator Requests for Exclusion or Notices of Objection to the Settlement

20   Administrator.  The Response Deadline will be forty-five (45) calendar days from the initial mailing of

21   the Notice Packet by the Settlement Administrator, unless the forty-fifth (45th) calendar day falls on a

22   Sunday or State holiday, in which case the Response Deadline will be extended to the next day on which

23   the U.S. Postal Service is open.  Those Class Members who receive a re-mailed Notice Packet, whether

24   by skip-trace or by request for the Notice Packet to be sent in Spanish, will have an additional forty-five

25   (45) calendar days to submit a Request for Exclusion or a Notice of Objection to the Settlement.

26        25.    "Settlement Administration Costs" means the costs payable from the Class Settlement

27   Amount to the Settlement Administrator for administering this Settlement, including, but not limited to,

28   printing, distributing, and tracking documents for this Settlement, tax reporting, distributing the Class

Settlement Amount, and providing necessary reports and declarations, as requested by the Parties. The Settlement Administration Costs will be paid from the Class Settlement Amount, including, if necessary, any such costs in excess of the amount represented by the Settlement Administrator as being the maximum costs necessary to administer the Settlement. Based on an estimated Settlement Class of approximately Twenty Thousand (20,000) Class Members, the Settlement Administration Costs are currently estimated to be, and will not exceed, Sixty Thousand Dollars ($60,000).

26.     "Settlement Administrator" means a third-party class action settlement administrator agreed to by the Parties and approved by the Court for the purposes of administering this Settlement. The Parties each represent that they do not have any financial interest in the Settlement Administrator or otherwise have a relationship with the Settlement Administrator that could create a conflict of interest.

27.     "Workweeks" means the number of days of employment for each Class Member during the Class Period, subtracting days on leave of absence (if any), dividing by seven (7), and rounding up to the nearest whole number. All Class Members will be credited with at least one Workweek.

## RECITALS

28.     On September 30, 2011, Demetrio Hernandez filed this action in the Superior Court of California for the County of Los Angeles against both Southern California Pizza Company, LLC and two corporate Pizza Hut entities, alleging putative class claims for (1) unpaid overtime; (2) unpaid minimum wages; (3) non-compliant wage statements; (4) unpaid business expenses; (5) wages not timely paid upon termination; (6) unlawful deductions; (7) non-compliant meal periods; and (8) non-compliant rest periods.

29.     Because Pizza Hut was a franchisor and uninvolved in the labor practices of SCPC, the Parties stipulated to dismiss the Pizza Hut entities, which was entered March 26, 2012. SCPC remains the sole defendant.

30.     On September 13, 2012, following a long coordination proceeding, this matter was coordinated with two other cases brought against SCPC by plaintiffs Moises Ramirez and Eric Levonian, respectively. The coordinated matter was assigned to the Orange County Superior Court Civil Complex Center, where it is now pending before the Honorable William D. Claster. Moises Ramirez and Eric Levonian and their actions have since been dismissed. Two additional actions brought by

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE—WAGE STATEMENT CLAIM

41832084v.4

plaintiffs Uriel Hernandez and Carolina Huerta were added into the coordination proceeding and, per motion of SCPC, both were stayed.  Pursuant to motion by plaintiff Carolina Huerta, the Court lifted the stay on the *Huerta* action on September 15, 2017 to allow further briefing on the issue of whether the Court's denial of Plaintiff Ramirez's Motion for Class Certification of the mileage reimbursement class claims bars the *Huerta* plaintiff from prosecuting her claims for the same injuries.

31.     When Plaintiff Hernandez decided he could no longer serve as a class representative, Alejandro Ramirez was substituted in as a named plaintiff and putative class representative through a Second Amended Complaint filed January 16, 2014.  The Second Amended Complaint also added a cause of action for penalties under PAGA, and, for the purpose of settlement only, the Parties stipulate that the PAGA claims relate back to the filing of the original complaint.  Plaintiff Ramirez's action is the sole remaining active action in the coordinated proceeding.

32.     On June 19, 2015, the Court denied Defendant's motion for summary adjudication with respect to all claims except the cause of action for unpaid overtime (the cause of action for unpaid minimum wages survived) and the cause of action for failure to authorize or permit rest periods.  The Order granting summary adjudication against the claim for unpaid overtime and the claim for failure to authorize or permit rest periods applies to Plaintiff Hernandez only, but for purposes of this Settlement, the remaining named Plaintiffs have agreed these claims will not be pursued by them in this action.

33.     On February 1, 2016, Defendant filed its motion to deny class certification on all remaining claims that survived Defendant's motion for summary adjudication.  The Court has not ruled on this Motion and Defendant may seek a ruling from the Court or may seek to file an amended motion to deny class certification.

34.     On March 14, 2016, Plaintiff Ramirez filed a motion for class certification as to only three claims—(1) unpaid business expenses under Labor Code § 2802, (2) non-compliant wage statements under Labor Code § 226, and (3) unfair competition law under Business & Professions Code §§ 17200, *et seq*.

35.     On June 24, 2016, the Court granted Plaintiff Ramirez's motion for class certification as to the non-compliant wage statement claim only and denied class certification as to the unpaid business expenses claim and the unfair competition law claim.  Class notice was subsequently mailed to the wage

1     statement class and 165 class members, the Excluded Individuals, opted out.

2         36.     On August 23, 2016, Plaintiff Ramirez filed a petition for writ of mandate regarding the

3     Court's denial of class certification as to Plaintiff Ramirez's unpaid business expenses claim.  The

4     petition was denied on October 27, 2016.

5         37.     On July 29, 2016, the Court conducted a hearing on the threshold pre-trial issues of (1)

6     whether Defendant waived its right to a jury trial by failing to timely pay jury fees and (2) whether the

7     2013 amendment to Labor Code section 226 should apply to the entire claims period (running back to

8     September 30, 2010) as far as presuming injury for wage statement defects.  The Court ruled that the

9     2013 amendment was a change to the law and did not apply to the period prior to 2013.  The Court also

10     ruled that because individual issues would predominate where injury was not presumed, the class period

11     should be shortened to the period beginning January 1, 2013 and ending, as before, at June 24, 2016, the

12     date of certification.  At the request of Plaintiff Ramirez, the Court certified the issue of the application of

13     the 2013 amendments for appeal and stayed the matter in its entirety in order to allow Plaintiff Ramirez

14     to file a petition for writ on the issue.  The petition was denied October 27, 2016.  Accordingly, the Court

15     granted leave and Plaintiffs filed a Third Amended Complaint on December 7, 2016 to add Plaintiffs

16     Fernando Hernandez and Aleksandra Godanis to serve as class representatives, subject to all prior rulings

17     regarding the pleadings or claims that were previously issued.

18         38.     Plaintiffs then alerted the Court to the Court of Appeal decision in *Lubin v. Wackenhut*

19     *Corp.*, 5 Cal. App. 5th 926 (2016) and its ruling that the amendment to Labor Code § 226 clarified

20     existing law and is therefore "retroactive," and did not constitute a prospective change in the law.

21     Accordingly, the Court permitted Plaintiffs to file a motion for reconsideration to reinstate the full class

22     period on the basis of *Lubin* and indicated that should *Lubin* be good law at the time of the hearing that it

23     will be bound by the decision.  Plaintiffs filed the motion for reconsideration on December 14, 2016.

24     The Court set the motion for hearing on February 1, 2017.  It was later continued to February 3, 2017,

25     and, lastly, April 28, 2017, before it was vacated pursuant to a settlement in principle reached by the

26     parties.

27         39.     On December 14, 2016, the Parties filed Cross-Motions for Summary Adjudication with

28     respect to the issue of whether Defendant's wage statements to non-exempt employees violate California

1    Labor Code § 226(a)(8) based on failure to provide the "name of the legal entity that is the employer."

2    On February 3, 2017, the Court granted Plaintiffs' Motion for Summary Adjudication, and denied

3    Defendant's Motion for Summary Adjudication, pursuant to California Code of Civil Procedure

4    § 437c(t), as to the stipulated issue of whether Defendant's wage statements failed to provide the "name

5    of the legal entity that is the employer."  The Court, however, noted that there is still a triable issue as to

6    whether Plaintiffs could recover damages or penalties pursuant to California Labor Code § 226(e)(1),

7    which requires a "knowing and intentional" violation by an employer.

8           40.     On February 6, 2017, the Parties participated in full-day mediation with David Rotman,

9    an experienced mediator of wage and hour class actions.  With the assistance of Mr. Rotman, the Parties

10   reached a global settlement agreement to resolve all of the claims alleged in the operative complaint.  On

11   April 5, 2017, the Parties stipulated to vacate all pending hearings and filing deadlines, based on the

12   proposed global settlement.

13          41.     On May 9, 2017, Plaintiffs filed a Motion for Preliminary Approval of Settlement.  On

14   June 9, 2017, the Court asked Plaintiffs to submit additional information and briefing to support the

15   Motion for Preliminary Approval of Settlement.  On August 1, 2017, Plaintiffs submitted the

16   information and briefing requested by the Court.

17          42.     On September 15, 2017, the Court denied Plaintiffs' Motion, without prejudice.

18          43.     On October 5, 2017, the Parties returned to Mr. Rotman and participated in another full-

19   day mediation.  Mr. Rotman helped to manage the Parties' expectations and provided a useful, neutral

20   analysis of the issues and risks to both sides.  With Mr. Rotman's guidance, the Parties were able to

21   negotiate a settlement of Plaintiffs' claims for violation of California Labor Code § 226(a), § 226(e), and

22   the derivative claims under PAGA.  The terms of the settlement are now set forth in complete and final

23   form in this Settlement Agreement.

24          44.     During the action's pendency, the Parties made thorough use of the discovery process,

25   and the extensive document and data exchanges enabled the Parties to fully assess the nature and

26   magnitude of the claims being settled, as well as the impediments to recovery, such as to make an

27   independent assessment of the reasonableness of the terms to which the parties have agreed.  After the

28   Court denied the Motion for Preliminary Approval of Settlement, the Parties again made an assessment

41832084v.4

1    of the facts and case law, including very recent new authority from the California Court of Appeal and

2    the U.S. District Court for the Southern District of California, to determine the viability of class-wide

3    liability for violation of Labor Code § 226(a), § 226(e) and the derivative claims under PAGA.

**TERMS OF AGREEMENT**

5        The Plaintiffs, on behalf of themselves and the Settlement Class, and Defendant agree as

6    follows:

7        45.    Dismissal of Claims Without Prejudice.  Plaintiffs agree to dismiss without prejudice

8    any new class-wide claims that were previously added in the operative Fourth Amended Complaint as

9    part of the prior global settlement contemplated by the Parties.  These claims include (1) Violations of

10   Fair Labor Standards Act, (2) Failure to Pay Overtime Based on the Regular Rate, (3) Failure to Pay

11   Reporting Time, and (4) Failure to Pay Split Shift Premium.  These class-wide claims were not included

12   in any prior version of the operative Complaint, and the Court indicated that it would not approve a class-

13   wide settlement of these claims.

14       46.    Funding of the Class Settlement Amount.  Defendant will deposit the Class Settlement

15   Amount into a Qualified Settlement Fund to be established by the Settlement Administrator within

16   fifteen (30) calendar days after the Effective Date.

17       47.    Attorneys' Fees and Costs.  Defendant agrees not to oppose any application or motion

18   by Class Counsel for attorneys' fees and costs, provided that such application or motion provides all

19   information requested by the Court and seeks no more than Six Hundred Sixty-Six Thousand Six

20   Hundred and Sixty-Seven Dollars ($666,667) in attorneys' fees and no more than One Hundred Thirty-

21   Six Thousand Dollars ($136,000) in litigation costs and expenses, both of which will be paid from the

22   Class Settlement Amount.  Neither Plaintiffs nor Class Counsel may seek to void or rescind the

23   Settlement if the Court awards less than the amounts requested for Attorneys' Fees and Costs.  Any

24   portion of the Attorneys' Fees and Costs not ultimately awarded to Class Counsel will be added to the

25   Net Settlement Amount, following the resolution of any appeals, if any.  Any appeal by Class Counsel to

26   a reduction of the Attorneys' Fees and Costs will not be a basis for delaying payments to Class

27   Members.

28       48.    Class Representative Enhancement Payments.  In recognition of their effort and work in

1    prosecuting the Action on behalf of Class Members, Defendant agrees not to oppose or impede any

2    application or motion for Class Representative Enhancement Payments of Seven Thousand Five

3    Hundred Dollars ($7,500) to Alejandro Ramirez and Three Thousand Dollars ($3,000), each, to

4    Fernando Hernandez and Aleksandra Godanis.  Neither Plaintiffs nor Class Counsel may seek to void or

5    rescind the Settlement if the Court awards less than the amounts requested for Class Representative

6    Enhancement Payments.  Any portion of the Class Representative Enhancement Payments not

7    ultimately awarded to Plaintiffs will revert back to the Net Settlement Amount.  The Class

8    Representative Enhancement Payments will be paid from the Class Settlement Amount and will be in

9    addition to Plaintiffs' Individual Settlement Payments paid pursuant to the Settlement.  Plaintiffs will be

10   solely and legally responsible to pay any and all applicable taxes on the Class Representative

11   Enhancement Payments.

12          49.     Settlement Administration Costs.  The Settlement Administrator will be paid for the

13   reasonable costs of administration of the Settlement and distribution of payments from the Class

14   Settlement Amount, which is capped at Sixty Thousand Dollars ($60,000) for a Settlement Class of

15   20,000 members.  These costs, which will be paid from the Class Settlement Amount, will include, *inter*

16   *alia*, the required tax reporting on the Individual Settlement Payments, the issuing of 1099 IRS Forms,

17   distributing Notice Packets, calculating and distributing the Class Settlement Amount, and providing

18   necessary reports and declarations.

19          50.     Labor and Workforce Development Agency Payment.  Subject to Court approval, the

20   Parties agree that the amount of Twenty Thousand Dollars ($20,000) from the Class Settlement Amount

21   will be designated for satisfaction of Plaintiffs' and Class Members' PAGA claim for all alleged wage

22   statement violations.  Pursuant to PAGA, Seventy-Five Percent (75%), or Fifteen Thousand Dollars

23   ($15,000), of this sum will be paid to the LWDA and Twenty-Five Percent (25%), or Five Thousand

24   Dollars ($5,000), will become part of the Net Settlement Amount.

25          51.     Net Settlement Amount.  The entire Net Settlement Amount will be distributed to

26   Participating Class Members as damages for the alleged failure to provide accurate and itemized wage

27   statements.  No portion of the Net Settlement Amount will revert or be retained by Defendant.

28          52.     Individual Settlement Payment Calculations.  Individual Settlement Payments will be

1   calculated and apportioned from the Net Settlement Amount based on the number of Workweeks a

2   Participating Class Member worked during the Class Period.  Consistent with Labor Code § 226(e)(1),

3   Individual Settlement Payments shall be treated entirely as non-wages and damages for which Class

4   Members will receive an IRS Form 1099.  Specific calculations of Individual Settlement Payments will

5   be made as follows:

6         52(a)    Defendant will calculate the total number of Workweeks worked by each

7                 Class Member during the Class Period and the aggregate total number of

8                 Workweeks worked by all Class Members during the Class Period.

9         52(b)    To determine each Class Member's estimated "Individual Settlement

10                Payment," the Settlement Administrator will use the following formula:

11                The Net Settlement Amount will be divided by the aggregate total number

12                of Workweeks of Participating Class Members, resulting in the "Workweek

13                Value."  Each Participating Class Member's "Individual Settlement

14                Payment" will be calculated by multiplying each individual Participating

15                Class Member's total number of Workweeks by the Workweek Value.

16        52(c)    The entire Net Settlement Amount will be disbursed to all Participating

17                Class Members.  If there are any valid and timely Requests for Exclusion,

18                the Settlement Administrator shall proportionately increase the Individual

19                Settlement Payment for each Participating Class Member according to the

20                number of Workweeks worked, so that the amount actually distributed to

21                the Settlement Class equals 100% of the Net Settlement Amount.

22      53.    No Credit Toward Benefit Plans.  The Individual Settlement Payments made to

23  Participating Class Members under this Settlement, as well as any other payments made pursuant to this

24  Settlement, will not be utilized to calculate any additional benefits under any benefit plans to which any

25  Class Members may be eligible, including, but not limited to profit-sharing plans, bonus plans, 401(k)

26  plans, stock purchase plans, vacation plans, sick leave plans, PTO plans, and any other benefit plan.

27  Rather, it is the Parties' intention that this Settlement Agreement will not affect any rights, contributions,

28  or amounts to which any Class Members may be entitled under any benefit plans.

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE—WAGE STATEMENT CLAIM

41832084v.4

54.     Administration Process.  The Parties agree to cooperate in the administration of the settlement and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement.

55.     Delivery of the Class List.  Within thirty (30) calendar days of Preliminary Approval, Defendant will provide the Class List to the Settlement Administrator.

56.     Notice by First-Class U.S. Mail.  Within ten (10) calendar days after receiving the Class List from Defendant, the Settlement Administrator will mail a Notice Packet to all Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class List.

57.     Confirmation of Contact Information in the Class Lists.  Prior to mailing, the Settlement Administrator will perform a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes.  Any Notice Packets returned to the Settlement Administrator as non-deliverable on or before the Response Deadline will be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Settlement Administrator will indicate the date of such re-mailing on the Notice Packet.  If no forwarding address is provided, the Settlement Administrator will promptly attempt to determine the correct address using a skip-trace, or other search using the name, address and/or Social Security number of the Class Member involved, and will then perform a single re-mailing.

58.     Notice Packets.  All Class Members will be mailed a Notice Packet.  Each Notice Packet will provide:  (i) information regarding the nature of the Action and a list of other related class actions or representative actions; (ii) a summary of the Settlement's principal terms; (iii) the Settlement Class definition; (iv) the total number of Workweeks each respective Class Member worked for Defendant during the Class Period; (v) each Class Member's estimated Individual Settlement Payment and the formula for calculating Individual Settlement Payments; (vi) the dates which comprise the Class Period; (vii) instructions on how to submit Requests for Exclusion or Notices of Objection; (viii) the deadlines by which the Class Member must postmark or fax Request for Exclusions or postmark Notices of Objection to the Settlement; and (ix) the claims to be released.  The Notice Packets will inform the Class Members that there are other pending actions against Defendant with actual and potentially overlapping

41832084v.4

1    employment-related claims, and these actions are as follows:  *Lourdes Banas, et al. v. Southern*

2    *California Pizza Company, LLC*, Case No. BC563801 (Los Angeles County Superior Court); *Morgan*

3    *Gregory v. Southern California Pizza Company, LLC*, Case No. BC557320 (Los Angeles County

4    Superior Court); *Uriel Hernandez v. Southern California Pizza Company, LLC*, Case No. JCCP 4725

5    (Orange County Superior Court); *Carolina Huerta v. Southern California Pizza Company, LLC*, Case

6    No. JCCP 4725  (Orange County Superior Court); *Ramphis Martinez v. So Cal South OC LLC dba*

7    *SoCal Pizza*, Case No. 30-2017-00907356-CU-OE-CXC (Orange County Superior Court); *Kevin*

8    *Deanda v. Southern California Pizza Company, LLC*, Case No. BC672995 (Los Angeles Superior

9    Court); *Rene Najarro v. Southern California Pizza Company, LLC*, Case No. BC634946 (Los Angeles

10   County Superior Court); and *Ibrahim Tascic v. Southern California Pizza Company, LLC*, Case No. RIC

11   1406622 (Riverside County Superior Court); and *Elena Cassiano Falero v. Southern California Pizza*

12   *Company, LLC*, Case No. BC657077 (Los Angeles Superior Court).  The Notice Packets will also

13   explain to the Class Members that this Settlement Agreement may affect their rights as a class

14   member/aggrieved employee in the above pending lawsuits.  Specifically, the Notice Packets will advise

15   the Class Members that all Participating Class Members will release Defendant from all Released

16   Claims, which include any and all overlapping claims at issue in the above lawsuits.  Additionally, a

17   copy of the Notice Packet will be sent by First Class U.S. Mail to counsel of record for each of the

18   named plaintiffs in the above-referenced cases, unless the cases have been dismissed prior to the deadline

19   to mail the Notice Packet.

20        59.    <u>Disputed Information on Notice Packets</u>.  Class Members will have an opportunity to

21   dispute the information provided in their Notice Packets.  To the extent Class Members dispute their

22   employment dates or the number of Workweeks on record, Class Members may produce evidence to the

23   Settlement Administrator showing that such information is inaccurate.  The Settlement Administrator

24   will decide the dispute.  Defendant's records will be presumed correct, but the Settlement Administrator

25   will evaluate the evidence submitted by the Class Member and will make the final decision as to the

26   merits of the dispute.  All disputes will be decided within ten (10) business days of the Response

27   Deadline.

28        60.    <u>Defective Submissions</u>.  If a Class Member's Request for Exclusion is defective as to the

41832084v.4

1    requirements listed herein, that Class Member will be given an opportunity to cure the defect(s).  The

2    Settlement Administrator will mail the Class Member a cure letter within three (3) business days of

3    receiving the defective submission to advise the Class Member that his or her submission is defective

4    and that the defect must be cured to render the Request for Exclusion valid.  The Class Member will

5    have until the later of (i) Response Deadline or (ii) fifteen (15) calendar days from the date of the cure

6    letter, whichever date is later, to postmark or fax a revised Request for Exclusion.  If the revised Request

7    for Exclusion is not postmarked or received by fax within that period, it will be deemed untimely.

8    61.    Request for Exclusion Procedures.  Any Class Member wishing to opt-out from the

9    Settlement Agreement must sign and fax or postmark a written Request for Exclusion to the Settlement

10   Administrator within the Response Deadline.  In the case of Requests for Exclusion that are mailed to the

11   Settlement Administrator, the postmark date will be the exclusive means to determine whether a Request

12   for Exclusion has been timely submitted.

13   62.    Defendant's Right to Rescind.  Defendant will have, in its sole discretion, the right to

14   void and withdraw from the Settlement if, at any time prior to Final Approval, Five Percent (5%) or

15   more of Class Members opt out of the settlement.  Defendant must exercise this right of rescission in

16   writing to Class Counsel within fourteen (14) calendar days after the Response Deadline.  If the option to

17   rescind is exercised, then Defendant will be solely responsible for all costs of the claims administration

18   incurred to that point.

19   63.    Number of Settlement Class Members.  The Class Settlement Amount was calculated

20   with, and is premised on, the understanding that there are approximately Twenty Thousand (20,000)

21   Class Members eligible to participate in the Settlement.  The Parties agree to cap the size of the

22   Settlement Class at Twenty-One Thousand (21,000) Class Members (by date of hire) and no additional

23   persons will become Class Members.  In the event this occurs, any individual hired after the date and

24   time on which the class size reaches 21,000 will not be eligible to join the Settlement Class and will not

25   release any Released Claims.

26   64.    Settlement Terms Bind All Class Members Who Do Not Opt-Out.  Any Class Member

27   who does not affirmatively opt-out of the Settlement Agreement by submitting a timely and valid

28   Request for Exclusion will be bound by all of its terms, including those pertaining to the Released

41832084v.4

1   Claims, as well as any order that may be entered by the Court if it grants final approval to the Settlement.

2   Participating Class Members may hereafter discover facts or law different from, or in addition to, the

3   facts or law they know or believe to exist with respect to the Released Claims.  Class Members

4   nonetheless agree that this Settlement and the Released Claims contained in it shall be and remain

5   effective in all respects notwithstanding such different or additional facts or law regarding such Released

6   Claims.

7        65.     <u>Objection Procedures</u>.  To object to the Settlement Agreement, a Class Member must

8   postmark a valid Notice of Objection to the Settlement Administrator on or before the Response

9   Deadline.  The Notice of Objection must be signed by the Class Member and contain all information

10   required by this Settlement Agreement.  The postmark will be deemed the exclusive means for

11   determining that the Notice of Objection is timely.  Class Members who fail to object in the manner

12   specified above will be deemed to have waived all objections to the Settlement and will be foreclosed

13   from making any objections, whether by appeal or otherwise, to the Settlement Agreement.  Class

14   Members who postmark timely Notices of Objection will have a right to appear at the Final Approval

15   Hearing in order to have their objections heard by the Court.  At no time will any of the Parties or their

16   counsel seek to solicit or otherwise encourage Class Members to submit written objections to the

17   Settlement Agreement or appeal from the Final Approval Order.  Class Counsel will not represent any

18   Class Members with respect to any such objections to this Settlement.

19        66.     <u>Certification Reports Regarding Individual Settlement Payment Calculations</u>. The

20   Settlement Administrator will provide Defendant's counsel and Class Counsel a weekly report that

21   certifies the number of Class Members who have submitted valid Requests for Exclusion and Notices of

22   Objection to the Settlement, and whether any Class Member has submitted a challenge to any

23   information contained in their Notice Packet.  Additionally, the Settlement Administrator will provide to

24   counsel for both Parties any updated reports regarding the administration of the Settlement Agreement as

25   needed or requested.

26        67.     <u>Distribution Timing of Individual Settlement Payments</u>.  Within twenty (20) calendar

27   days of funding, the Settlement Administrator will issue payments to:  (i) Participating Class Members;

28   (ii) the Labor and Workforce Development Agency; (iii) Plaintiffs; and (iv) Class Counsel.  The

Settlement Administrator will also issue a payment to itself for Court-approved services performed in connection with the Settlement.

68.  <u>Un-cashed Settlement Checks</u>.  Funds represented by Individual Settlement Payment checks returned as undeliverable and Individual Settlement Payment checks remaining un-cashed for more than one hundred and twenty (120) calendar days after issuance will be tendered to the California Department of Industrial Relations Unpaid Wage Fund (*see* Cal. Lab. Code § 96.6).

69.  <u>Certification of Completion</u>.  Upon completion of administration of the Settlement, the Settlement Administrator will provide a written declaration under oath to certify such completion to the Court and counsel for all Parties.

70.  <u>Administration of Taxes by the Settlement Administrator</u>.  The Settlement Administrator will be responsible for issuing to Plaintiffs, Participating Class Members, and Class Counsel all 1099 tax forms and any other necessary forms.  The Settlement Administrator will also be responsible for forwarding all PAGA penalties of $15,000 to the California Labor Workforce Development Agency.

71.  <u>Tax Liability</u>.  Defendant makes no representation as to the tax treatment or legal effect of the payments called for hereunder, and Plaintiffs and Participating Class Members are not relying on any statement, representation, or calculation by Defendant or by the Settlement Administrator in this regard.

72.  <u>Circular 230 Disclaimer</u>.  EACH PARTY TO THIS AGREEMENT (FOR PURPOSES OF THIS SECTION, THE "ACKNOWLEDGING PARTY" AND EACH PARTY TO THIS AGREEMENT OTHER THAN THE ACKNOWLEDGING PARTY, AN "OTHER PARTY") ACKNOWLEDGES AND AGREES THAT (1) NO PROVISION OF THIS AGREEMENT, AND NO WRITTEN COMMUNICATION OR DISCLOSURE BETWEEN OR AMONG THE PARTIES OR THEIR ATTORNEYS AND OTHER ADVISERS, IS OR WAS INTENDED TO BE, NOR WILL ANY SUCH COMMUNICATION OR DISCLOSURE CONSTITUTE OR BE CONSTRUED OR BE RELIED UPON AS, TAX ADVICE WITHIN THE MEANING OF UNITED STATES TREASURY DEPARTMENT CIRCULAR 230 (31 CFR PART 10, AS AMENDED); (2) THE ACKNOWLEDGING PARTY (A) HAS RELIED EXCLUSIVELY UPON HIS, HER, OR ITS

41832084v.4

1   OWN, INDEPENDENT LEGAL AND TAX COUNSEL FOR ADVICE (INCLUDING TAX

2   ADVICE) IN CONNECTION WITH THIS AGREEMENT, (B) HAS NOT ENTERED INTO THIS

3   AGREEMENT BASED UPON THE RECOMMENDATION OF ANY OTHER PARTY OR ANY

4   ATTORNEY OR ADVISOR TO ANY OTHER PARTY, AND (C) IS NOT ENTITLED TO RELY

5   UPON ANY COMMUNICATION OR DISCLOSURE BY ANY ATTORNEY OR ADVISER TO

6   ANY OTHER PARTY TO AVOID ANY TAX PENALTY THAT MAY BE IMPOSED ON THE

7   ACKNOWLEDGING PARTY; AND (3) NO ATTORNEY OR ADVISER TO ANY OTHER

8   PARTY HAS IMPOSED ANY LIMITATION THAT PROTECTS THE CONFIDENTIALITY OF

9   ANY SUCH ATTORNEY'S OR ADVISER'S TAX STRATEGIES (REGARDLESS OF WHETHER

10  SUCH LIMITATION IS LEGALLY BINDING) UPON DISCLOSURE BY THE

11  ACKNOWLEDGING PARTY OF THE TAX TREATMENT OR TAX STRUCTURE OF ANY

12  TRANSACTION, INCLUDING ANY TRANSACTION CONTEMPLATED BY THIS

13  AGREEMENT.

14      73.   No Prior Assignments.  The Parties and their counsel represent, covenant, and warrant

15  that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign,

16  transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of

17  action or right herein released and discharged.

18      74.   Nullification of Settlement Agreement.  In the event that:  (i) the Court does not finally

19  approve the Settlement as provided herein; or (ii) the Settlement does not become final for any other

20  reason, then this Settlement Agreement, and any documents generated to bring it into effect, will be null

21  and void.

22      75.   Preliminary Approval Hearing.  Plaintiffs will obtain a hearing before the Court to

23  request the Preliminary Approval of the Settlement Agreement, and the entry of a Preliminary Approval

24  Order for:  (i) conditional certification of the Settlement Class for settlement purposes only,

25  (ii) preliminary approval of the proposed Settlement Agreement, and (iii) setting a date for a Final

26  Approval/Settlement Fairness Hearing.  The Preliminary Approval Order will provide for the Notice

27  Packet to be sent to all Class Members as specified herein.  In conjunction with the Preliminary

28  Approval hearing, Plaintiffs will submit this Settlement Agreement, which sets forth the terms of this

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE—WAGE STATEMENT CLAIM
41832084v.4

1    Settlement, and will include the proposed Notice Packet, which will include both the proposed Notice of

2    Class Action Settlement document and Request for Exclusion Form, attached as Exhibits A and B.

3    Class Counsel will be responsible for drafting all documents necessary to obtain preliminary approval.

4        76.    <u>Final Settlement Approval Hearing</u>.  Upon expiration of the deadlines to postmark

5    Requests for Exclusion or Notices of Objection to the Settlement Agreement, and with the Court's

6    permission, a Final Approval/Settlement Fairness Hearing will be conducted to determine the Final

7    Approval of the Settlement Agreement along with the amounts properly payable for:  (i) Attorneys' Fees

8    and Costs; (ii) the Class Representative Enhancement Payments; (iii) Individual Settlement Payments;

9    (iv) the Labor and Workforce Development Agency Payment; and (v) all Settlement Administration

10   Costs.  The Final Approval/Settlement Fairness Hearing will not be held earlier than thirty (30) calendar

11   days after the Response Deadline.  Class Counsel will be responsible for drafting all documents

12   necessary to obtain final approval.  Class Counsel will also be responsible for drafting the attorneys' fees

13   and costs application to be heard at the final approval hearing.

14       77.    <u>Continued Jurisdiction Following Final Approval</u>.   Upon final approval of the

15   Settlement by the Court or after the Final Approval/Settlement Fairness Hearing, the Court will have

16   continuing jurisdiction solely for purposes of addressing:  (i) the interpretation and enforcement of the

17   terms of the Settlement, (ii) Settlement administration matters, and (iii) such post-final approval matters

18   as may be appropriate under court rules or as set forth in this Settlement Agreement.

19       78.    <u>Continued Litigation of the Non-Settled Claims</u>.  The Parties agree that this Settlement is

20   limited to the Released Claims, and that litigation may resume between the Parties as to all other claims

21   currently at issue in the Action, with the exception of claims related to the failure to pay overtime and

22   provide rest periods.  The Parties may file dispositive motions as to any of the remaining claims,

23   including any claims under PAGA.  The Parties may seek an expedited briefing schedule for any such

24   dispositive motions and will confer in good faith to a mutually acceptable briefing schedule.

25       79.    <u>Exhibits Incorporated by Reference</u>.  The terms of this Settlement Agreement include

26   the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set

27   forth herein.  Any Exhibits to this Settlement Agreement are an integral part of the Settlement.

28       80.    <u>Entire Agreement</u>.  This Settlement Agreement and any attached Exhibits constitute the

41832084v.4

1    entirety of the Parties' settlement terms.  No other prior or contemporaneous written or oral agreements

2    may be deemed binding on the Parties.  The Parties expressly recognize California Civil Code Section

3    1625 and California Code of Civil Procedure Section 1856(a), which provide that a written agreement is

4    to be construed according to its terms and may not be varied or contradicted by extrinsic evidence, and

5    the Parties agree that no such extrinsic oral or written representations or terms will modify, vary or

6    contradict the terms of this Settlement Agreement.

7        81.    Amendment or Modification.  No amendment, change, or modification to this

8    Settlement Agreement will be valid unless in writing and signed, either by the Parties or their counsel.

9        82.    Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant and

10   represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement

11   Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant

12   to this Settlement Agreement to effectuate its terms and to execute any other documents required to

13   effectuate the terms of this Settlement Agreement.  The Parties and their counsel will cooperate with

14   each other and use their best efforts to effect the implementation of the Settlement.  If the Parties are

15   unable to reach agreement on the form or content of any document needed to implement the Settlement,

16   or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement,

17   the Parties may seek the assistance of the Court to resolve such disagreement.

18       83.    Binding on Successors and Assigns.  This Settlement Agreement will be binding upon,

19   and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

20       84.    California Law Governs.  All terms of this Settlement Agreement and Exhibits hereto

21   will be governed by and interpreted according to the laws of the State of California.

22       85.    Execution and Counterparts.  This Settlement Agreement is subject only to the execution

23   of all Parties.  However, the Settlement Agreement may be executed in one or more counterparts.  All

24   executed counterparts and each of them, including facsimile and scanned copies of the signature page,

25   will be deemed to be one and the same instrument provided that counsel for the Parties will exchange

26   among themselves original signed counterparts.

27       86.    Acknowledgement that the Settlement is Fair and Reasonable.  The Parties believe this

28   Settlement Agreement is a fair, adequate and reasonable settlement of the Action and have arrived at this

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE—WAGE STATEMENT CLAIM

41832084v.4

1    Settlement after arm's-length negotiations and in the context of adversarial litigation, taking into account

2    all relevant factors, present and potential.  The Parties further acknowledge that they are each represented

3    by competent counsel and that they have had an opportunity to consult with their counsel regarding the

4    fairness and reasonableness of this Settlement.

5          87.    Invalidity of Any Provision.  Before declaring any provision of this Settlement

6    Agreement invalid, the Court will first attempt to construe the provision as valid to the fullest extent

7    possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement

8    valid and enforceable.

9          88.    Waiver of Certain Appeals.  The Parties agree to waive appeals and to stipulate to class

10   certification for purposes of this Settlement only; except, however, that Plaintiffs or Class Counsel may

11   appeal any reduction to the Attorneys' Fees and Costs below the amount they request from the Court,

12   and either party may appeal any court order that materially alters the Settlement Agreement's terms.

13         89.    Non-Admission of Liability.  The Parties enter into this Settlement to resolve the dispute

14   that has arisen between them and to avoid the burden, expense and risk of continued litigation of the

15   wage statement claim and derivative claims.  In entering into this Settlement, Defendant does not admit,

16   and specifically denies, that it violated any federal, state, or local law; violated any regulations or

17   guidelines promulgated pursuant to any statute or any other applicable laws, regulations or legal

18   requirements; breached any contract; violated or breached any duty; engaged in any misrepresentation or

19   deception; or engaged in any other unlawful conduct with respect to its employees.  Neither this

20   Settlement Agreement, nor any of its terms or provisions, nor any of the negotiations connected with it,

21   will be construed as an admission or concession by Defendant of any such violations or failures to

22   comply with any applicable law.  Except as necessary in a proceeding to enforce the terms of this

23   Settlement, this Settlement Agreement and its terms and provisions will not be offered or received as

24   evidence in any action or proceeding to establish any liability or admission on the part of Defendant or to

25   establish the existence of any condition constituting a violation of, or a non-compliance with, federal,

26   state, local or other applicable law.

27         90.    No Public Comment:  The Parties and their counsel agree that they will not issue any

28   press releases, initiate any contact with the press, respond to any press inquiry, or have any

communication with the press about the fact, amount or terms of the Settlement.  The Parties and their counsel will not discuss or list the fact, amount or terms of the Settlement on their website or any marketing or advertising materials.

91.  <u>Waiver</u>.  No waiver of any condition or covenant contained in this Settlement Agreement or failure to exercise a right or remedy by any of the Parties hereto will be considered to imply or constitute a further waiver by such party of the same or any other condition, covenant, right or remedy.

92.  <u>Enforcement Actions</u>.  In the event that one or more of the Parties institutes any legal action or other proceeding against any other Party or Parties to enforce the provisions of this Settlement or to declare rights and/or obligations under this Settlement, the successful Party or Parties will be entitled to recover from the unsuccessful Party or Parties reasonable attorneys' fees and costs, including expert witness fees incurred in connection with any enforcement actions.

93.  <u>Mutual Preparation</u>.  The Parties have had a full opportunity to negotiate the terms and conditions of this Settlement Agreement.  Accordingly, this Settlement Agreement will not be construed more strictly against one party than another merely by virtue of the fact that it may have been prepared by counsel for one of the Parties, it being recognized that, because of the arms-length negotiations between the Parties, all Parties have contributed to the preparation of this Settlement Agreement.

94.  <u>Representation By Counsel</u>.  The Parties acknowledge that they have been represented by counsel throughout all negotiations that preceded the execution of this Settlement Agreement, and that this Settlement Agreement has been executed with the consent and advice of counsel.  Further, Plaintiffs and Class Counsel warrant and represent that there are no liens on the Settlement Agreement.

95.  <u>All Terms Subject to Final Court Approval</u>.  All amounts and procedures described in this Settlement Agreement herein will be subject to final Court approval.

96.  <u>Cooperation and Execution of Necessary Documents</u>.  All Parties will cooperate in good faith and execute all documents to the extent reasonably necessary to effectuate the terms of this Settlement Agreement.

97.  <u>Binding Agreement</u>.  The Parties warrant that they understand and have full authority to enter into this Settlement Agreement, and further intend that this Settlement Agreement will be fully

DocuSign Envelope ID: EBB0DE98-4C1D-40CB-A404-61FD67FC1742

enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

98.     <u>Confidentiality Preceding Preliminary Approval</u>.  The Parties and their counsel agree that they will not issue any press releases, initiate any contact with the press, respond to any press inquiry, or have any communication with the press about the fact, amount or terms of the Settlement prior to or after preliminary approval.

**READ CAREFULLY BEFORE SIGNING**

**PLAINTIFF**

Dated: <u>11/17/2017</u>

_____
Plaintiff Alejandro Ramirez

**PLAINTIFF**

Dated: _____

_____
Plaintiff Fernando Hernandez

**PLAINTIFF**

Dated: _____

_____
Plaintiff Aleksandra Godanis

**DEFENDANT**

Dated: _____

_____
Gene Erdman
Chief People Officer

41832084v.4

1    enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in

2    any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that

3    otherwise might apply under federal or state law.

4          98.     <u>Confidentiality Preceding Preliminary Approval</u>. The Parties and their counsel agree

5    that they will not issue any press releases, initiate any contact with the press, respond to any press

6    inquiry, or have any communication with the press about the fact, amount or terms of the Settlement

7    prior to or after preliminary approval.

8                        **READ CAREFULLY BEFORE SIGNING**

**PLAINTIFF**

11    Dated: _____         _____

                                           Plaintiff Alejandro Ramirez

**PLAINTIFF**

                                     DocuSigned by:

14    Dated: 12/1/2017        *Fernando Hernandez*

                                     Plaintiff Fernando Hernandez

**PLAINTIFF**

18    Dated: _____         _____

                                          Plaintiff Aleksandra Godanis

**DEFENDANT**

22    Dated: _____         _____

                                     Gene Erdman
                                     Chief People Officer

DocuSign Envelope ID: 994EE7A9-2DEB-4435-BBAC-E0EBE57EDE92

1    enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in

2    any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that

3    otherwise might apply under federal or state law.

4         98.    <u>Confidentiality Preceding Preliminary Approval</u>.  The Parties and their counsel agree

5    that they will not issue any press releases, initiate any contact with the press, respond to any press

6    inquiry, or have any communication with the press about the fact, amount or terms of the Settlement

7    prior to or after preliminary approval.

8                          **READ CAREFULLY BEFORE SIGNING**

9

10                                       **PLAINTIFF**

11   Dated: _____        _____

12                                      Plaintiff Alejandro Ramirez

13                                       **PLAINTIFF**

14

15   Dated: _____        _____

16                                      Plaintiff Fernando Hernandez

17                                       **PLAINTIFF**

18   Dated: 11/17/2017                  _____
                                        *aleks  31 m*
19                                      Plaintiff Aleksandra Godanis

20                                       **DEFENDANT**

21

22   Dated: _____        _____

23                                      Gene Erdman
                                        Chief People Officer
24

25

26

27

28

41832084v.4

DocuSign Envelope ID: 3E4696A6-D87B-48A7-89A7-69E1A7BE3D22

1    enforceable and binding on all parties, and agree that it will be admissible and subject to disclosure in

2    any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that

3    otherwise might apply under federal or state law.

4         98.    Confidentiality Preceding Preliminary Approval.  The Parties and their counsel agree

5    that they will not issue any press releases, initiate any contact with the press, respond to any press

6    inquiry, or have any communication with the press about the fact, amount or terms of the Settlement

7    prior to or after preliminary approval.

8                            **READ CAREFULLY BEFORE SIGNING**

9

10                                      **PLAINTIFF**

11   Dated: _____
                                        _____
12                                      Plaintiff Alejandro Ramirez

13
                                        **PLAINTIFF**
14                                      ┌ DocuSigned by:
     Dated: 12/1/2017                   Fernando Hernandez
15                                      └ ─────────────────────────
                                        Plaintiff Fernando Hernandez
16

17                                      **PLAINTIFF**

18   Dated: _____
                                        _____
19                                      Plaintiff Aleksandra Godanis

20
                                        **DEFENDANT**
21

22   Dated: 12/18/17                    _____

23                                      Gene Erdman
                                        Chief People Officer
24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**APPROVED AS TO FORM**

**CAPSTONE LAW APC**

Dated: __November 17, 2017__          By: _____

Robert J. Drexler, Jr.

Attorneys for Plaintiffs Alejandro Ramirez, Fernando
Hernandez, and Aleksandra Godanis

**SEYFARTH SHAW LLP**

Dated: __December 18, 2017__          By: _____

Jon D. Meer

Attorneys for Defendant Southern California Pizza
Company, LLC

Page 24

# Exhibit A

*Alejandro Ramirez v. Southern California Pizza Company, LLC*, No. JCCP 4725
SUPERIOR COURT OF THE STATE OF CALIFORNIA, FOR THE COUNTY OF ORANGE COUNTY
NOTICE OF CLASS ACTION SETTLEMENT

*You are not being sued. This notice affects your rights. Please read it carefully*
***Si desea una traducción al Español de este Aviso, por favor llame al administrador al [número de teléfono]***

To:    All non-exempt employees who worked at any of Defendant Southern California Pizza Company, LLC's ("Defendant" or "So Cal Pizza") California locations and received one or more wage statements from Defendant during the period from September 30, 2010 to February 21, 2017, excluding all individuals who excluded themselves from the Wage Statement Class previously certified by the Court on June 24, 2016 ("Class Members").

**THIS NOTICE is to inform you of a proposed settlement of a class action lawsuit in which you may be entitled to receive money ("Settlement"). Your rights may be affected by the legal proceedings in this action. Please review this notice carefully.** A more detailed Joint Stipulation of Class Action Settlement and Release of All Claims Based On the Alleged Failure To Provide Accurate and Itemized Wage Statements ("Settlement Agreement") is on file with the California Superior Court, for the County of Orange, Department CX102, filed under Case No. JCCP 4725. The Settlement Agreement is available for your review at the Court's website, at [court's website].

**You will automatically receive a share of the Net Settlement Amount.** If you do not want to receive a share of the Net Settlement Amount, you must affirmatively opt out of this Settlement by completing and submitting a timely and valid Request for Exclusion.

On _____, the Honorable Hon. William D. Claster of the Orange County Superior Court granted preliminary approval of this class action settlement and ordered the litigants to notify all Class Members of the settlement.  **You have received this notice because Defendant's records indicate that you are a Class Member who have not previously excluded yourself from the certified Wage Statement Class, <u>and therefore entitled to a payment from the settlement.</u>**

**Unless you choose to opt out of the settlement by following the procedures described below, <u>you will be deemed a Class Member and, if the Court grants final approval of the settlement, you will be mailed a check for your share of the Net Settlement Amount.</u>** The Final Approval Hearing on the adequacy, reasonableness, and fairness of the Settlement will be held at _:00 _.m. on _____, 2018 in Department CX102 of the Orange County Superior Court located at 751 West Santa Ana Blvd, Santa Ana, California 92701.  You are **not** required to attend the Hearing in order to receive a payment from the settlement.

## Summary of the Litigation

Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis, on their behalf and on behalf of other current and former non-exempt employees, filed a class action against Defendant, entitled *Ramirez, et al. v. Southern California Pizza Company, LLC*, Case No. JCCP 4725, pending in Orange County Superior Court (the "Lawsuit").  The Lawsuit alleges, among other claims, that Defendant violated Labor Code section 226(a) by issuing employees non-compliant wage statements.  On June 24, 2016, the Court granted Plaintiffs' motion for class certification of the non-compliant wage statement claim.

After the exchange of relevant information and evidence, the parties agreed to enter into settlement negotiations in an attempt to informally resolve one or more claims in the case.  On October 5, 2017, the parties participated in a mediation with David Rotman, an experienced and well-respected class action mediator.  With David Rotman's guidance, the parties were able to negotiate a settlement of the Labor Code § 226(a) claim based on the alleged failure to provide accurate and itemized wage statements, as well as any derivative claims based on the same alleged violations, including any claims for penalties under the California Private Attorneys General Act of 2004 (PAGA).

Counsel for Plaintiffs, and the attorneys appointed by the Court to represent the class, Capstone Law APC ("Class Counsel"), have investigated and researched the facts and circumstances underlying the issues raised in the case and the applicable law.  While Class Counsel believe that the claims to be released in this settlement have merit, Class Counsel also recognize that the risk and expense of continued litigation justify settlement.  Based on the foregoing, Class Counsel believe the proposed settlement is fair, adequate, reasonable, and in the best interests of Class Members.

Defendant has denied, and continues to deny the factual and legal allegations in the case and believes that it has valid defenses to Plaintiffs' claims.  Defendant further contends that the Lawsuit is not appropriate for class action, collective action, or representative action.  By agreeing to settle, Defendant is not admitting liability on any of the factual allegations or claims in the case or that the case can or should proceed as a class action, collective action, or representative action.  Defendant has agreed to settle the case as part of a compromise with Plaintiffs.

## Summary of The Proposed Settlement Terms

Plaintiffs and Defendant have agreed to settle the underlying class claims in exchange for a Class Settlement Amount of $1,999,999. Subject to Court approval, this amount is inclusive of:  (1) Individual Settlement Payments from the Net Settlement Amount to all Class Members who do not timely opt out of the Settlement ("Participating Class Members"); (2) Class Representative Enhancement Payments of up to $7,500 to Alejandro Ramirez and up to $3,000, each, to Fernando Hernandez and Aleksandra Godanis, for their services on behalf of the class; (3) attorneys' fees up to $666,667 and litigation costs and expenses up to $136,000; (4) a $15,000 payment to the California Labor and Workforce Development Agency ("LWDA") in connection and accordance with the PAGA, and (5) Settlement Administrator's fees and expenses up to $60,000.  After deducting the Class Representative Enhancement Payments, attorneys' fees and costs, the payment to the LWDA, and the Settlement Administrator's fees and expenses, a total of approximately $1,053,832 will be allocated to Class Members who do not opt out of the settlement ("Net Settlement Amount").

Each Participating Class Member's share of the Net Settlement Amount will be based on the number of Workweeks each Participating Class Member worked in a non-exempt position during the period from September 30, 2010 to February 21, 2017 ("Class Period").  The formula for calculating settlement payments is as follows:

(a) Defendant will calculate the total number of Workweeks worked by each Participating Class Member during the Class Period and the aggregate total number of Workweeks worked by all Participating Class Members during the Class Period.

**Questions?  Contact the Settlement Administrator toll free at 1-***-***-****

(b) To determine each Participating Class Member's estimated "Individual Settlement Payment," the Settlement Administrator will use the following formula:  The Net Settlement Amount will be divided by the aggregate total number of Workweeks, resulting in the "Workweek Value."  Each Participating Class Member's "Individual Settlement Payment" will be calculated by multiplying each individual Participating Class Member's total number of Workweeks by the Workweek Value.

(c) The entire Net Settlement Amount will be disbursed to all Participating Class Members, who do not submit timely and valid Requests for Exclusion.  If there are any valid and timely Requests for Exclusion, the Settlement Administrator shall proportionately increase the Individual Settlement Payment for each Participating Class Member according to the number of Workweeks worked, so that the amount actually distributed to the Settlement Class equals 100% of the Net Settlement Amount.

According to Defendant's records, the estimated total number of Workweeks for all of the Class Members during the Class Period is _____.  You worked during the Class Period in a non-exempt position for a total of _____ Workweeks.  Accordingly, your estimated share of the Net Settlement Amount is approximately.  If you believe the information provided above is incorrect, please contact the Settlement Administrator at _____.  If you dispute the information stated above, Defendant's records will control unless you are able to provide documentation that establishes otherwise.

IRS Form 1099s will be distributed to participating Class Members and the appropriate taxing authorities reflecting the payments they receive under the settlement.  Class Members should consult their tax advisors concerning the tax consequences of the payments they receive under the Settlement.  Payments from the Net Settlement Amount shall be treated entirely as non-wages.

<u>**Your Options Under the Settlement**</u>
**Option 1** – *Do Nothing And Automatically Receive a Payment from the Net Settlement Amount*
If you want to receive your payment from the Net Settlement Amount, then no further action is required on your part.  You will automatically receive your settlement payment from the Net Settlement Amount if and when the Settlement receives final approval by the Court.

**Option 2** – *Opt Out of the Settlement And Receive No Payment*
If you do not wish to participate in the settlement, you may exclude yourself from participating by submitting the enclosed Request for Exclusion Form.  The Request for Exclusion Form must be postmarked or faxed not later than _____, 2018.  If you submit the Request for Exclusion Form which is not postmarked or faxed by _____, 2018, your request will be rejected, and you will be included in the settlement class.

**Option 3** – *Object to the Settlement*
If you decide to object to the settlement because you find it unfair or unreasonable, you must submit an objection stating why you object to the settlement.  Your objection must provide: (1) your full name, signature, address, and telephone number, (2) a written statement of all grounds for the objection accompanied by any legal support for such objection; (3) copies of any papers, briefs, or other documents upon which the objection is based; and (4) a statement about whether you intend to appear at the Fairness Hearing.  The objection must be mailed or faxed to the administrator at [administrator's address/fax number].

All objections must be received by the administrator by not later than _____2018.  Late objections will not be considered.  By submitting an objection, you are not excluding yourself from the settlement.  To exclude yourself from the settlement, you must follow the directions described above.  Please note that you cannot both object to the settlement and exclude yourself.  You must choose one option only.  You may also, if you wish, appear at the Final Approval Hearing set for _____ at _____ a.m./p.m. in the Superior Court of the State of California, for the County of Orange County and discuss your objection with the Court and the Parties at your own expense.  You may also retain an attorney to represent you at the hearing.

If you choose **Option 1**, and if the Court grants final approval of the settlement, you will be mailed a check for your share of the Net Settlement Amount.  You will be deemed to have released or waived the following claims ("Released Claims") against the Released Parties:

**Questions?  Contact the Settlement Administrator toll free at 1-***-***-******
Page 3

All claims, rights, demands, liabilities, and causes of action, whether known or unknown, arising from, or related to, the alleged failure to provide accurate and itemized wage statements, including, but not limited to, claims under California Labor Code §§ 226 and 226.3. The Released Claims shall also include all claims derived from the wage statement claim alleged or that could have been asserted based on the alleged failure to provide accurate and itemized wage statements in the operative complaint, including claims under the California Private Attorneys General Act of 2004, California Labor Code§§ 2698-2699.5; and claims under the California Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* The Released Claims as described herein shall include any remedies for any of the claims described herein, including, damages, penalties, restitution, declaratory relief, equitable or injunctive relief, interest, attorneys' fees and costs.

The Released Parties shall mean Defendant and its current or former parents, successors and predecessors in interest, subsidiaries, affiliates or related entities, or fictitious business name entities or doing business as ("dba") entities, including American West Restaurant Group Holdings LLC (parent and holding company of Defendant); Sterling Investment Partners, L.P. (private equity fund that owns American West Restaurant Group Holdings LLC); Southern California Pizza Company, LLC; Southern California Pizza Company; Southern California Pizza Co.; Southern California Pizza; SoCal Pizza Company; SoCal Pizza Co; SoCal Pizza; SCPC, LLC; SCPC; SoCal Southern OC; So Cal South OC LLC; Southern California Pizza Orange County Company; and SoCal Pizza Orange County. The Released Parties also include the past or present officers, directors, members, shareholders, managers, human resources representatives, employees, agents, principals, heirs, representatives, accountants, auditors, consultants, insurers and reinsurers, and attorneys of the entities listed in this paragraph.

Note that there are other pending actions against Defendant for certain actual and potentially overlapping employment-related lawsuits, as follows:   *Lourdes Banas, et al. v. Southern California Pizza Company, LLC*, Case No. BC563801 (Los Angeles County Superior Court); *Morgan Gregory v. Southern California Pizza Company, LLC*, Case No. BC557320 (Los Angeles County Superior Court); *Uriel Hernandez v. Southern California Pizza Company, LLC*, Case No. JCCP 4725 (Orange County Superior Court); *Carolina Huerta v. Southern California Pizza Company, LLC*, Case No. JCCP 4725 (Orange County Superior Court); *Ramphis Martinez v. So Cal South OC LLC dba SoCal Pizza*, Case No. 30-2017-00907356-CU-OE-CXC (Orange County Superior Court); Kevin Deanda *v. Southern California Pizza Company, LLC*, Case No. BC672995(Los Angeles Superior Court); *Rene Najarro v. Southern California Pizza Company, LLC*, Case No. BC634946 (Los Angeles County Superior Court); *Ibrahim Tascic v. Southern California Pizza Company, LLC*, Case No. RIC 1406622 (Riverside County Superior Court); and *Elena Cassiano Falero v. Southern California Pizza Company, LLC*, Case No. BC657077 (Los Angeles Superior Court).  This settlement and your decision about whether to opt out will affect any rights you may have as a class member/collective member/aggrieved employee in the above pending lawsuits as to the overlapping claims.  Specifically, through this settlement, all Participating Class Members will release Defendant not only from the claims at issue in this case, but from all Released Claims, which include any and all overlapping claims at issue in the above lawsuits.

If you choose **Option 2**, you will no longer be a Class Member and will: (1) be barred from participating in the settlement, but you will not have released the Released Claims; (2) be barred from filing an objection to the settlement; and (3) not receive a payment from the settlement.

If you choose **Option 3**, you will be entitled to the money from the settlement, provided that the Court overrules your objection and grants final approval of the settlement.  If the Court grants final approval of the settlement, you will be deemed to have released the Released Claims.

### Additional Information

This Notice of Class Action Settlement is only a summary of the case and the settlement.  For a more detailed statement of the matters involved in the case, the settlement, and any other issues discussed in this Notice, you may refer to the pleadings, the settlement agreement, and other papers filed in the particular case.  All inquiries by Class Members regarding this Class Notice and/or settlement should be directed to the Settlement Administrator or Class Counsel.

Robert J. Drexler, Jr.
**Capstone Law APC**
1875 Century Park E., Suite 1000
Los Angeles, CA 90067
Phone: 855.216.8425

**Questions?  Contact the Settlement Administrator toll free at 1-***-***-****

PLEASE DO NOT CONTACT THE CLERK OF THE COURT, THE JUDGE, DEFENDANT OR DEFENDANT'S ATTORNEYS WITH INQUIRIES.

# Exhibit B

*Alejandro Ramirez, et al. v. Southern California Pizza Company LLC*

Case No. JCCP 4725

## REQUEST FOR EXCLUSION FORM

**MAIL OR FAX TO:**
c/o [Administrator]
P.O. Box *****
**********, CA *****
Fax: (***) ***-****

COMPLETE THIS FORM **ONLY IF** YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS.  IF YOU EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS, YOU **WILL NOT RECEIVE** YOUR PAYMENT FROM THE SETTLEMENT.

I _____ request to be excluded from the Settlement Class in the matter of *Alejandro Ramirez, et al. v. Southern California Pizza Company, LLC*, Case No. JCCP 4725 (Orange County Superior Court).  I understand that by submitting this Request for Exclusion Form, I will no longer be eligible for a payment from the settlement.

_____          _____
Sign your name here                Print your name here

_____
Address

_____
Telephone

_____
Social Security Number

# Exhibit 2



State of California
**Labor and Workforce Development Agency /**
**Department of Industrial Relations**

## Private Attorneys General Act (PAGA) – Filing

## Proposed Settlement of PAGA case

PAGA Number (LWDA–CM–) OR Court Case Number:
**JCCP No. 4725**
*If entering the PAGA Case number, please enter only the eight digit number after "LWDA–CM–" in the following format, "XXXXXX–XX".*

---

**Your Information (Person Who is Filing)**

Your Full Name   Firm Name (if Any)   Your Email Address
**Eduardo Santos  Capstone Law APC**   eduardo.santos@capstonelawyers.com

Your Street Name, Number and Suite/Apt   Your Mobile Phone Number
**1875 Century Park East**                    310.712.8018

Your City        Your Work Phone Number
**Los Angeles**  310.712.8018

Your State
**California**

Your Zip/Postal Code
**90067**

---

**Plaintiff Information**

Plaintiff Name
**Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis**

---

**Court and Hearing Information**

Court Case Number
**JCCP No. 4725**

Hearing Date (if any)
**February 2, 2018**

Hearing Time
**9:00 a.m.**

Hearing Location
**Orange County Superior Court**

Case 8:18-cv-01003-DOC-KES   Document 17   Filed 09/30/18   Page 83 of 114   Page ID #:371

Proposed Settlement and Other Documents

Proposed Settlement
2017 12-20 Settlement Agreement (SoCal Pizza).pdf

Other Attachment (if any)
2017 12-20 MPA for Preliminary Approval (SoCal).pdf

Should you have questions regarding this online form, please contact PAGAInfo@dir.ca.gov

*Attached Files:*

2017 12-20 Settlement Agreement (SoCal Pizza).pdf (655 KB)
2017 12-20 MPA for Preliminary Approval (SoCal).pdf (241 KB)

| | |
|---|---|
| **From:** | FormAssembly <no-reply@formassembly.com> on behalf of DIR PAGA Unit <lwdadonotreply@dir.ca.gov> |
| **Sent:** | Wednesday, December 20, 2017 2:33 PM |
| **To:** | |
| **Subject:** | Thank you for your Proposed Settlement Submission |

12/20/2017 02:32:53 PM

Thank you for your submission to the Labor and Workforce Development Agency.

Item submitted: Proposed Settlement
If you have questions or concerns regarding this submission or your case, please send an email to pagainfo@dir.ca.gov.

DIR PAGA Unit on behalf of
Labor and Workforce Development Agency

Website: http://labor.ca.gov/Private_Attorneys_General_Act.htm

1

Exhibit 3



FIRM PROFILE

Capstone Law APC is one of California's largest plaintiff-only labor and consumer law firms.  With thirty-one seasoned attorneys, many formerly with prominent class action or defense firms, Capstone has the experience, resources, and expertise to successfully prosecute complex employment and consumer actions.

Since its founding in 2012, Capstone has emerged as a major force in aggregate litigation, making law on cutting-edge issues and obtaining tens of millions of dollars in recovery for employees and consumers.  The firm's accomplishments include:

- In February, 2015, three Capstone attorneys, Glenn A. Danas, Raul Perez, and Ryan H. Wu, were honored with the prestigious California Lawyer of the Year (CLAY) award in labor and employment for their work in the landmark case *Iskanian v. CLS Transportation Los Angeles*, 59 Cal. 4th 348 (2014), which preserved the right of California workers to bring representative actions under the Labor Code Private Attorneys General Act ("PAGA") notwithstanding a representative action waiver in an arbitration agreement.

- Recognized as a leading firm in the prosecution of PAGA enforcement actions, Capstone is responsible for some of the most important decisions in this area.  In *Williams v. Superior Court (Marshalls of Calif.)*, 3 Cal.5th 531 (2017), Capstone attorneys achieved a landmark decision before the California Supreme Court as to the broad scope of discovery in PAGA actions.  In *Baumann v. Chase Inv. Servs. Corp*, 747 F.3d 1117 (9th Cir. 2014), a case of first impression, Capstone attorneys successfully argued that PAGA actions are state enforcement actions not covered by the Class Action Fairness Act.

- In April 2017, Capstone achieved a major victory for consumers in *McGill v. Citibank N.A.*, 2 Cal. 5th 945 (2017), where the California Supreme Court held that: (1) the right to seek public injunctive relief under the state's consumer protection laws cannot be waived; and (2) that consumers need not satisfy class certification requirements to enjoin unfair business practices on behalf of the public.

- Capstone served as class counsel in a number of significant wage and hour settlements, including $12 million on behalf of a nationwide class of nonexempt tellers and personal bankers in *Hightower v. JPMorgan Chase Bank*, Case No. 11-01802 (C.D. Cal.), over $10 million on behalf of non-exempt hourly workers in *Zamora v. Balboa Life & Casualty LLC*, Case No. BC360026 (L.A. Super. Ct.); and $6 million on behalf of non-exempt hourly workers in *Sheldon v. AHMC Monterey Park Hospital LP*, Case No. BC440282 (L.A. Super. Ct.).

- Capstone serves class counsel in a number of significant consumer actions, including *Falco v. Nissan N. Am. Inc.*, No. 13-00686 (C.D. Cal.) (certifying a class of owners/lessees of Nissan vehicles) and obtained final approval in *Vargas v. Ford Motor Co.*, No. 12-08388 (C.D. Cal.); *Chan v. Porsche Cars N.A., Inc.*, No. 15-2106 (D.N.J.); *Batista v. Nissan N.Am., Inc.*, No. 14-24728-RNS (S.D. Fla.); *Klee v. Nissan North America*, Case No. 12-08238 (C.D. Cal.); *Aceves v. AutoZone, Inc.*, No. 14-2032 (C.D. Cal.); *Asghari v. Volkswagen Group of America*, No. 13-02529 (C.D. Cal.); *Aarons v. BMW of North America*, Case No. 11-7667 (C.D. Cal.); *Fernandez v. Home Depot U.S.A.*, No. 13-648 (C.D. Cal.), and *Ford v. CEC Entertainment*, No. 14-677 (S.D. Cal.), that have conferred benefits to class members valued in the hundreds of millions.



**SUMMARY OF SIGNIFICANT SETTLEMENTS**

In the past four years, Capstone has settled over 100 high-stakes class and representative actions totaling well over $100 million dollars. Capstone's settlements have directly compensated hundreds of thousands of California workers and consumers. Capstone's actions have also forced employers to modify their policies for the benefit of employees, including changing the compensation structure for commissioned employees and changing practices to ensure that workers will be able to take timely rest and meal breaks. A leader in prosecuting PAGA enforcement actions, Capstone has secured millions of dollars in civil penalties for the State of California.

The following is a representative sample of Capstone's settlements:

- *Hightower et al v. Washington Mutual Bank*, No. 2:11-cv-01802-PSG-PLA (N.D. Cal.): gross settlement of $12 million on behalf of approximately 150,000 personal bankers, tellers, sales associates, and assistant branch manager trainees for wage and hour violations;

- *Vargas v. Ford Motor Co.,* 12-08388-AB (C.D. Cal.): providing cash payments and unique buyback program for nearly 2 million consumers valued at well over $30 million;

- *Moore v. Petsmart, Inc.*, No. 5:12-cv-03577-EJD (N.D. Cal.): gross settlement of $10 million on behalf of over 19,000 non-exempt PetSmart employees for wage and hour violations;

- *Perrin v. Nabors Well Services Co.*, No. 56-2007-00288718 (Ventura Super. Ct.): gross settlement of over $6.5 million on behalf of oil rig workers for sleep time and other wage violations;

- *Cook v. United Insurance Co.*, No. C 10-00425 (Contra Costa Super. Ct.): gross settlement of $5.7 million on behalf of approximately 650 sales representatives;

- *Alvarez v. MAC Cosmetics, Inc.*, No. CIVDS1513177 (San Bernardino Super. Ct.): gross settlement of $5.5 million for approximately 5,500 non-exempt employees.

- *Aceves v. AutoZone, Inc.*, No. 14-2032 (C.D. Cal.): gross settlement of $5.4 million in a case alleging FCRA violations;

- *Berry v. Urban Outfitters Wholesale, Inc.*, No. 13-02628 (N.D. Cal.): gross settlement of $5 million on behalf of over 12,000 nonexempt employees;

- *The Children's Place Retail Stores Wage & Hour Cases*, No. JCCP 4790: gross settlement of $5 million on behalf of 15,000 nonexempt employees;

- *York v. Starbucks Corp.,* Case No. 08-07919 (C.D. Cal.): gross settlement of nearly $5 million on behalf of over 100,000 non-exempt workers for meal break and wage statement claims;

- *Rodriguez v. Swissport USA*, No. BC 441173 (Los Angeles Super. Ct.): gross settlement of nearly $5 million on behalf of 2,700 non-exempt employees following contested certification;

- *Felix v. Auto Club of Southern Calif.,* Case No. 07CC01421 (Orange Cty. Super. Ct.): $3.5 million settlement fund on behalf of over 2,000 insurance sales persons for wage and hour claims after taking this certified class action to trial;

- *Asghari v. Volkswagen Group of North America*, Case No. 13-02529 (C.D. Cal.): Settlement providing complementary repairs of oil consumption defect, reimbursement for repairs, and extended warranty coverage of certain Audi vehicles valued at over $20 million;

- *Klee v. Nissan of North America*, Case No. 12-08238 (C.D. Cal.): Settlement providing complimentary electric vehicle charging cards and extending warranty coverage for the electric battery on the Nissan Leaf valued at over $10 million.



**PROFESSIONAL BIOGRAPHIES**

<u>**Partners**</u>

**Rebecca Labat.**  Rebecca Labat is the managing partner of Capstone Law APC.  She supervises the pre-litigation phase for all of the firm's cases, including investigation, analysis, and client consultation.  She also manages the firm's co-counsel relationships and assists the firm's other partners and senior counsel with case management and litigation strategy.  Under Ms. Labat's leadership, Capstone has successfully settled over 35 cases, delivering tens millions of dollars to California employees and consumers while earning statewide recognition for its cutting-edge work in developing new law.

Ms. Labat's career accomplishments representing consumers and employees in class actions include the certification of a class of approximately 3,200 current and former automobile technicians and shop employees for the miscalculation of the regular rate for purposes of paying premiums for missed meal and rest breaks.

Before her work representing plaintiffs in class and representative actions, Ms. Labat was an attorney with Wilson Elser and represented life, health, and disability insurers in litigation throughout California in both state and federal courts.  She graduated from the University of California, Hastings College of the Law in 2002, where she was a member of the Hastings Civil Justice Clinic, served as a mediator in Small Claims Court for the City and County of San Francisco, and received the CALI Award for Excellence in Alternative Dispute Resolution.  She received her undergraduate degree from the University of California, Los Angeles.  Ms. Labat is a member of the National Employment Lawyers Association (NELA), the Consumer Attorneys Association of Los Angeles (CAALA), and the Beverly Hills Bar Association.

**Raul Perez.**  A partner at Capstone, Raul Perez has focused exclusively on wage and hour and consumer class litigation since 2011.  Mr. Perez is the lead negotiator on numerous large settlements that have resulted in tens of millions to low-wage workers across California, including many of the most valuable settlements reached by Capstone.

During his career, Mr. Perez has successfully certified by way of contested motion and/or been appointed Lead Counsel or Interim Lead Counsel in several cases, including:  *Lopes v. Kohl's Department Stores, Inc.*, Case No. RG08380189 (Alameda Super. Ct.); *Hightower v. JPMorgan Chase Bank*, Case No. 11-01802 (C.D. Cal.); *Tameifuna v. Sunrise Senior Living Managements, Inc.*, Case No. 13-02171 (C.D. Cal.) (certified class of over 10,000 hourly-paid employees); and *Berry v. Urban Outfitters Wholesale, Inc.*, Case No. 13-02628 (N.D. Cal.) (appointed lead counsel in a class action involving over 10,000 non-exempt employees).  As the lead trial attorney in *Iskanian v. CLS Transportation Los Angeles,* 59 Cal. 4th 348 (2014), Mr. Perez, along with Mr. Danas and Mr. Wu, received the 2015 CLAY Award in labor and employment.

Mr. Perez received both his undergraduate degree and his law degree from Harvard University and was admitted to the California Bar in December 1994.  Earlier in his career, Mr. Perez handled a variety of complex litigation matters, including wrongful termination and other employment related actions, for corporate clients while employed by some of the more established law firms in the State of California, including Morgan, Lewis & Bockius; Manatt Phelps & Phillips; and Akin Gump Strauss Hauer & Feld.  Before Capstone, Mr. Perez was a partner at another large plaintiff's firm, helping to deliver millions of dollars in relief to California workers.

Capstone
LAW APC

**Matthew Theriault.**  Mr. Theriault is a partner at Capstone.  An expert in wage-and-hour law and litigation strategy, Mr. Theriault currently manages and assists Capstone's class action certification efforts and trials. Recently, Mr. Theriault was lead trial counsel in a rarely-seen class action trial, representing a certified class of insurance salespersons alleging unpaid wages and break premiums in *Felix v. Auto Club of Southern Calif.,* Case No. 07CC01421 (Orange Cty. Super. Ct.).  The parties ultimately reached a multi-million dollar settlement in the middle of trial.

Over the course of his career, he has successfully certified numerous employee classes for claims involving misclassification, meal and rest breaks, and off-the-clock work, ultimately resulting in multi-million dollar settlements.  Cases where Mr. Theriault was certified as class counsel include *Zamora v. Balboa Life & Casualty LLC,* Case No. BC360026 (L.A. Super. Ct.), *York v. Starbucks Corp.,* Case No. 08-07919 (C.D. Cal.), *In re: Taco Bell Wage And Hour,* 2013 U.S. Dist. LEXIS 380 (N.D. Cal.), *In Re: Autozone, Inc., Wage and Hour Employment Practices Litigation,* Case No.: 3:10-md-02159-CRB (E.D. Cal.), *Mansfield v. Brackenhoff Mgmt. Group, Inc.*, No. BC356188 (L.A. Super. Ct.), and *Blair v. Jo-Ann Stores, Inc.,* Case No. BC394795 (L.A. Super. Ct.).

Mr. Theriault graduated from the Western New England School of Law in Springfield, Massachusetts, and received his undergraduate degree with honors from the University of Connecticut.  After graduation, Mr. Theriault practiced law in Connecticut starting in 2001.  He litigated primarily consumer actions involving allegations of auto dealership fraud, loan financing, and unlawful debt collection practices. After moving to California, Mr. Theriault joined a large plaintiffs firm, where he litigated wage and hour class actions and was eventually made partner.

**Glenn A. Danas.**  A partner at Capstone, Glenn A. Danas heads the complex motion and appeals practice group.  A leading authority on arbitration law and PAGA actions, Mr. Danas was recently honored with the CLAY award for his work as lead counsel in *Iskanian v. CLS Transportation Los Angeles,* 59 Cal. 4th 348 (2014). Mr. Danas briefed and argued this closely-watched case before the California Supreme Court, which resulted in a landmark decision that preserved employees' right to pursue PAGA actions notwithstanding a waiver in an arbitration agreement.  Mr. Danas was also recognized by The Daily Journal as one of California's Top 100 Lawyers for 2017 and Top 20 Lawyers Under 40 for 2013 and as one of the Top 75 Labor & Employment Lawyers in California for 2017.

Mr. Danas has argued over twenty appeals in the California Court of Appeal, the California Supreme Court, and the Ninth Circuit Court of Appeals, and has served as lead appellate counsel in many more.  While at Capstone, Mr. Danas argued before the California Supreme Court in three major victories for the plaintiffs: *Iskanian, McGill v. Citibank N.A.*, 2 Cal. 5th 945 (2017), and *Williams v. Superior Court*, 2017 WL 2980258 (2017). He also argued in the Ninth Circuit in *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117 (9th Cir. 2014), *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916 (2013), which held that arbitration agreements may not be enforced if found unconscionable under general state contract law, and *Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015), which made law on judicial scrutiny of class action settlements.  Prior to joining Capstone, Mr. Danas successfully briefed and argued the precedent-setting appeal in *Brown v. Ralph's Grocery Co.*, 197 Cal. App. 4th 489 (2011), regarding the unenforceability of PAGA waivers.  Mr. Danas also successfully defeated an appeal of a motion to remand under the CAFA "local controversy exception" in *Coleman v. Estes Express Lines, Inc.*, 631 F.3d 1010 (9th Cir. 2011), establishing a new standard on when the circuit court may grant review in a discretionary appeal under CAFA.

Mr. Danas graduated from Emory University School of Law in 2001 with honors and authored *The Interstate Class Action Jurisdiction Act of 1999: Another Congressional Attempt to Federalize State Law*, 49 EMORY L.J. 1305

## Capstone
### LAW APC

(2000), which was selected by the ABA as one of the top three student-written law journal articles in its annual nationwide competition. He received his undergraduate degree in Industrial and Labor Relations from Cornell University. After law school, he clerked for the Honorable U.W. Clemon, Chief U.S. District Judge for the Northern District of Alabama and began his career at an international law firm in New York City, where he primarily focused on antitrust and securities litigation.

**Melissa Grant.** Melissa Grant is a partner at Capstone. Ms. Grant is responsible for litigating many of the firm's most contentious and high-stakes class actions. The author of numerous successful motions for class certification, Ms. Grant is the lead or co-lead attorney on four certified class actions currently on track for trial, representing over 140,000 California employees in pursuing their wage and hour claims. She is also at the forefront in developing the law on PAGA, including administrative exhaustion, the scope of discovery, and PAGA trials. In *Williams v. Veolia Transp. Svcs.*, Case No. 08-02582 (C.D. Cal.), Ms. Grant's tenacious prosecution led to a settlement with civil penalty payment of $230,000, one of the largest on record for a PAGA enforcement action.

Prior to joining Capstone, Ms. Grant worked at the Securities and Exchange Commission as a staff attorney in the Enforcement Division, investigating ongoing violations of federal securities regulations and statutes and for Quinn Emanuel Urquhart & Sullivan, LLP, where she was an associate on the trial team that prosecuted the *Mattel v. Bratz* case. Ms. Grant began her legal career as a law clerk to the Honorable Harry Pregerson, Justice of the Ninth Circuit Court of Appeals before joining Sidley & Austin as an associate. She graduated from Southwestern Law School in 1999, where she served as editor-in-chief of the Law Review, and graduated *summa cum laude* and first in her class. Ms. Grant earned her undergraduate degree from Cornell University, where she received the JFK Public Service Award and the Outstanding Senior Award. Her published articles include: *Battling for ERISA Benefits in the Ninth Circuit: Overcoming Abuse of Discretion Review*, 28 Sw. U. L. Rev. 93 (1998), and CLE Class Actions Conference (SF) CAFA: *Early Decisions on Commencement and Removal of Actions* (2006).

### Of Counsel

**Jordan Lurie.** A renowned class action litigator, Jordan Lurie heads the automotive defect litigation practice group at Capstone, prosecuting cases involving violations of state and federal consumer protection laws, the Fair Credit Reporting Act, federal and state privacy laws, and federal securities law. Mr. Lurie has prosecuted class actions against major car manufacturers, and is serving (or has served as) class counsel in: *Falco v. Nissan N. Am. Inc.*; *Vargas v. Ford Motor. Co.*, *Batista v. Nissan N.Am., Inc.*; and *Chan v. Porsche Cars N.A., Inc.* Mr. Lurie helped negotiate class benefits valued in the tens of millions in *Klee v. Nissan N. Am.*; *Asghari v. Volkswagen Group of America*; and *Aarons v. BMW of N. Am.*.

Over his distinguished career, Mr. Lurie also has obtained settlements in excess of $100 million in actions where he was lead or co-lead counsel. Notable cases where Jordan served as lead counsel include: *In re: Apria Healthcare Group Secs. Litig.*, where Jordan settled on behalf of investors for $42 million in a securities fraud class action; *Morganstein v. Aura Systems*, where he settled claims for $18 million in a securities fraud class action; *In re Quintus Secs. Litig.*, a securities fraud class action which settled for $10.1 million; and *In re Southern Pacific Funding Corp., Sec. Litig.*, Case No. Civ. 98-1239-MA, (D. Or.), where he settled a class action for $19.5 million. Mr. Lurie has been selected as one of Southern California's "Super Lawyers" every year from 2012 through 2016.

Prior to joining Capstone, Mr. Lurie spent most his career at a national plaintiffs' law firm specializing in corporate securities and consumer class actions, where he was the managing partner of the firm's Los Angeles office.  Mr. Lurie graduated from the University of Southern California Gould School of Law in 1987, where he was Notes Editor of the University of Southern California Law Review.  He received his undergraduate degree with honors from Yale University.  When not litigating, Mr. Lurie is an active educator and community leader.  Jordan participated in the first Wexner Heritage Foundation leadership program in Los Angeles and holds leadership and executive positions in various organizations in the Los Angeles community.  He has also been the featured speaker at California MCLE seminars regarding securities fraud and class actions, and has authored several publications for the California Continuing Education of the Bar.

### Senior Counsel

**Arnab Banerjee.**  Arnab Banerjee is a senior counsel with Capstone, here he leads one of the firm's litigation teams prosecuting employment and consumer class actions. Arnab has spent the past eight years focused on complex employment law cases, assisting in obtaining millions of dollars in recovery for employees. Arnab focuses primarily on wage-and-hour class action litigation on behalf of employees for the failure to pay overtime and minimum wages, failure to provide meal and rest breaks, claims under the Fair Labor Standards Act, and other California Labor Code violations. Arnab began his career as an associate at Latham & Watkins LLP. While there, he handled a wide variety of business litigation matters ranging from white collar defense to environmental litigation. Arnab has also had experience representing employers and litigating on behalf of individual plaintiffs, focusing primarily on discrimination, wrongful termination, and sexual harassment cases. Arnab graduated from the University of Southern California Gould School of Law, where he served as an editor on the Interdisciplinary Law Journal. During law school, he also interned for the Department of Homeland Security. He received his undergraduate degrees from the University of California, Irvine, where he graduated *cum laude* and Phi Beta Kappa. Arnab is admitted to practice in California, before the United States District Court for the Eastern and Central Districts of California, and before the United States Court of Appeals for the Ninth Circuit.

**Jennifer Bagosy.**  Jennifer Bagosy is a senior counsel with Capstone Law, specializing in employment and consumer class action litigation, with an emphasis on trial preparation.  She began her career as a litigation associate with Howrey LLP, first in Washington, D.C., and then in Irvine, California. At Howrey, she participated in two trials and two appeals in *Fifth Third Bank v. United States*, a breach of contract case arising from the S&L crisis of the 1980s, winning and upholding on appeal a $76.5 million verdict for the client. She also participated in trial in *Imagexpo v. Microsoft*, a patent infringement case, which resulted in a $62 million verdict for the client. Ms. Bagosy joined the firm of Morgan, Lewis & Bockius in 2011, where she specialized in securities litigation, D&O liability litigation, bank-failure related litigation, and professional liability. Jennifer graduated from Georgetown University Law Center in 2002. She received her undergraduate degree in Political Science from Bradley University, where she graduated summa cum laude.

Ms. Bagosy is admitted to practice law in California and before the United States District Court for the Eastern, Central, and Southern Districts of California, as well as the Ninth Circuit Court of Appeals, the Federal Circuit Court of Appeals, and the United States Supreme Court. She is actively involved in the Orange County Bar Association, where she is a member of the Professionalism & Ethics Committee.

**Liana Carter.**  Liana Carter is a senior counsel with Capstone Law APC, specializing in complex motions, writs, and appeals.  Her work on recent appeals has included successfully defeating a challenge to overturn the denial of a motion to compel arbitration in *Jacoby v. Islands Rests., L.P.*, 2014 Cal. App. Unpub. LEXIS

4366 (2014) and reversal of a dismissal of class claims in *Rivers v. Cedars-Sinai Med. Care Found.*, 2015 Cal. App. Unpub. LEXIS 287 (Jan. 13, 2015). Along with Mr. Danas, Ms. Carter was responsible for drafting the successful petition for review in *McGill v. Citibank N.A.*, as well as the petition for review and briefing on the merits in *Williams v. Superior Court*, 2017 WL 2980258. Ms. Carter also has extensive prior experience in overseeing settlement negotiations and obtaining court approval of class action settlements.

Ms. Carter was admitted to the California bar in 1999 after graduating from the University of Southern California Gould School of Law, where she was an Articles Editor on the board of the *Southern California Law Review*. She received her undergraduate degree with honors from the University of California, Irvine.

**Robert Drexler.** Robert Drexler is a senior counsel with Capstone Law where he leads one of the firm's litigation teams prosecuting wage-and-hour class actions. He has more than 25 years of experience representing clients in wage-and-hour and consumer rights class actions and other complex litigation in state and federal courts. Over the course of his career, Mr. Drexler has successfully certified dozens of employee classes for claims such as misclassification, meal and rest breaks, and off-the-clock work, ultimately resulting in multi-million dollar settlements. He has also arbitrated and tried wage-and-hour and complex insurance cases. Mr. Drexler has been selected as one of Southern California's "Super Lawyers" every year from 2009 through 2015.

Before joining Capstone, Mr. Drexler was head of the Class Action Work Group at Khorrami Boucher, LLP and led the class action team at The Quisenberry Law Firm. Mr. Drexler graduated from Case Western Reserve University School of Law, where he served as Managing Editor of the Case Western Reserve Law Review and authored Defective Prosthetic Devices: Strict Tort Liability for the Hospital? 32 CASE W. RES. L. REV. 929 (1982). He received his undergraduate degree in Finance at Ohio State University where he graduated *cum laude*. Mr. Drexler is a member of Consumer Attorneys of California (CAOC) and Consumer Attorneys of Los Angeles (CAALA). He has been a featured speaker at class action and employment litigation seminars, and has published articles in CAOC's Forum Magazine and The Daily Journal.

**Robert Friedl.** Robert Friedl is a senior counsel at Capstone, where he devotes most of his time to the briefing and litigation strategy of consumer protection cases. Mr. Friedl has over 20 years of experience representing plaintiffs and defendants in consumer class actions, insurance coverage and defense, employment law, and personal injury. His lengthy service as an appellate attorney has yielded several published cases, including successful outcomes in *Goldstein v. Ralphs*, 122 Cal. App. 4th 229 (2004), *Morgan v. AT&T*, 177 Cal. App. 4th 1235 (2009), and *Hecimovich v. Encinal School Parent Teacher Organization*, 203 Cal. App. 4th 450 (2012). At Capstone, Mr. Friedl was responsible for the appellate win in *Grant v. Unifund CCR, LLC*, 577 Fed. Appx. 693 (9th Cir. 2014).

Prior to joining Capstone, Mr. Friedl was a partner at civil litigation boutique, where he handled the firm's most complex briefing. He is a graduate of the University of Connecticut, and received his law degree from Southwestern School of Law, where he earned an American Jurisprudence Book Award.

**Jamie Greene.** Jamie Greene is a senior counsel with Capstone Law, where she leads the firm's business development and case generation team. Jamie is responsible for evaluating all potential new cases and referrals, developing new claims, and managing the firm's client and cocounseling relationships. She also supervises the pre-litigation phase for all cases, including investigation, analysis, and client consultation.

Before joining Capstone, Jamie began her legal career at Makarem & Associates representing clients in a wide array of cases ranging from wrongful death, insurance bad faith, employment, personal injury, construction defect, consumer protection, and privacy law. Jamie is a graduate of the University of Southern California Gould School of Law and earned her bachelor's degree from Scripps College in Claremont, California. Jamie is admitted to practice law in California and before the United States District Court for the Northern, Eastern, Central, and Southern Districts of California. She is an active member of the Consumer Attorneys Association of Los Angeles (CAALA), Consumer Attorneys of California (CAOC), and the Beverly Hills, Los Angeles County, and Santa Monica Bar Associations.

**Katherine Kehr.** A senior counsel at Capstone, Katherine Kehr prosecutes aggregate actions on behalf of California workers, handling all aspects of wage and hour litigation. While at Capstone, Ms. Kehr developed expertise on issues relating to arbitration and PAGA issues. At Capstone, Ms. Kehr was the primary attorney on *Brown v. Super. Ct.* (*Morgan Tire*), 216 Cal. App. 4th 1302 (2013) (superseded by grant of review), as well as the primary drafter of the intermediate court briefing in *Iskanian*. Recently, Ms. Kehr was one of the primary drafters of a contested motion for class certification, by which Capstone successfully certified a class and was appointed class counsel in *Romo v. GMRI, Inc.,* Case No. 12-cv-00715-JLQ-SP (C.D. Cal.).

Ms. Kehr graduated from the University of Southern California Gould School Of Law in 2002, where she was a member of the Moot Court Honors Program. After law school, she clerked for the Honorable Richard D. Savell of the Alaska Superior Court and the Honorable Anthony J. Mohr of the Los Angeles Superior Court. Ms. Kehr received her undergraduate degree in French literature *cum laude* from Bryn Mawr College. She received her training as an associate at Selman Breitman LLP, where she handled all aspects of pre-trial litigation, in both state and federal court.

**Bevin Allen Pike.** Bevin Allen Pike is a senior counsel with Capstone Law where she focuses primarily on wage-and-hour class actions. Ms. Pike has spent her entire legal career representing employees and consumers in wage-and-hour and consumer rights class actions. Over the course of her career, Ms. Pike has successfully certified dozens of employee and consumer classes for claims such as meal and rest breaks, unpaid overtime, off-the-clock work, and false advertising.

Before joining Capstone, Ms. Pike's experience included class and representative action work on behalf of employees and consumers at some of the leading plaintiffs' firms in California. Ms. Pike graduated from Loyola Law School, Los Angeles, where she was an Editor for the International and Comparative Law Review. She received her undergraduate degree from the University of Southern California. Ms. Pike has been selected as one of Southern California's "Super Lawyers – Rising Stars" every year from 2012 through 2015.

**Eduardo Santos.** Eduardo Santos is a senior counsel with Capstone, where he represents employees and consumers in class action litigation, with a special focus on negotiating, structuring, managing, and obtaining court approval of Capstone's class action settlements. Having assisted in obtaining court-approval of over 100 wage and hour and consumer class action settlements during the course of his career, Mr. Santos has contributed significantly to the high approval rate of Capstone's settlements. Before joining Capstone, Mr. Santos was an associate at one of California's largest plaintiffs-only employment law firms, and prior to that, an associate at a prominent plaintiff's firm specializing in mass torts litigation, where he was part of a team that secured a total of $4.85 billion for thousands of individuals with claims of injuries caused by taking Vioxx. Mr. Santos received his JD from Loyola Law School of Los Angeles in 2007, which he attended on a full academic scholarship. While in law school, he was an extern for the Honorable Thomas L. Willhite, Jr. of

the California Court of Appeal.  He graduated *magna cum laude* from UCLA with majors in Political Science and History, and was a recipient of the Ralph J. Bunche scholarship for academic achievement.

**Arlene Turinchak**.  Arlene Turinchak is a senior counsel with Capstone Law, where she drafts appellate briefs, complex motions, and writ petitions in consumer and employment class actions. She has extensive experience in appeals, having drafted briefs in 38 cases that resulted in published decisions. Ms. Turinchak began her career in New Jersey specializing in First Amendment law, reporters' rights, defamation defense, and libel. Since relocating to Los Angeles, Ms. Turinchak has been a civil litigator, handling contract and tort actions, along with plaintiff's legal malpractice cases.

Ms. Turinchak graduated from Fordham University School of Law and received her undergraduate degree in political science from Rutgers University.  She is admitted to practice law in California, New Jersey, and New York, and before the United States District Court for the Central and Eastern Districts of California, and the District of New Jersey. She is also admitted to practice before the United States Court of Appeals for the Third and Ninth Circuits.

**Ryan H. Wu.**  Ryan H. Wu is a senior counsel at Capstone and is primarily responsible for complex motion work and supervising court approval of class action settlements. Mr. Wu handles many of the most challenging legal issues facing Capstone's clients, including the scope and operation of PAGA, contested attorneys' fees motions, and responding to objectors. Mr. Wu is responsible for the merits briefing in the landmark *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017), which protected consumers' right to pursue public injunctive relief, and *Williams v. Superior Court*, 3 Cal.5th 531(2017), where the California Supreme Court set discovery guidelines in PAGA actions. Mr. Wu also authored the appellate briefs in *Baumann v. Chase Inv. Servs. Corp*, 747 F.3d 1117 (9th Cir. 2014), where, on an issue of first impression, the Ninth Circuit sided with Plaintiffs in holding that PAGA actions are state enforcement actions not covered by the CAFA.  In February 2015, Mr. Wu, along with Mr. Danas and Mr. Perez, received the prestigious CLAY award for his successful appellate work, including briefing to the California Supreme Court, in *Iskanian*.

Mr. Wu graduated from the University of Michigan Law School in 2001, where he was an associate editor of the *Michigan Journal of Law Reform* and contributor to the law school newspaper.  He received his undergraduate degree in political science with honors from the University of California, Berkeley.  He began his career litigating international commercial disputes and commercial actions governed by the Uniform Commercial Code.  Mr. Wu is co-author of "*Williams v. Superior Court: Employees' Perspective*" and "*Iskanian v. CLS Transportation*: Employees' Perspective," both published in the *California Labor & Employment Law Review*.

<u>**Associates**</u>

**Ari Basser**.  Ari Basser is an associate with Capstone Law, where his practice focuses on litigating complex wage-and-hour class actions and PAGA representative actions. Prior to joining Capstone, Mr. Basser litigated consumer fraud, antitrust, product defect, securities, and employment class actions at several prominent plaintiffs' firms. Mr. Basser earned his Juris Doctor from Santa Clara University School of Law, where he spent his summers as a Bar Certified Law Clerk in the Economic Crimes Unit of the Santa Clara County Office of the District Attorney. He received dual-degrees in Economics and Psychology from the University of California, San Diego. He is admitted to practice law in California and before the United States District Court for the Northern, Eastern, Central, and Southern Districts of California and is a contributing author to the Competition Law Journal, the official publication of the Antitrust, UCL, and Privacy Section of the State

Bar of California. His publications have examined trends in employment and antitrust litigation and the regulatory authority of the Federal Trade Commission.

**Brandon Brouillette**.  Brandon Brouillette is an associate with Capstone Law, where his practice focuses on representing employees and consumers in complex litigation, primarily wage-and-hour class actions and PAGA representative actions. His entire legal career has been devoted to representing individual and class representative plaintiffs against large corporate entities. Prior to joining Capstone, Mr. Brouillette served as an associate at Boucher LLP where he managed the firm's wage-and-hour class actions. He earned his Juris Doctor from Loyola Law School, Los Angeles, where he spent a summer interning for the legal clearance and corporate legal departments at Warner Bros. He received his undergraduate degree from the University of Southern California and is admitted to practice in California and before the United States District Court for the Northern and Central Districts of California. In 2016, Mr. Brouillette was selected as one of Super Lawyers' "Rising Stars" in Southern California.

**Jordan Carlson**.  Jordan Carlson is an associate with Capstone Law. His practice focuses on analyzing pre-litigation wage-and-hour and consumer claims, including claims for overtime wages, meal and rest periods, and off-the-clock work violations. Mr. Carlson began his career as an associate at a civil litigation firm where he handled a wide variety of matters including environmental contamination defense, bad faith insurance litigation, wrongful death, employment, real estate, and business litigation. He graduated from Whittier Law School in 2013. While attending law school, he served as a Summer Associate for the California Department of Justice. Mr. Carlson earned his bachelor's degree from Boston University where he graduated cum laude and is admitted to practice law in California and before the United States District Court for the Central District of California.

**Anthony Castillo**.  Anthony Castillo is an associate with Capstone Law. His practice focuses on analyzing pre-litigation wage-and-hour and consumer claims, including claims for overtime wages, meal and rest periods, and off-the-clock work violations. Prior to joining Capstone, he was an associate at a California bankruptcy practice, where he represented individual and business debtors in liquidations and re-organizations as well as various debt and foreclosure defense-related issues. Mr. Castillo graduated from Loyola Law School, Los Angeles in 2009, where he volunteered with the Disability Rights Legal Center.  He attended Stanford University for his undergraduate degree, majoring in Political Science and minoring in History. Anthony is admitted to practice law in California and Washington and before the United States District Court for the Central and Southern Districts of California.

**Ruhandy Glezakos.**  Ruhandy Glezakos is an associate with Capstone Law. He works on behalf of employees, focusing primarily on wage-and-hour class action litigation for failure to pay overtime and minimum wages, failure to provide meal and rest breaks, and other Fair Labor Standards Act and California Labor Code violations. Mr. Glezakos advocates passionately for those in need and has extensive experience working in public interest, particularly for low-wage workers and undocumented communities. Ruhandy graduated from UCLA School of Law. During law school, he served as a judicial extern for the Honorable Harry Pregerson, Ninth Circuit Court of Appeals. He received his undergraduate degree from the University of California, Los Angeles where he graduated cum laude.

**Robin Hall**.  Robin Hall is an associate with Capstone Law, where she heads the firm's research department. Ms. Hall assists in pre-litigation investigation of employment and consumer statutory claims, and handles complex research projects.  A founding editor of the Impact Litigation Journal (ILJ), Ms. Hall has authored numerous articles on emerging legal issues published on ILJ.  Ms. Hall began her career and received her

training as an associate at Baker & Hostetler LLP, where she represented Fortune 500 companies in labor and employment litigation, including class actions. She attended Indiana University's Maurer School of Law, where she graduated *cum laude* in 2007. During law school, Ms. Hall served as Editor-in-Chief of the Indiana Journal of Global Legal Studies and Director of the Inmate Legal Assistance Clinic. She received her undergraduate degree from the University of Missouri and is admitted to practice law in California.

**Jonathan Lee**.   An associate with Capstone, Jonathan Lee primarily litigates employment class actions.  At Capstone, Mr. Lee has worked on several major successful class certification motions, and his work has contributed to multi-million dollar class settlements against various employers, including restaurant chains, retail stores, airport staffing companies, and hospitals.  Prior to joining Capstone, Mr. Lee defended employers and insurance companies in workers' compensation actions throughout California.  Mr. Lee graduated in 2009 from Pepperdine University School of Law, where he served as an editor for the Journal of Business, Entrepreneurship and the Law; he received his undergraduate degree from UCLA.

**Suzy E. Lee**.   Suzy Lee, an associate with Capstone, litigates complex matters with a focus on wage-and-hour class actions.  Ms. Lee has successfully litigated wage and hour class actions and single plaintiff cases in other practice areas, including consumer fraud, commercial litigation, personal injury, and employment discrimination. Prior to joining Capstone, Ms. Lee was an associate at several prominent plaintiff firms, where she litigated complex wage and hour and consumer class actions in state and federal courts. Ms. Lee also has experience defending businesses in cases involving contract disputes and other business litigation matters. Ms. Lee graduated from the Indiana University Maurer School of Law, where she served as the President of the Asian Pacific American Association.  She received her undergraduate degree from the University of California, Irvine, where she graduated *cum laude*. Ms. Lee is proficient in Korean.

**Trisha Monesi**.   Trisha Monesi is an associate with Capstone Law. Her practice focuses on client consultation, claim identification, investigation, analysis, and development of new automotive defect class actions and other consumer class actions. She graduated from Loyola Law School, Los Angeles in 2014, where she served as an editor of the Loyola of Los Angeles Entertainment Law Review and was a certified law clerk at the Center for Juvenile Law and Policy. She earned her undergraduate degree from Boston University in 2011, where she majored in Political Science and International Relations. She is an active member of the Women Lawyers Association of Los Angeles, and the Los Angeles County and Beverly Hills Bar Associations. Trisha is admitted to practice law in California and before the United States District Court for the Central District of California.

**Cody Padgett**.   An associate with Capstone, Cody Padgett's practice focuses on prosecuting automotive defect and other consumer class action cases in state and federal court.  He handles consumer cases at all stages of litigation, and has contributed to major settlements of automobile defect actions valued in the tens of millions.  Prior to joining Capstone Law, Mr. Padgett was a certified legal intern with the San Diego County Public Defender's Office. During law school, Mr. Padgett served as a judicial extern to the Honorable C. Leroy Hansen, United States District Court for the District of New Mexico. He graduated from California Western School of Law in the top 10% of his class and received his undergraduate degree from the University of Southern California, where he graduated *cum laude*.

**Mao Shiokura**.   Mao Shiokura is an associate with Capstone.  Her practice focuses on identifying, analyzing, and developing new wage-and-hour and consumer claims, including violations of the Fair Credit Reporting Act, Consumers Legal Remedies Act, False Advertising Law, and Unfair Competition Law.  Prior to joining Capstone, Ms. Shiokura was an associate at a California lemon law firm, where she represented consumers in



Song-Beverly, Magnuson-Moss, and fraud actions against automobile manufacturers and dealerships.  Ms. Shiokura graduated from Loyola Law School, Los Angeles in 2009, where she served as a staff member of Loyola of Los Angeles Law Review. She earned her undergraduate degree from the University of Southern California, where she was a Presidential Scholar and majored in Business Administration, with an emphasis in Cinema-Television and Finance.

**Natalie Torbati.**  Natalie Torbati is an associate with Capstone Law. Her practice focuses on the firm's major motions and trials. Prior to joining Capstone, she was an associate at a prominent plaintiff's firm, where she successfully litigated, mediated, and settled many single-plaintiff employment discrimination, harassment, and retaliation cases. Ms. Torbati obtained her Juris Doctor from UCLA School of Law in 2014, where she served as a writing advisor for UCLA Law's prestigious Lawyering Skills Program, Business Manager for the Women's Law Journal, and Co-Social Chair for the Jewish Law Students Association. She earned her undergraduate degree from the University of Southern California, where she graduated summa cum laude, majoring in Sociology and minoring in Business Law. Natalie is an active member of the Los Angeles County and Beverly Hills Bar Associations, and is admitted to practice law in California. She is fluent in Farsi and proficient in Spanish.

**Karen Wallace.**  An associate with Capstone, Karen Wallace handles the pre-litigation phase for prospective cases including investigation, claim identification and analysis, and client consultation. Ms. Wallace's expertise includes claims for meal and rest period violations, overtime wages, off-the-clock work, misclassification, and other employment and consumer claims.  Before attending Southwestern Law School, Ms. Wallace worked as a teacher for many years. She received her doctorate in English from the University of California, Los Angeles, where she also earned her master's degree in American Indian Studies.

**Tarek Zohdy.**  An associate with Capstone, Tarek Zohdy litigates automotive defect class actions, along with other consumer class actions for breach of warranty and consumer fraud.  At Capstone, he has worked on several large-scale automotive class action settlements that have provided significant relief to thousands of defrauded car owners. Before joining Capstone, Mr. Zohdy spent several years representing individual consumers in their actions against automobile manufacturers and dealerships for breaches of express and implied warranties pursuant to the Song-Beverly Consumer Warranty Act and the Magnuson-Moss Warranty Act, commonly referred to together as "Lemon Law."  He also handled fraudulent misrepresentation and omission cases pursuant to the Consumers Legal Remedies Act.  Mr. Zohdy graduated from Louisiana State University *magna cum laude* in 2003, and Boston University School of Law in 2006, where he was a member of the criminal clinic representing underprivileged criminal defendants.

OUTREACH AND EDUCATION

To increase public awareness about the issues affecting class action and other representative litigation in the consumer and employment areas, Capstone publishes the Impact Litigation Journal (www.impactlitigation.com).  Readers have access to news bulletins, op-ed pieces, and legal resources.  By taking advantage of social media, Capstone hopes to spread the word about consumer protection and employee rights to a larger audience than has typically been reached by traditional print sources, and to thereby contribute to the enforcement of California's consumer and workplace protection laws.

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

    I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067.

5

6

    On December 20, 2017, I served the within document(s) described below as:

7

**DECLARATION OF ROBERT J. DREXLER, JR. IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT**

8

9

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

10

11

    Jon D. Meer                      Eric A. Grover
    Sheryl L. Skibbe              Keller Grover LLP

12

    Leo Q. Li                      1965 Market Street
    Seyfarth Shaw LLP          San Francisco, California 94103

13

    2029 Century Park East, Suite 3500   *Counsel for Plaintiff Huerta*
    Los Angeles, California 90067-3021

14

    Jeremiah Frei-Pearson        Armando M. Galvan

15

    D. Greg Blankinship          Law Office of San Fernando
    Finkelstein, Blankinship,       405 N. Maclay Avenue, Suite 203

16

    Frei-Pearson & Garber, LLP     San Fernando, California 91340
    1311 Mamaroneck Avenue, Suite 220  *Counsel for Plaintiff Uriel Hernandez*

17

    White Plains, NY 10605
    *Counsel for Plaintiff Huerta*

18

19

**(X)**    **ELECTRONIC SERVICE**: I caused the document(s) to be transmitted electronically via One Legal eService to the individuals listed above, as they exist on that database.  This will constitute service of the document(s).

20

**( )**    **OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

21

**( )**    **ELECTRONIC SERVICE:**  I caused the above-referenced document(s) to be transmitted to the above-named individual(s) at the e-mail address listed above.

22

**( )**    **MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid to the address(es) listed above.

23

**(X)**    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

24

25

    **EXECUTED** this document on December 20, 2017, at Los Angeles, California.

26

27

    _____
    Sandy S. Acevedo

28

Exhibit B

1  Robert Drexler, Jr. (SBN 119119)
   Robert.Drexler@capstonelawyers.com
2  Jonathan Lee (SBN 267146)
   Jonathan.Lee@capstonelawyers.com
3  Ariel Harman-Holmes (SBN 351234)
   Ariel.Harman-Holmes@capstonelawyers.com
4  Capstone Law APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:    (310) 556-4811
6  Facsimile:    (310) 943-0396

7  Attorneys for Plaintiffs Alejandro Ramirez,
   Fernando Hernandez, and Aleksandra Godanis
8  and the Class

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**05/18/2018** at 01:46:00 PM
Clerk of the Superior Court
By Sarah Loose,Deputy Clerk

9
10              SUPERIOR COURT OF CALIFORNIA

11           COUNTY OF ORANGE, CIVIL COMPLEX CENTER

12

| | |
|---|---|
| Coordination Proceeding Special Title (Rule 3.550) | JUDICIAL COUNCIL COORDINATION PROCEEDING NO: 4725 |
| **SOUTHERN CALIFORNIA PIZZA WAGE AND HOUR CASES** | Assigned to Hon. William Claster |
| Included actions: | **NOTICE OF RULING ON: (1) MOTION FOR PRELIMINARY APPROVAL; (2) DEFENDANT'S MOTION TO CONSOLIDATE** |
| *Hernandez v. Southern California Pizza Company, LLC,*     L.A.S.C. Case No. BC 470642 | |
| *Huerta v. Southern California Pizza Company, LLC*,     L.A.S.C. Case No. BC 516989 | |
| *Hernandez v. Southern California Pizza Company, LLC,*     L.A.S.C. Case No. BC 544871 | |
| *Tascic v. Southern California Pizza Company, LLC*,     R.C.S.C. Case No. RIC 1406622 | |
| *Gregory v. Southern California Pizza Company, LLC*     L.A.S.C. Case No. BC557320 | |
| *Banas v. Southern California Pizza Company, LLC*,     L.A.S.C. Case No. BC563801 | |

1

*Najarro v. Southern California Pizza Company, LLC,*
    L.A.S.C. Case No. BC634946

2

3

*Falero v. Southern California Pizza Company, LLC,*
    L.A.S.C. Case No. BC657077

4

*Deanda v. Southern California Pizza Company, LLC,*
    L.A.S.C. Case No. BC672995

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 11, 2017, in Department CX102 of the Orange County Superior Court, the Hon. William D. Claster presided over the hearings on Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis' Motion for Preliminary Approval of Amended Class Settlement and Defendant Southern California Pizza's Motion to Consolidate. Robert J. Drexler, Jr., Melissa Grant (via CourtCall), and Eduardo Santos (via Court Call) appeared on behalf of Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis and the Class ("Plaintiffs"). Jeremiah Frei-Pearson appeared on behalf of Plaintiff Carolina Huerta. Anythony Madu appeared on behalf of Plaintiff Lourdes Banas. Ophir Bitton appeared via CourtCall on behalf of Plaintiff Kevin Deanda. Matthew Gordon appeared via CourtCall on behalf of Plaintiff Elena Cassiano Falero. Ashley Davenport appeared via CourtCall on behalf of Morgan Gregory. Leo Li and Michael Afar appeared on behalf of Defendant Southern California Pizza Company, LLC ("Defendant").

The Court adopted the tentative ruling attached as Exhibit 1 to this Notice, with the exception that the Consolidated Complaint referenced with respect to the ruling on the Motion to Consolidate was changed from "the Consolidated Complaint, attached as Exh. A to the 04/13/18 Notice of Errata" to "the Consolidated Complaint filed with the Court on May 8, 2018." The Court ordered that the responsive pleading to the Consolidated Complaint be filed based on the filing date of the Consolidated Complaint, May 8, 2018.

The Court requested that they Addendum to the Settlement Agreement be submitted to the Court by Friday, May 18, 2018.

With respect to the five-year deadline to bring a case to trial under CCP 583.310, the parties agreed that the five-year rule runs from the last consolidated case filing, resulting in the expiration of the five-year deadline on August 17, 2022 for the consolidated actions.

///

///

1  Dated: May 18, 2018                    Capstone Law APC

2

3                                          By:

4                                              Robert Drexler, Jr.
                                               Jonathan Lee
5                                              Ariel Harman-Holmes

6                                              Attorneys for Plaintiffs Alejandro
                                               Ramirez, Fernando Hernandez, and
7                                              Aleksandra Godanis and the Class

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 1

## LAW & MOTION CALENDAR
## TENTATIVE RULINGS

**May 11, 2018**

**9:00 a.m.**
**1:30 p.m.**
**2:30 p.m.**

**CX-102**

**JUDGE WILLIAM D. CLASTER**

The Court will hear oral argument on all matters at the time noticed for the hearing. If you would prefer to submit the matter on your papers without oral argument, please advise the clerk by calling **(657) 622-5302**. Court Call appearances are permitted. Court Call must be contacted to appear by phone. Call 1-888-88Court for more details. **The Court will not entertain a request for continuance nor filing of further documents once the ruling has been posted.**

**NOTICE: PURSUANT TO** ORANGE COUNTY SUPERIOR COURT PUBLIC NOTICE DATED 10/16/2017**, DEPARTMENT CX102 WILL NO LONGER PROVIDE COURT REPORTERS FOR ANY MATTERS HEARD IN THIS DEPARTMENT. PLEASE SEE THE COURT'S WEBSITE FOR RULES AND PROCEDURES FOR COURT REPORTERS OBTAINED BY THE PARTIES.**

| # | CASE NAME | MATTER |
|---|-----------|--------|
| | | **9:00 a.m.** |
| **1** | **16-00892554**<br><br>Rosales vs. Professional Service Construction, Inc. | 1)Defendant Professional Services Construction, Inc.'s Motion to Compel Further Responses to Special Interrogatories, Set Two; Request for Sanctions in the Amount of $1,860.00<br><br>2) Defendant Professional Services Construction, Inc.'s Motion to Compel Further Responses to Request for Production of Documents, Set Two; and Request for Sanctions in the Amount of $2,160.00<br><br>**Motions are off calendar at the request of the moving party.** |
| **2** | **14-00729731**<br><br>Breen vs. Regents Of The University of California | **Defendants Regents of the University of California's Motion for Summary Adjudication Re: Punitive Damages**<br><br>Defendant Regents of the University of California's motion for summary adjudication of Plaintiff Peter H. Breen's claim for punitive damages is DENIED.<br><br>Relevant to this Motion is the prior motion to strike portions of the First Amended Complaint that Defendant filed which was heard on 1/22/16. The Court's Minute Order (ROA 242) states in pertinent part:<br><br>*With respect to the Regents, Gov. Code, § 8547.10(c), which was enacted after § 818, specifically states "any person who intentionally engages in acts of reprisal, retaliation, threats, coercion, or similar acts against a university employee, including an officer or faculty member, or applicant for employment for having made a protected disclosure shall be liable in an action for damages brought against him or her by the injured party. Punitive damages may be awarded by the court where the acts of the offending party are proven to be malicious." For purposes of the Whistleblower Protection Act, "person" includes "an individual, corporation, trust, association, a state or local government, or an agency or instrumentality of any of the foregoing." (Gov. Code, § 8547.2(d).) Thus, notwithstanding Gov. Code § 818, the* |

the 'actual or alleged negligent act, error or omission' occurs ... The event that triggers ... [coverage] is transmission of notice of the claim." *Homestead Ins. Co. v. American Empire Surplus Lines Ins. Co.* (1996) 44 Cal.App.4th 1297, 1304. Significantly, Eurolux does not contend that the Policy is claims-based.

By way of contrast, an occurrence based insurance policy focuses on acts that occur during the coverage period. Such a policy covers acts that often are not discovered until well after the policy's effective period of coverage:

> "The instant policies are "occurrence" policies that provide " 'coverage for any acts or omissions that arise during the policy period even though the claim is made after the policy has expired.' " (*Pacific Employers Ins. Co. v. Superior Court* (1990) 221 Cal.App.3d 1348, 1356, 270 Cal.Rptr. 779, quoting *Chamberlin v. Smith* (1977) 72 Cal.App.3d 835, 845, fn. 5, 140 Cal.Rptr. 493.) In contrast, a "claims-made" policy, " 'is one whereby the carrier agrees to assume liability for any errors, including those made prior to the inception of the policy as long as a claim is made during the policy period.' " (*Pacific Employers Ins. Co. v. Superior Court, supra,* 221 Cal.App.3d at pp. 1356–1357, 270 Cal.Rptr. 779, quoting *Chamberlin v. Smith, supra,* 72 Cal.App.3d at p. 845, fn. 5, 140 Cal.Rptr. 493.) Because an occurrence-based policy provides coverage for injury or damage that may not be discovered or manifested until after expiration of the policy period, insurers charge higher premiums for such policies to offset their increased exposure. (*Montrose Chemical Corp. v. Admiral Ins. Co.* (1995) 10 Cal.4th 645, 688–689, 42 Cal.Rptr.2d 324, 913 P.2d 878.)

*Davis v. Farmers Ins. Group* (2005) 134, Cal. App. 4th 100, 105-06.

Because the policy in this case is occurrence-based, and because it is undisputed that the occurrence or loss was Eurolux's September 2014 voluntary parting of the vehicle to Sok under fraudulent circumstances, the Court rules in favor of Universal on this first phase trial.

The foregoing ruling will be incorporated into the judgment entered at the conclusion of the case.

| 2:30 p.m. |
|---|

| 14 | JCCP 4725<br><br>Southern California Pizza Wage and Hour Cases | **1)Defendant Southern California Pizza's Motion for Consolidate**<br><br>**2) Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis' Motion for Preliminary Approval of Amended Class Action Settlement**<br><br>**Motion to Consolidate**<br><br>Provided that the parties can agree to a new 5-year deadline, Defendant's unopposed motion for consolidation is GRANTED, as modified below. Assuming that the parties can reach an agreement, Plaintiffs are ORDERED to separately file the Consolidated Complaint, attached as Exh. A to the 04/03/18 Notice of Errata. (ROA 831.)<br><br>The Court appoints Capstone Law APC as lead counsel to communicate with Defendant and the Court on behalf of all Plaintiffs. The firms of Finkelstein, Blankinship Frei-Pearson & Garber, LLP and Keller Grover LLP, which are also identified in the Consolidated Complaint as "Proposed Co-Lead Collective and Class |

Counsel" may assist the Capstone firm, as necessary. The primary point of contact, however, will be the Capstone firm.

A Plaintiff may request copies of any and all prior discovery conducted in the coordinated matters from the propounding party. Any costs of copying shall be paid by the party requesting the copies. To avoid duplicative discovery, Plaintiffs shall endeavor to serve single consolidated sets of new discovery whenever possible.

At this time, the Court will not order that Plaintiffs must file a single consolidated motion for class certification, as requested by Defendant. The Court will consider the request at a later time.

### Motion for Preliminary Approval of Class Action Settlement

The Motion for Preliminary Approval of Class Action Settlement will be GRANTED if (1) the consolidation motion is granted as set forth above, and (2) the parties agree that in the amended settlement Mr. Fernando Hernandez will agree to generally release all claims arising out of his employment with Defendant in exchange for additional consideration. As to this latter requirement, the judgment approving the settlement would therefore resolve all issues as to one of the Parties—an express exception to the final judgment rule—thereby making it final in its own right. Assuming these conditions are met, the hearing on the motion for final approval of the settlement will take place on November 2, 2018 at 9:00 a.m.

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

4

I am employed in the County of Los Angeles.  I declare that I am over the age of eighteen (18) and not a party to this action.  My business address is: Capstone Law, APC, 1875 Century Park East, Suite 1000, Los Angeles, California 90067.

5

6

On May 18, 2018, I served the within document(s) described below as:

7

**NOTICE OF RULING ON: (1) MOTION FOR PRELIMINARY APPROVAL; (2) DEFENDANT'S MOTION TO CONSOLIDATE**

8

9

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes addressed as follows:

10

11

12

13

Jon D. Meer
Sheryl L. Skibbe
Leo Q. Li
Seyfarth Shaw LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021

Eric A. Grover
Keller Grover LLP
1965 Market Street
San Francisco, California 94103
*Counsel for Plaintiff Huerta*

14

15

16

17

18

Jeremiah Frei-Pearson
D. Greg Blankinship
Finkelstein, Blankinship,
Frei-Pearson & Garber, LLP
1311 Mamaroneck Avenue, Suite 220
White Plains, NY 10605
*Counsel for Plaintiff Huerta*

Armando M. Galvan
Law Office of San Fernando
405 N. Maclay Avenue, Suite 203
San Fernando, California 91340
*Counsel for Plaintiff Uriel Hernandez*

19

20

21

Dennis P. Wilson
Law Offices of Dennis P. Wilson
3322 West Victory Boulevard
Burbank, California 91515
*Counsel for Plaintiff Lourdes Banas, et al.*

Ramin R. Younessi
Carlos Perez
Law Offices of Ramin R. Younessi
3435 Wilshire Boulevard, Suite 2200
Los Angeles, California 90010
*Counsel for Plaintiff Rene Najarro*

22

23

24

25

26

Richard E. Quintilone II
Alvin B. Lindsay
George A. Aloupas
Quintilone & Associates
22974 El Toro Road, Suite 100
Lake Forrest, California 92630
*Counsel for Plaintiff Ramphis Martinez*

Matthew Matern
Matthew Gordon
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, California 90266
*Counsel for Plaintiff Elena Cassiano Falero*

27

28

1

Ophir Bitton                                    Kasif Haque
Emma Enriquez                                   Samuel A. Wong
Bitton & Associates                             Jessica L. Campbell
7220 Melrose Avenue, 2nd Floor             Aegis Law Firm, PC
Los Angeles, California 90046                   9811 Irvine Center Drive, Suite 100
*Counsel for Plaintiff Kevin Deanda*            Irvine, CA 92618
                                                *Counsel for Plaintiff Ibrahim Tascic*

Patricio T.D. Barrera
Ashley Davenport
Barrera & Associates
2298 E. Maple Avenue
El Segundo, CA 90245
*Counsel for Plaintiff Morgan Gregory*

**(X)   ELECTRONIC SERVICE**: I caused the document(s) to be transmitted electronically via One Legal eService to the individuals listed above, as they exist on that database.  This will constitute service of the document(s).

**( )   OVERNIGHT COURIER**:  I caused the above-referenced document(s) to be delivered via overnight courier service (FedEx) to the individuals at the address listed above.

**( )   ELECTRONIC SERVICE:**  I caused the above-referenced document(s) to be transmitted to the above-named individual(s) at the e-mail address listed above.

**( )   MAIL**: I deposited such envelope in the mail at Los Angeles, California.  The envelopes were mailed with postage thereon fully prepaid to the address(es) listed above.

**(X)   (STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

**EXECUTED** this document on May 18, 2018, at Los Angeles, California.

_____
Sandy S. Acevedo

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CIVIL COMPLEX CENTER**

### MINUTE ORDER

DATE: 05/11/2018 TIME: 02:30:00 PM DEPT: CX102

JUDICIAL OFFICER PRESIDING: William Claster
CLERK: Gus Hernandez
REPORTER/ERM: (ACRPT) Jane Hong CSR# 11975
BAILIFF/COURT ATTENDANT: Barbara Allen

CASE NO: **JCCP 4725** CASE INIT.DATE: 07/09/2012
CASE TITLE: **Southern California Pizza Wage and Hour Cases**
CASE CATEGORY: Civil - Unlimited CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72796105
**EVENT TYPE**: Motion for Approval of Class Settlement
MOVING PARTY: Alejandro Ramirez
CAUSAL DOCUMENT/DATE FILED: Motion - Other for preliminary approval of amended class action settlement, 12/20/2017

EVENT ID/DOCUMENT ID: 72796102
**EVENT TYPE**: Motion to Consolidate
MOVING PARTY: Southern California Pizza Company, LLC
CAUSAL DOCUMENT/DATE FILED: Motion to Consolidate Cases, 02/27/2018

### APPEARANCES

**1)Defendant Southern California Pizza's Motion for Consolidate**

**2) Plaintiffs Alejandro Ramirez, Fernando Hernandez, and Aleksandra Godanis' Motion for Preliminary Approval of Amended Class Action Settlement**

Appearances noted by way of copy of business cards, and/or CourtCall Appearance Calendar, attached hereto and incorporated herein by reference.

Tentative Ruling posted on the Internet .

The Court hears oral argument and rules as follows:

**Motion to Consolidate**

Defendant's unopposed motion for consolidation is GRANTED, as modified below. Plaintiffs are ORDERED to separately file the Consolidated Complaint. Counsel agree in open court that the five-year statute of limitations deadline pursuant to Code of Civil Procedure Section 583.330 is now 08/17/2022 as to all of the consolidated complaints.

The Court appoints Capstone Law APC as lead counsel to communicate with Defendant and the Court

Case 8:18-cv-01002-DOC-KES  Document 17  Filed 08/30/18  Page 111 of 114  Page ID #:399

on behalf of all Plaintiffs. The firms of Finkelstein, Blankinship Frei-Pearson & Garber, LLP and Keller Grover LLP, which are also identified in the Consolidated Complaint as "Proposed Co-Lead Collective and Class Counsel" may assist the Capstone firm, as necessary. The primary point of contact, however, will be the Capstone firm.

A Plaintiff may request copies of any and all prior discovery conducted in the coordinated matters from the propounding party. Any costs of copying shall be paid by the party requesting the copies. To avoid duplicative discovery, Plaintiffs shall endeavor to serve single consolidated sets of new discovery whenever possible.

At this time, the Court will not order that Plaintiffs must file a single consolidated motion for class certification, as requested by Defendant. The Court will consider the request at a later time.

### Motion for Preliminary Approval of Class Action Settlement

The Motion for Preliminary Approval of Class Action Settlement is GRANTED as (1) the consolidation motion has been granted as set forth above, and (2) the parties agree that in the amended settlement Mr. Fernando Hernandez will agree to generally release all claims arising out of his employment with Defendant in exchange for additional consideration. As to this latter requirement, the judgment approving the settlement would therefore resolve all issues as to one of the Parties—an express exception to the final judgment rule—thereby making it final in its own right. The hearing on the motion for final approval of the ettlement will take place on November 2, 2018 at 9:00 a.m. in department CX102. A proposed order re: preliminary approval of class action settlement and a stipulation regarding the agreement as to Fernando Hernandez are to be submitted on or before 05/18/2018.

Court orders Robert Drexler to give notice.

**FBFG** | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

*Huerto W*

**Jeremiah Frei-Pearson**
*Partner*

**914.298.3284 Direct Line**
914.298.3281 Office
914.908.6722 E-Fax
jfrei-pearson@fbfglaw.com

445 Hamilton Ave
Suite 605
White Plains, NY 10601

---

# Capstone
## LAW APC

*H. Hernandez*
**ROBERT DREXLER**
Attorney at Law

310.556.4170 Direct
310.556.4811 Main
310.943.0396 Fax

Robert.Drexler@capstonelawyers.com
1875 Century Park East, Suite 1000
Los Angeles, California 90067

---

# SEYFARTH SHAW

**Leo Q. Li**
310-201-9307
direct fax 310-551-8353

LLi@seyfarth.com
www.seyfarth.com

Seyfarth Shaw LLP
2029 Century Park East
Suite 3500
Los Angeles, CA 90067-3021
310-277-7200
310-201-5219 fax

---

## LAW OFFICE OF ANTHONY MADU

*T Bohos*

**ANTHONY MADU**
*Attorney at Law*

2050 W. Chapman Ave., Suite 240
Orange, CA 92868

Tel: (714) 602-7428
Fax: (714) 844-4770

tony@madulawfirm.com • www.madulawfirm.com

---

Calendar # __14__

Case Name __Southern Calif. Pizza Wage and Hour Cases__

Law Firm __Seyfarth Shaw__

Atty Name __Michael Afar__

Phone # __310-201-9301__

Representing _____

☐ Plaintiff  ☒ Defendant  ☐ Other _____

# CourtCall® Appearance Calendar

**May 2018**

**11** Friday

*CX102* **Judge William D. Claster (V)**

***Orange County Superior Court-Santa Ana***

| 09:00 AM PT | Dial:   (855) 268-7844 | Code:   5987801# | PIN:   0132809# |
|---|---|---|---|

| Time | Case Information | Attorney Information |
|---|---|---|

**2**

| | | |
|---|---|---|
| **Case #:** 30-2014-00729731 | Firm: | Bohm Law Group Inc. |
| **Case Name:** | Phone: | (916) 927-5574 ext. |
| Peter Breen vs. Regents of the University of California | Contact: | Andrew C Kim ✓ |
| | For: | Plaintiff(s), Peter H. Breen, M.D. |
| **Proceeding Type:** | CCID: | 9050426 |
| Motion | | |

*+ Lawrence*
*+ sp. app. for Atty. Lawrence Bohm*

**6**

| | | |
|---|---|---|
| **Case #:** 30-2016-00852146 | Firm: | Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP |
| **Case Name:** | | |
| Nelly Casafranca vs. Greystar Management Services, LP | Phone: | (213) 689-8500 ext. |
| | Contact: | Manuel D. Balam |
| **Proceeding Type:** | For: | Defendant(s), Greystar Management Services, LP |
| Status Conference (Not Initial) | | |
| | CCID: | 8840330 |

| 02:30 PM PT | Dial:   (855) 268-7844 | Code:   5987801# | PIN:   0132809# |
|---|---|---|---|

| Time | Case Information | Attorney Information |
|---|---|---|

**14**

**2:30**

| | | |
|---|---|---|
| **Case #:** JCCP 4725 | Firm: | Bitton & Associates |
| **Case Name:** | Phone: | (310) 356-1006 ext. 107 |
| Southern California Pizza Wage & Hour Cases | Contact: | Ophir J. Bitton ✓ |
| **Proceeding Type:** | For: | Plaintiff(s), Kevin Deanda |
| Motion | CCID: | 9037247 |

| | | |
|---|---|---|
| | Firm: | Matern Law Group, PC |
| | Phone: | (310) 531-1900 ext. |
| | Contact: | Matthew W. Gordon ✓ |
| | For: | Plaintiff(s), Elena Cassiano Falero |
| | CCID: | 9067632 |

| | | |
|---|---|---|
| | Firm: | Capstone Law, APC |
| | Phone: | (310) 556-4811 ext. |
| | Contact: | Melissa Grant ✓ |
| | For: | Plaintiff(s), Alejandro Ramirez, et al. |
| | CCID: | 9072698 |

| | | |
|---|---|---|
| | Firm: | Capstone Law, APC |
| | Phone: | (310) 712-8150 ext. |
| | Contact: | Eduardo Santos ✓ |
| | For: | Plaintiff(s), Hernandez |
| | CCID: | 9072642 |



Marina Apodaca ext. 877

CourtCall® Appearance Calendar

**May 2018**

**11** Friday

*CX102* **Judge William D. Claster (V)**

***Orange County Superior Court-Santa Ana***

| 02:30 PM PT | Dial: | (855) 268-7844 | Code: | 5987801# | PIN: | 0132809# |
|---|---|---|---|---|---|---|

| Time | Case Information | Attorney Information | | |
|---|---|---|---|---|
| | | Firm: | Barrera & Associates | |
| | | Phone: | (310) 802-1500 ext. | |
| | | Contact: | Ashley A. Davenport | |
| | | For: | Plaintiff(s), Morgan Gregory | |
| | | CCID: | 9070250 | |